Steven L. Yarmy, Esq.
Nevada Bar No. 8733
7464 W Sahara Ave, STE 8
Las Vegas, Nevada 89117
(702) 586-3513
(702) 586-3690 FAX
sly@stevenyarmylaw.com
admin@yarmylaw.com
Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| In re: | Case No.: 23-10410-MKN |
| TRACY LEE HURST-CASTL, | Chapter 11<br>Subchapter V |
| Debtor. | SubV Trustee: Brian Shapiro |
|  | **Hearing Date: TBD**<br>**Hearing time:  TBD** |

### OBJECTION TO PROOF OF CLAIMS NO. 6
### Law Offices of Kristina Wildeveld & Associates

Now comes the above-captioned debtor and debtors in possession (collectively, the "Debtors") by and through her undersigned attorney, Steven L. Yarmy, Esq. and files this Objection (the "Objection"), pursuant to United States Bankruptcy Code Rules 3007 and LR 3007.

### JURISDICTION

An objection to claim is a core preceding that a bankruptcy judge may hear and determine. 28 U.S.C. § 157(b)(2)(B)

### STATEMENT OF FACTS

1.     The Debtor filed a voluntary petition under Chapter 11 under SubChapter V of the Bankruptcy Code on February 4, 2023 (the "Petition Date"), thereby commencing this present chapter 11 case.

2.     The Debtor objects to the claim filed in the Claims register as Claim Number 6 of Law Offices of Kristina Wildeveld & Associates.

3.    Proof of Claim 6 was filed on February 28, 2023. **See EXHIBIT "1."**

4.    The amount of claim stated in the Proof of Claim is shown as $61,598.58 which is disputed in the Debtor's schedules.

## POINTS AND AUTHORITIES

### 11 U.S. Code § 502 - Allowance of claims or interests

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

(2) such claim is for unmatured interest;

(3) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property;

(4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;

(5) such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title;

(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—

(A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—

(i) the date of the filing of the petition; and

(ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus

(B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;

(7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract, such claim exceeds—

(A) the compensation provided by such contract, without acceleration, for one year following the earlier of—

(i) the date of the filing of the petition; or

(ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus

(B) any unpaid compensation due under such contract, without acceleration, on the earlier of such dates;

(8) such claim results from a reduction, due to late payment, in the amount of an otherwise applicable credit available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor; or

(9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy

Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide, and except that in a case under chapter 13, a claim of a governmental unit for a tax with respect to a return filed under section 1308 shall be timely if the claim is filed on or before the date that is 60 days after the date on which such return was filed as required.

### In Re Heath

We are not persuaded by the minority view or by Debtors' arguments. First, we are bound by the plain meaning of the statute. Section 501(a) provides that a "creditor or an indenture trustee may file a proof of claim." 11 U.S.C. § 501(a). Section 502(a) states that a claim filed under Section 501 "is deemed allowed" unless an objection is made. 11 U.S.C. § 502(a). **Section 502(b) states that if an objection to a claim is made, then the court "shall" determine the amount of such claim and "shall allow such claim" except to the extent that one of the limited grounds for disallowance is established.** 11 U.S.C. § 502(b) (emphasis added). **Noncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance.** The minority decisions do not explain how they can disregard this statutory mandate. The statute's provisions cannot be enlarged or reduced by the Rules. See Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation), 318 B.R. 147, 150-51 (8th Cir. BAP 2004) ("Section 502(b) sets forth the sole grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies" and "[t]he rules are designed to supplement the statute, not replace it.") (citing 28 U.S.C. § 2075) (emphasis added); Cluff, 313 B.R. at 331-340; In re Shank, 315 B.R. 799, 801 (Bankr.N.D.Ga.2004) ("[T]here is no reason to require amendment of claims when, as here, there is no showing that there are any disputes about the debtor's liability on the claims or their amounts."); Kemmer, 315 B.R. at 716 ("[A]s long as the creditor has presented some evidence to substantiate the claim, the objecting party must have a basis for challenging the validity of the claim."); In re Mazzoni, 318 B.R. 576, 578 n. 12 (Bankr.D.Kan.2004) (following Cluff, Shank, and Kemmer); In re Guidry, 321 B.R. 712, 714 (Bankr.N.D.Ill.2005) (same).

Second, there is nothing in the statutory scheme that violates due process. The procedure for claims allowance or disallowance is designed to be speedy and inexpensive, and Section 502(a) deems claims allowed. The purpose of Rule 3001(f) is not to undermine this approach or create an independent reason to disallow claims but to permit the proof of claim itself to act similar to a verified complaint and have an independent evidentiary effect. Cluff, 313 B.R. at 332; Garner, 246 B.R. at 622 (evidentiary effect of proof of claim is "similar to that of a verified complaint"). In fact, a proof of claim has been said to have more weight than a verified pleading because it is signed under penalty of up to $500,000.00 or up to five years in prison, or both, for fraudulent claims. See Official Form 10 (citing 18 U.S.C. §§ 152 and 3571); Cluff, 313 B.R. at 337-38. If the proof of claim is not entitled to prima facie validity then it may have lesser evidentiary weight or none at all, but unless there is a factual dispute that is irrelevant: ***In Re Heath*, 331 B.R. 424 (9th Cir. BAP 2005).**

The filing of a proof of claim is analogous to filing a complaint in the bankruptcy case. See Brosio v. Deutsche Bank Nat'l Trust Co. (In re Brosio), 505 B.R. 903, 912-13 (B.A.P. 9th Cir. 2014) ("The filing of a proof of claim is analogous to filing a complaint in the bankruptcy case. United States v. Levoy (In re Levoy), 182 B.R. 827, 833 n. 5 (9th Cir. BAP 1995); Smith v. Dowden, 47 F.3d 940, 943 (8th Cir.1995); Simmons v. Savell (In re Simmons), 765 F.2d 547, 552 (5th Cir.1985); Nortex Trading Corp. v. Newfield, 311 F.2d 163, 164 (2d Cir.1962); In re Edwards Theatres Circuit, Inc., 281 B.R. 675, 681 (Bankr.C.D.Cal.2002). And a claim objection by the debtor is analogous to an answer. O'Neill v. Cont'l Airlines (In re Cont'l Airlines), 928 F.2d 127, 129 (5th Cir.1991) ("[T]he filing of proof of claim is analogous to the filing of a complaint in a civil action, with the bankrupt's objection the same as the answer.") (citing Simmons and Nortex Trading Corp.);In re Cruisephone, Inc., 278 B.R. 325, 330 (Bankr.E.D.N.Y.2002) ("In the bankruptcy context, a proof of claim filed by a creditor is conceptually analogous to a civil complaint, an objection to the claim is akin to an answer

or defense and an adversary proceeding initiated against the creditor that filed the proof of claim is like a counterclaim."). To challenge the allowance of the claim pursuant to Code § 502(b), the objecting party need only file an objection pursuant to the applicable rules. See *In re Mazyck*, 521 B.R. 726 (Bankr. D. S.C. 2014).

"Congress intended to disqualify a creditor whenever there is an legitimate basis for the debtor not paying the debt, whether that basis is factual or legal." In re TPG Troy, LLC, 492 B.R. 150, 159 (Bankr. S.D.N.Y. 2013) (quoting Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC), 330 F.3d 111, 117-18 (2nd Cir. 2003). See *In re Honolulu Affordable Hous. Partners, LLC*, Case No.: 15-00146, at *11 n.33 (Bankr. D. Haw. May. 7, 2015).

"Claim allowance" is determined by section 502, which establishes the amount of the creditor's allowed claim. Section 502 does not address the status or treatment of a secured claim in a case, but merely creates a threshold for determining whether an asserted claim or interest is eligible for distribution from the estate, and if so, in what amount.

Bankruptcy Rule 3001(f) provides that a proof of claim executed and filed in accordance with the Bankruptcy Rules shall constitute prima facie evidence of the validity and amount of the claim. See Fed. R. Bankr. P. 3001(f).

In accordance with section 502(b) of the Bankruptcy Code, the validity and amount of the claim shall be determined as of the date of the filing of the bankruptcy petition. Section 502(b)(1) requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured..." 11 U.S.C. § 502(b)(1).

The "applicable law" referenced in section 502(b)(1) includes bankruptcy law as well as other federal and state laws. See Cavaliere v. Sapir, 208 B.R. 784, 786-87 (D. Conn. 1997) (providing that "applicable law" includes bankruptcy law). A debtor is therefore allowed to raise any federal or state

law defenses to a claim. See In re G.I. Industries, Inc., 204 F.3d 1276, 1281 (9th Cir. 2000) (stating that a claim cannot be allowed under section 502(b)(1) if it is unenforceable under nonbankruptcy law); Johnson v. Righetti, 756 F.2d 738, 741 (9th Cir. 1985) (finding that the validity of the claim may be determined under state law); *In re Eastview Estates II*, 713 F.2d 443, 447 (9th Cir. 1983) (applying California law).

Under Rule 3001(f), a filed proof of claim "constitutes prima facie evidence of the validity and amount of the claim" which, via § 502(a), is deemed allowed unless a party in interest objects. Lundell v. Anchor Constr. Specialists, Inc.,223 F.3d 1035, 1039 (9th Cir.2000); In re Morrow, 03.2 IBCR 100, 101, 2003 WL 25273857 (Bankr.D.Idaho 2003). If an objection to a proof of claim is made, the Code instructs the Court to conduct a hearing, to determine the amount of the claim, and to allow the claim, except to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]" § 502(b)(1). *In re Davis*, 554 B.R. 918, 921 (Bankr. D. Idaho 2016).

The Proof of Claim #6 (POC 6) has several problems.

1.  POC 6 has an ITEMIZED STATEMENT OF PRINCIPAL AND ADDITIONAL FEES. The statement includes amounts totaling $8,422.70. (POC 6 pages 7 ,8, and 9). However, POC 6 is claiming $61,598.58 with evidence that these amounts exist.

**2.    The Retainer agreement attached to POC 6 is a criminal retainer. This is not a valid retainer for services the creditor claims to have performed.**

**3.    The $600.00 per hour fee the Creditor bills has no support in either a retainer or documentation.**

4.  The Debtor was not aware of the number of charges and the hourly charge of $600.00 until after conclusion of the purported civil matter.

11 U.S. Code § 502 (b)(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured. Simply put, the Creditor is attempting to collect on a Debt with little or no proof.

The Declaration of Debtor in Support of this Objection is attached hereto as **EXHIBIT "2."**

<u>**CONCLUSION**</u>

**For the foregoing**, the Debtor respectfully requests that this Court disallow the Creditors claim in its entirety.

Dated: May 11, 2023.

Respectfully Submitted:

**<u>/s/ Steven L. Yarmy, Esq.</u>**
Steven L. Yarmy, Esq.
Nevada Bar No. 8733
7464 W Sahara Ave, STE 8
Las Vegas, Nevada 89117
(702) 586-3513
(702) 586-3690 FAX
sly@stevenyarmylaw.com
admin@yarmylaw.com
Attorney for Debtor

///

///

///

///

///

///

///

///

///

///

1

## CERTIFICATE OF SERVICE

2

I HEREBY CERTIFY under penalty of perjury that true and correct copies of the foregoing

3

OBJECTION TO PROOF OF CLAIMS NO. 6. were delivered via CM/ECF and US Mail *First*

4

*Class Postage Prepaid* at Las Vegas, Nevada on May 11, 2023, and properly addressed to the

5

following:

6

7 **CM/ECF system to:**

8 MICHAEL W. CHEN on behalf of Creditor DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH

9 MORTGAGE LOAN TRUST 2006-6, ASSET-BACKED CERTIFICATES, SERIES 2006-6
bknotice@mccarthyholthus.com,

10 mchen@ecf.courtdrive.com;nvbkcourt@mccarthyholthus.com;mchen@mccarthyholthus.com

11
LISA A RASMUSSEN on behalf of Creditor THE LAW OFFICES OF KRISTINA WILDEVELD

12 & ASSOCIATES
Lisa@veldlaw.com, alex@veldlaw.com

13

14 BRIAN D. SHAPIRO
brian@trusteeshapiro.com,

15 nv22@ecfcbis.com;kristin@trusteeshapiro.com;carolyn@brianshapirolaw.com

16 U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

17

18 JUSTIN CHARLES VALENCIA on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
justin.c.valencia@usdoj.gov

19

20 SHADD A. WADE on behalf of Creditor FCI LENDER SERVICES, INC. DBA FCI
swade@zbslaw.com, shunsaker@zbslaw.com,nvbankruptcy@zbslaw.com

21 **VIA US Mail, First Class Mail. Postage Prepaid:**

22
The Law Offices of Kristina Wildeveld & Associates

23 550 E. Charleston Blvd.
Suite A

24 Las Vegas, Nevada 89104

25 **/s/ Steven L. Yarmy, Esq.**
Steven L. Yarmy, Esq.

26 Nevada Bar No. 8733
7464 West Sahara Avenue

27 Las Vegas, Nevada 891117

28 (702) 586-3513

1  (702) 586-3690 FAX
2  sly@stevenyarmylaw.com
   Attorney for Creditor LVNV Funding, LLC
3  its successors and assigns as assignee of Citibank N.A.

4  ///

5  ///

6  ///

7  ///

8  ///

9  ///

10 ///

11 ///

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT "1"

27
28

**Fill in this information to identify the case:**

Debtor 1    TRACY LEE HURST CASTL

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of    Nevada

Case number    23-10410-mkn

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

The Law Offices of Kristina Wildeveld & Associates
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

The Law Offices of Kristina Wildeveld & Associates
Name

550 E. Charleston Blvd., Suite A
Number    Street

Las Vegas          NV          89104
City                State        ZIP Code

Contact phone    (702)222-0007

Contact email    Lisa@veldlaw.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

**Where should payments to the creditor be sent? (if different)**

Name

Number    Street

City                State        ZIP Code

Contact phone

Contact email

**4. Does this claim amend one already filed?**

☒ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
                MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes.  Who made the earlier filing? _____

Official Form 410                    Proof of Claim                    page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**   $ 61,598.58   . **Does this amount include interest or other charges?**

☐ No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Services Performed

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:**   $_____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. *Check one:* | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | *Check the appropriate box:*<br><br>☐ I am the creditor.<br>☒ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  02/28/2023<br> MM / DD / YYYY<br><br> /s/ Lisa A. Rasmussen<br> Signature |
|---|---|

Print the name of the person who is completing and signing this claim:

| Name | Lisa | A | Rasmussen |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney, Senior Associate | | |
| Company | The Law Offices of Kristina Wildeveld & Associates | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 550 E. Charleston Blvd., Suite A | | |
| | Number      Street | | |
| | Las Vegas, | NV | 89104 |
| | City | State | ZIP Code |
| Contact phone | (702)222-0007 | Email | Lisa@veldlaw.com |

## ITEMIZED STATEMENT OF PRINCIPAL AND ADDITIONAL FEES

The principle amount owed by Debtor is $59,998.59. *See* **Exhibit A**.

Debtor agreed that an additional fee of $50.00 would be applied to her balance each month that she missed a payment. *See* **Exhibit B**.

Debtor retained Creditor in April 2020 and made payments in the months of April 2020 and September 2020. *See* **Exhibit A**. Prior to the filing of the Petition in this case on February 4, 2023, Debtor missed making thirty-two (32) monthly payments, as follows:

### TRACY LEE HURST CASTL PAYMENTS

NP = No Payment Made

P = Payment Made

| 2020 | 2021 | 2022 | 2023 |
|------|------|------|------|
|  | January – NP | January – NP | January – NP |
|  | February – NP | February – NP |  |
|  | March – NP | March – NP |  |
| April – P | April – NP | April - NP |  |
| May – NP | May – NP | May – NP |  |
| June – NP | June – NP | June – NP |  |
| July – NP | July – NP | July – NP |  |
| August – NP | August – NP | August – NP |  |
| September – P | September – NP | September – NP |  |
| October – NP | October – NP | October – NP |  |
| November – NP | November – NP | November – NP |  |
| December – NP | December – NP | December – NP |  |

-------------------------------------------------------------------------------------

At $50.00 per each of the thirty-two (32) unpaid months, Debtor's delinquent payment fees total $1,600.00 ($50.00 x 32 months). *See* **Exhibits A and B**.

Debtor's total amount owed, $59,998.58 (principal) plus $1,600.00 (fees), is **$61,598.58**.

# EXHIBIT A

## THE LAW OFFICES OF
## KRISTINA WILDEVELD & ASSOCIATES
*Criminal Defense, Complex Criminal and Civil Litigation, Lobbying*      *Appeals, Pardons, Post-Convictions, Juvenile*
Nevada    California

500 E Charleston Blvd., Suite A
Las Vegas, NV 89104
702-222-0007
**Tax ID:**

January 05, 2021

**Tracey Hurst**
Hurst-Castl, Tracy

**Invoice Number: 234**
Invoice Period: 09-01-2020 - 01-05-2021

Payment Terms: Upon Receipt

**RE: Castl vs PennyMaC**

## Time Details

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 09-30-2020 | Lisa Rasmussen | Reviewed Pennymac's Proposal order. | 0.20 | 600.00 | 120.00 |
| 10-01-2020 | Lisa Rasmussen | Review order to prepare for meeting | 0.20 | 600.00 | 120.00 |
| 10-01-2020 | Lisa Rasmussen | Meeting with Tracy and Johnnie. | 1.00 | 600.00 | 600.00 |
| 10-02-2020 | Lisa Rasmussen | Email correspondence to and from opposing counsel (x8) regarding proposed order. | 0.20 | 600.00 | 120.00 |
| 10-02-2020 | Lisa Rasmussen | Revise Pennymac's proposed order detailed comments. | 3.20 | 600.00 | 1,920.00 |
| 10-03-2020 | Lisa Rasmussen | Emails to and from opposing counsel regarding my revisions. | 0.30 | 600.00 | 180.00 |
| 10-04-2020 | Lisa Rasmussen | Prepare our own proposed order; research on standing issue. | 4.30 | 600.00 | 2,580.00 |
| 10-05-2020 | Lisa | Emails with opposing counsel   and Tracy | 0.30 | 600.00 | 180.00 |

We appreciate your business and your confidence in our firm.                    Page   1   of   5

| Date | Professional | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | Rasmussen | regarding proposed order. | | | |
| 10-06-2020 | Lisa Rasmussen | Revisions to FFCOL per emails with Brittany Wood; email regarding same. | 0.50 | 600.00 | 300.00 |
| 10-06-2020 | Lisa Rasmussen | Additional research on standing issue | 1.00 | 600.00 | 600.00 |
| 10-06-2020 | Lisa Rasmussen | Additional revisions and emails with Brittany. Email to client. | 0.30 | 600.00 | 180.00 |
| 10-07-2020 | Lisa Rasmussen | Prepare our own proposed order and submit to the Court as a contested order. | 0.70 | 600.00 | 420.00 |
| 10-09-2020 | Lisa Rasmussen | Additional research on standing issue; there is no good case law supporting our position. | 0.90 | 600.00 | 540.00 |
| 10-27-2020 | Lisa Rasmussen | Meeting with Tracy requesting plan for payment of legal fees.  No charge for this meeting. | 0.70 | | No Charge |
| 11-13-2020 | Lisa Rasmussen | Email correspondence to and from Rex Gardner, asking if we can resolve; email to Tracy re same. | 0.10 | 600.00 | 60.00 |
| 11-16-2020 | Lisa Rasmussen | Follow up emails to Rex letting him know I conveyed his message about proposed resolution. | 0.10 | 600.00 | 60.00 |
| 11-30-2020 | Lisa Rasmussen | Email correspondence to and from Tracy regarding proposed resolution. | 0.10 | 600.00 | 60.00 |
| 12-04-2020 | Lisa Rasmussen | Review proposed findings of fact, conclusions of law and order; review notice entry of judgment. | 0.20 | 600.00 | 120.00 |
| 12-04-2020 | Lisa Rasmussen | Emails to Tracy with order, findings, notice of entry of judgment, advising of deadline for appeal. | 0.10 | 600.00 | 60.00 |
| 12-18-2020 | Lisa Rasmussen | Email from Tracy; prepare sub of attorney and email to her. | 0.30 | 600.00 | 180.00 |
| 12-30-2020 | Lisa Rasmussen | Email correspondence to and from Tracy regarding sub of attorney; file sub of attorney. No charge for this. | 0.20 | | No Charge |
| 12-30-2020 | Lisa Rasmussen | Download all emails; organize and prepare electronic file on flash drive for Tracy.  Courtesy no charge for this. | 1.00 | | No Charge |
| | | | **Total** | | 8,400.00 |

**Time Summary**

We appreciate your business and your confidence in our firm.        Page  2  of  5

Case 23-10410-mkn    Claim 6    Filed 02/28/23    Page 7 of 10

| Professional | Hours | Amount |
|---|---|---|
| Lisa Rasmussen | 15.90 | 8,400.00 |
| **Total** | | 8,400.00 |

## Expenses

| Expense | Description | Price | Qty | Amount |
|---|---|---|---|---|
| E112 - Court fees | E112 - Court fees | 3.50 | 1 | 3.50 |
| E112 - Court fees | E112 - Court fees | 3.50 | 1 | 3.50 |
| None | Pacer Quarterly Charges - 3rd Qtr. (157 pp). | 15.70 | 1 | 15.70 |
| | | | **Total Expenses** | 22.70 |
| | | | **Total for this Invoice** | 8,422.70 |

We appreciate your business and your confidence in our firm.          Page   3   of   5

# Client Statement of Account

As of 08-31-2021

| Matter | Balance Due |
|---|---|
| Castl vs GS | 6,886.30 |
| Castl vs PennyMaC | 59,998.58 |
| **Total Amount to Pay** | **66,884.88** |

## Castl vs GS

### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|---|---|---|---|---|
| 09-29-2020 | Previous Balance | | | 6,886.30 |
| | | | **Balance** | **6,886.30** |

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|---|---|---|---|---|
| 09-29-2020 | Invoice 252 | 6,886.30 | | 6,886.30 |
| | | | **Balance** | **6,886.30** |

## Castl vs PennyMaC

### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|---|---|---|---|---|
| 09-29-2020 | Previous Balance | | | 51,575.88 |
| 01-05-2021 | Invoice 234 | | | 8,422.70 |
| | | | **Balance** | **59,998.58** |

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|---|---|---|---|---|
| 04-14-2020 | Payment | (2,500.00) | | (2,500.00) |
| 04-20-2020 | Payment | (2,500.00) | | (2,500.00) |
| 09-10-2020 | Payment | (2,000.00) | | (2,000.00) |
| 09-29-2020 | Invoice 206 | 58,575.88 | | 58,575.88 |
| 01-05-2021 | Invoice 234 | 8,422.70 | | 8,422.70 |
| | | | **Balance** | **59,998.58** |

We appreciate your business and your confidence in our firm.          Page    4   of   5

**Tracey Hurst**
Hurst-Castl, Tracy

January 05, 2021

**The Law Offices of Kristina Wildeveld & Associates**
500 E Charleston Blvd., Suite A
Las Vegas, NV 89104

**Invoice Number: 234**
Invoice Period: 09-01-2020 - 01-05-2021

## REMITTANCE COPY

RE: Castl vs PennyMaC

| | |
|---|---:|
| **Fees** | 8,400.00 |
| **Expenses** | 22.70 |
| **Total for this Invoice** | 8,422.70 |
| **Previous Balance** | 58,462.18 |

| Matter | Balance Due |
|---|---:|
| Castl vs GS | 6,886.30 |
| Castl vs PennyMaC | 59,998.58 |
| **Total Amount to Pay** | **66,884.88** |

### Open Invoices and Credits

| Date | Transaction | Matter | Amount | Applied | Balance |
|---|---|---|---:|---|---:|
| 04-14-2020 | Payment | Castl vs PennyMaC | (2,500.00) | | (2,500.00) |
| 04-20-2020 | Payment | Castl vs PennyMaC | (2,500.00) | | (2,500.00) |
| 09-10-2020 | Payment | Castl vs PennyMaC | (2,000.00) | | (2,000.00) |
| 09-29-2020 | Invoice 206 | Castl vs PennyMaC | 58,575.88 | | 58,575.88 |
| 09-29-2020 | Invoice 252 | Castl vs GS | 6,886.30 | | 6,886.30 |
| 01-05-2021 | Invoice 234 | Castl vs PennyMaC | 8,422.70 | | 8,422.70 |
| | | | | **Balance** | **66,884.88** |

We appreciate your business and your confidence in our firm.    Page  5  of  5

**EXHIBIT B**

**THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES**
www.veldlaw.com

DATE: 4/14/20
Referred By:

| CLIENT INFORMATION | | |
|---|---|---|
| First Name: Tracy | Middle Name: Lee | Last Name: Hurst-Castl |

Date of Birth: / /60    SSN: ▓-3/62    ID #:

Email: Hhangel@hotmail.com    Email Letters? Ⓨ N    Email Bills? Ⓨ N
Mailing Address: P.O. Box 35937    Home Phone
    LV NV 89133    Mobile Phone (702) 739-4464
    Work Phone

Other Contacts
1. Name Kelly Hurst    Phone 702 682-2779    Relationship Son
2. Name Johnnie Castl    Phone 646 330-8819    Relationship X husband

Employer of Client    Phone ( )    Monthly Salary $
US Citizen? Y    N    Place of Birth: Burbank, CA    If no, what is your status?

**COURT DATE(S):**
| 1 | Case No. | Court | Proceeding | Date | Time |
|---|---|---|---|---|---|
| 2 | Case No. | Court | Proceeding | Date | Time |

**CHARGES**    **PRIORS (If any)**
1 _____    _____ Year
2 _____    _____ Year
3 _____    _____ Year

---

**STOP: OFFICE USE ONLY** Std ofa hourly rates    Consult Fee: C DC CC MC CK: _____

Fees: _____ fixed, non-refundable FLAT FEE for representation in proceedings up to and including _____, negotiations, PH or GJ and Writ and/or denial/dismissal and is set based on the experience of the office. The fee is to be paid as follows: $_____ initial retainer paid upfront; remaining balance payable at a rate of at least $ 200 per month commencing on the payment date indicated below. Any outstanding balance/fees owed are due no later than seven (7) days prior to _____, PH, Trial, entry of plea, denial/dismissal of charges or whichever occurs first, regardless of any payment plan scheduled. All criminal retainers are deemed earned when received and will not be held in Trust. The Law Firm understands all funds used as payment are derived from a legal source. Unless otherwise specifically stated herein, this agreement does not include representation at Trial or obligate the Law Firm or member attorneys to prepare or file an appeal or to defend any re-filed charge(s). Proceedings not included in this agreement will incur additional attorney's fees. This fee does not include any applicable charges that may be incurred, including but not limited to restitution, fines, court fees, discovery fees, filing fees, witness fees, investigator costs, collection costs, travel fees, or any other miscellaneous fees. Client is solely responsible for all fees incurred and must pay all fees upon notice of the same. Pardons and Parole Petitions are considered the intellectual property of The Firm and are non-transferable or discoverable. The client file is the property of The Law Firm unless all of the fees are paid in full. Abuse and Neglect representation is for a 1 year period. Additional time will require an additional contract. There is a $75.00 fee to pull closed files plus copy fees of $0.35 per page.

---

**AGREEMENT FOR REPRESENTATION:** I HEREBY RETAIN KRISTINA WILDEVELD, ESQ. & ASSOCIATES ("Law Firm")

The Law Firm is hereby engaged to represent: _____ (Client) in the above matter(s). Client(s) and designated Fee Co-Payer(s) agree(s) to pay the Law Firm a retainer fee as described above in exchange for the specified legal services in connection with the matter(s) indicated herein. I understand that the Law Firm may associate or employ other counsel or marketing representative at the Law Firm's discretion provided there are no additional attorney's fees to Client. I promise to pay as set forth herein and pay the fees in full. I understand that no guarantee has been made regarding the outcome of my case(s) and that any outcome will not affect attorney fees owed or any applicable fees incurred. I further agree to adhere to my billing contract/payment plan and understand that if I miss a payment, a $50.00 fee will be applied to my balance each month until payments resume. ___ (INIT). I also understand that if I miss a payment, that this office reserves the right to discontinue any payment plan set and demand the outstanding balance in-full, payable immediately or withdraw as counsel. ___ (INIT). I understand that the Law Firm may move to withdraw as counsel for Client if fees are not promptly paid. ___ (INIT). I understand that a $100.00 fee applies for any Non-Sufficient Funds check posted on my account. ___ (INIT). I understand there is an additional $350.00 fee charged for each additional status check ___ (INIT). I understand that the hourly rate is $750.00 per hour for any fee dispute. ___ (INIT). By signing below, I hereby agree to the representation described herein and agree to the terms of this agreement.

Retainer: $ 2,500.00
C DC CC MC CK:

Payment Dates:
1. / / monthly
2. / /
3. / /
4. / /
5. / /

___ (INIT) I agree to monthly reoccurring credit card payments.

Copy of picture ID: Y N

Client Signature: Tracy Hurst-Castl    Date: 5/14/2020
Fee Co-Payer Name/Signature:    Date:
Attorney Signature: Dena Rasmussen

Kristina Wildeveld    Dayvid Figler    Lisa Rasmussen    Caitlyn McAmis    Jim Hoffman    Eva Romero
550 E. Charleston Blvd., Suite A · Las Vegas, Nevada 89104    Bank of America: ▓9642
Phone: (702) 222-0007 · Fax: (702) 222-0001    Routing Number: ▓0724 / Wire Transfer: ▓9593
contact@veldlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "2"

## DECLARATION OF TRACY LEE HURST-CASTL, DEBTOR'S OBJECTION AGAINST UNSECURED CREDITOR THE LAW OFFICE OF THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES ADAMATLEY DISPUTES THEIR PROOF OF CLAIM #6

I, Tracy L. Hurst-Castl, am over the age of 18 and make this declaration under penalty of perjury, and based on my personal knowledge to be true facts. I am the Debtor in this matter and make this **DECLARATION TO SUPPORT MY OBJECTION AND DISPUTE THE FILED PROOF OF CLAIM #6 AGAINST UNSECURED CREDITOR, BASED ON THESE FACTS THE LAW OFFICE OF KRISTINA WILDEVELD & ASSOCIATES PROOF OF CLAIM #6 SHOULD BE REJECTED, DENIED AND DEEMED INVALID DUE TO INTENTIONAL MALICIOUS MISREPRESENTATION AND FRAUDULENTLY ALTERING A SIGNED DOCUMENT AFTER EXECUTION.**

I adamantly dispute and challenge the validity of The Law Offices of Kristina Wildeveld & Associates filed Proof of Claim #6 in this case for amount of $61,598.58 that they claim I allegedly owe.

## DEBTOR'S INITIAL INTRODUCTION TO THE LAW OFFICE OF KRISTINA WILDEVELD & ASSOCIATES

On April 7, 2020 our introduction was via phone to Ms. Kristina Wildeveld by Dr. Stephanie Youngblood, a mutual friend to file a medical malpractice

complaint. Ms. Wildeveld stated that she was able to represent me being that she was licensed in California and could address the gross negligence of the Cedar Sinai surgeons leaving a screw and sponge in my head causing serious infection and complications that ultimately progressed developing into life threatening sepsis and osteomyelitis, a rare bone infection that required removing the front portion of my skull/bone causing a large opened wound exposing my brain.

On April 9, 2020 I visited Wildevelds' office for an in-person free consultation with Attorneys Lisa Rasmussen and Kristina Wildeveld to solely discuss the medical malpractice matter. I also disclosed that I was still suffering from a cranial disability that continued to affect my physical, emotional, and cognitive state still being under the care of the Florida surgeons that saved my life; who discovered and removed the screw and sponge from my head while performing the latest emergency surgical procedure (4th surgery) and evidenced in my medical reports and the numerous letters from my surgeons describing the same.

During this consultation we discussed the details of clear medical malpractice and that Dr. Lauren Schwartz, my neurosurgeon was willing to testify on my behalf to verify that she found gross negligence and clear medical malpractice from the prior Cedar Sinai surgeons. The main matter was to initiate

a medical malpractice lawsuit in California with their colleague "Josh" who would co-counsel from their Los Angeles office.

Attorney's Wildeveld and Rasmussen had me sign a HIPPA release authorizing them to retrieve additional medical records then in turn I provided them a hard copy of my medical history and records from my latest hospital stay at Good Samaritan Medical Center.   They agreed to protect my physical, emotional, and cognitive challenged condition and foremost file a timely malpractice complaint mutually agreeing to a contingent fee basis and filing within the statute of limitations.  Thereafter unknown to me they broke their agreement failing to honor their promise to protect my interest while being a most vulnerable client.

During this consultation I incidentally discussed my ongoing Castl vs. Pennymac civil case and my concerns about my then Attorney Mr. Michaelidis missing critical deadlines jeopardizing my case.  Ms. Rasmussen stated that he has been in trouble before and is not a good attorney instilling fear of loss that he would continue to damage my case.  After listening to Ms. Rasmussen I felt I was being harmed and compromised by Mr. Michaelidis.  I then asked if it would be possible for Ms. Rasmussen to replace him to preserve my case and to request a continuance of the trial date due to my medical crisis, being that I required an

additional surgery to address the open wound needing a revision and missing a portion of my skull.  Ms. Rasmussen stated she would need to do additional research and would call me.

On April 13, 2020 I received a call from Ms. Wideveld and Ms. Rasmussen collectively on speaker phone wanting to address the Pennymac case.  They agreed to substitute in the case however they would require a $50K retainer to do so.  I suggested that they could lien the medical malpractice case, Ms. Wildeveld stated she does not do that.  I explained that my financial resources were exhausted and that I would ask for assistance from my family and get back to her. I immediately called Dr. Stephanie Youngblood in an emotional state explaining to her that I could not possibly pay their requested fee.  I only wanted them to continue the case and push the trial up until I was able to get through my medical crisis and additional surgery.  Dr. Youngblood told me that she would address the excessive fee with Ms. Wildeveld she explain my situation then asked her for a friend of a friend favor.  Shortly thereafter I received a call from Ms. Wildeveld stating that she "overshot her assessment" and would take a flat fee of $5K to take over the Castl vs. Pennymac case.  I also informed her that I would be able to pay her in two $2500 installments, she agreed.  Dr. Youngblood planned to testify on my behalf to these facts however, my attorney Mr. Marc Applbaum who was

defending me against their lawsuit failed to preserve Ms. Youngblood's

testimony; sadly she passed away from cancer on August 31, 2022.

Attorneys Wildeveld and Rasmussen where fully informed since our

introduction that I possessed no foreseeable financial means living collectively on

family contributions, speculative thinking that a possible medical malpractice

settlement would be reached with possible financial reward in the future.

On April 14, 2020 I hand delivered $2500 to Ms. Wildeveld's office, and

agreed to deliver the balance of $2500 on April 20, 2020.  I was presented a

generic fee agreement/document from her receptionist and was asked to fill out

my personal information.  Upon paying her the first installment she made certain

notations on the document/agreement documenting the $2500 in the bottom

right hand corner.  Their hourly rate was left blank and it also lacked identification

of either case and the $2000 monthly payments were not noted in my presence

or upon signing.  I trusted that Wildeveld Law Firm would protect my best interest

knowing I was extremely vulnerable being cognitively challenged with a cranial

disability.  I assumed such based on the referral from our mutual friend Dr.

Stephanie Youngblood that they would protect me.  Upon signing the document I

was not given a copy, the receptionist stated that Ms. Rasmussen would sign it

and thereafter would provide me a copy.

On April 20, 2020 Johnnie delivered $2500 to Wildeveld's office and received a paper receipt **"Johnnie Castl c/o Tracy Castl $2500.00 Attorney Fee"**. The receptionist failed to document this final installment on the document/fee agreement, he was only provided a paper receipt. Additionally on the same day I emailed Ms. Wildeveld to confirm that the balance was paid in full as follows:

> **Subject "RE: Payment paid in full today:)**
> **"Hi Kristine, Johnnie informed me that he came in and paid you the full amount I promised. I'm so thankful he took care of my obligation to you. I'm big on keeping my word and he knows this. Although I have been disheartened by "family" I'm grateful he was able to make sure you were paid. Big relief for me." (Exhibit A)**

Neither Ms. Wildeveld nor Ms. Rasmussen disputed or negated this email nor did they have the courtesy to respond and did not inform me otherwise. At no time during their representation did I receive from their office collection calls nor was I informed that I agreed to pay $2000 per month payments nor was I provided monthly billing statements requesting payment and I was not sent any past due notices demanding a monthly payment, nor did they threatened to withdraw from either case for me failing to make monthly payments that were supposedly mutually agreed upon.

Furthermore Ms. Rasmussen failed to itemize this April 20, 2020 email and intentionally omitted it from her billing statement.  She also omitted September 1, 2020 email as follows:

> **"Hi Tracy, I did get the documents from Johnnie, I went through some, but not all.  I filed these two things today: 1. Motion to Continue Trial; 2. Plaintiff's pretrial memorandum.  Also attached is the Defendant's pretrial memorandum.  Lisa". (Exhibit B)**

Ms. Rasmussen at the last minute drafted and filed a Motion to Continue Trial knowing it would be denied, but only to create more billable hours.   She failed to notify Judge Johnson of the status of my health condition 60 days prior to the scheduled trial date of September 8, 2020 as the Judge requested.

On May 5, 2020, Ms. Rasmussen sent me an email:

**Good morning folks:**

**New Trial Date is September 8, 2020.**
**Calendar Call is 8/19/20 at 8:30 a.m.**
**Pretrial Submissions due May 26, 2020 (to PennyMac)**
**Pretrial memorandum to be submitted on or before August 19, 2020 (to chambers)**
**If there is a medical issue that causes us to not be able to comply with the September 8th trial date, we must file something 60 days in Advance, which would be by July 8th.**
**Judge Johnson would like to see Tracy pursue local options for the follow up surgery, he does not know why she needs to travel to Florida.  Just passing along what he said.**
**So, we can breath for a moment.**
**Lisa (Exhibit C)**

Ms. Rasmussen displayed an attitude of complete indifference to my life-threatening illness, ignored my debilitating health concerns, and failed to protect my interests, evidenced by several emails dated July 6, 2020, August 4, 2020 and August 24, 2020 (evidenced and supported by numerous doctor letters) they fully informed her of my serious health conditions and restrictions.

Ms. Rasmussen was grossly negligent when she intentionally ignored Judge Johnson's request to update the court about the status of my medical condition subjecting me to unnecessary interrogation forcing me into trial that would only financial benefit her law firm.  Her only concern was to create more billable hours without my knowledge as itemized on her invoice without a signed fee agreement, the firm falsely billed for fraudulent fees as reflected on Invoice Nos. 196, 206 and 234; she purposely failed to notified the Judge allowing her work to continue, accumulating costly fees creating more billable hours with no intention on continuing the trial date.  I was lead to believe that she was handling the Judges request and notified him accordingly per his request.  She secretly continued to prepare for trial drafting unnecessary and costly motions that were not warranted if she would have simply adhered to the Judges request the work would have halted.  Additionally I notified Ms. Rasmussen by email providing her numerous doctor letters' evidencing my inability to participate in a trial, this was

unfair and prejudicial. She had complete disregard for my fragile medical and emotional condition demonstrating her only motivation was to create a huge billing invoice despite knowing my financial condition. For example she charged me this fee below to draft her last minute motion knowing it would fail and be denied, as documented on her billing invoice as follows:

**9-01-2020    Lisa Rasmussen**
**Draft Motion to continue trial & prepare all exhibits, including**
**declaration; review docs from client**
**HOURS: 5.00        RATE: $600.00        AMOUNT: $3,000.00**
**(see billing Invoice number 206)**

Ms. Rasmussen was also grossly negligent when she purposely withheld the fact from me that she **DID NOT** notify the Judge and purposely defied his request including ignoring my July 6, 2020 and July 8, 2020 emails showing concern that the court needed to be notified within the courts stated timeframe her actions are inexcusable and malicious.

My email to Ms. Rasmussen dated July 6, 2020:

**"I was worried about the July 8th deadline for a motion if not medically**
**able to participate with trial in September keeping in compliance with the**
**Judge."(Exhibit D)**

Ms. Rasmussen's responded with a question as follows:

> **"I'm not sure what to tell the court, maybe request an extension of this deadline?"**

My email on July 8, 2020 responding to her question:

> **"Sorry for this delayed response. Yes I think it's best we ask for an extension at this point. We don't really have a choice."**

Ms. Rasmussen's clear intention was to deceitfully force me to participate in a stressful trial against doctor's advice as evidenced by several letters; this also allowed her to create more billing hours even though she knew there was not a signed fee agreement to proceed with a costly trial. Additionally despite knowing my inability to pay which allowed her to deceptively seek unjust legal fees for a future lawsuit and a plan to sue me, hoping to prevail on a financial judgment against me that would allow her to attach my personal assets. Her behavior only demonstrates taking advantage of a most vulnerable client. Attorney's Ms. Wildeveld and Ms. Rasmussen intention from the begining was not to protect my best interest but only to enrich themselves.

The only time I was ever presented with a billing invoice was after the fact on October 2, 2020 almost 3 weeks after the trial concluded on September 10, 2020.

On September 10, 2020 Johnnie delivered $2000 to their office and reimbursed them for unforeseen out of pocket expenses such as the last minute

deposition transcript that Ms. Rasmussen ordered was expensive and other miscellaneous costs; he did not receive a receipt for this reimbursement. This same day he emailed Ms. Rasmussen to confirm that she received the envelope that contained the money, she did reply confirming such. However, Ms. Rasmussen deceptively demonstrates on her proof of claim the supposedly missed monthly payments and continues to intentionally misrepresent the reimbursement as a monthly payment or the continuation of a monthly payment to fit her narrative that I failed to make monthly payments.

On October 2, 2020 I received an email from Jessica Malone, Wildeveld's Legal Assistant with an attached Invoice number 196 requesting amount due upon receipt. I was blindsided by this invoice due to the fact that neither Ms. Rasmussen nor Ms. Wildeveld ever discussed their additional fees with me. I quickly glanced at the invoice and discovered several discrepancies referencing their rate $600 and $650 per hour. I immediately called Ms. Malone and asked her to clarify their hourly rate and explained the invoice was showing conflicting rates. I also requested a copy of the flat fee agreement/document that I signed, she stated that she would inform Ms. Rasmussen of the discrepancies and my request for a copy of the signed document that they are leaning on to

substantiate the billing Invoice.  Ms. Malone stated she would check with Ms.

Rasmussen and get back to me.

Finally almost 3 weeks later on October 21, 2020 @ 4:47p I received a voice

mail from Ms. Malone as follows:

"Good afternoon this is Jessica calling from the law office of Kristina
Wildeveld  I'm giving you a call back regarding our previous conversation
regarding your last invoice um just to give you an update so there was
a discrepancy all should read I think 600 um and Ms. Rasmussen was going
to have that corrected and then forward me a corrected invoice with all the
correct payments I think the 650 was an error they should all read 600 is
what I think I understood and then her secretary is suppose also send me a
copy of the fee agreement once I get that and the corrected invoice I will be
sending you both of those I just wanted to circle back that we did look into
it if you have any questions please feel free to give me a call back our
number is 7022220007 7022220007 thanks so much have a good day."

Then on October 26, 2020 I received a voice message @ 9:18am from

Martha calling on behalf of Ms. Wildeveld scheduling a meeting in her office for

October 27, 2020 at 10am.  I did not respond.

I received another call from Martha the same day @ 3:50pm to confirm meeting

tomorrow at 10am. (these voice messages are available upon request)

Finally three plus weeks later from my initial request on October 2, 2020 for

a copy of the fee agreement/document I signed and her hourly rate clarification I

received an email on October 26, 2020 late afternoon from Ms. Rasmussen with

attachment noted **"Revised Sept 29 Invoice.pdf"** and **"Hurst Fee Agreement.pdf"**

as follows:

> **"Hi Tracy,**
>
> **I have fixed the billing entries that were listed at $650. Those were in error, my current hourly rate is $600. See the revised invoice attached hereto.**
>
> **Also, the retainer agreement is attached hereto. It indicates that we bill hourly, which is how we do hourly cases. Our hourly rates changes at the beginning of each year so we stat that it is our "current standard rates" as indicated.**
>
> **And finally, I think you asked if you are going to be billed to talk to both of us tomorrow. No we have never billed you for that when you have met with both of us and we would not do that tomorrow.**
>
> **Look forward to talking to you. Lisa" (Exhibit F)**

Her revised Invoice number 206 reflects her adjustment showing $600 as her hourly rate. I was never informed throughout their entire representation or was ever discussed I was completely unaware of their hourly rate, hence not documented on their fee agreement this space was not filled in at the time I signed their generic document/fee agreement.

## THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES
### PROOF OF CLAIM #6 INVOICE NUMBER: 234 "EXHIBIT A" IS MISLEADING AND FILED IN BAD FAITH

Ms. Rasmussen in bad faith filed her proof of claim #6 evidencing

her January 5, 2021 billing invoice showing a balance owed totaling

$8400.00; for the Invoice period: 9-30-2020 through December 30,

2020. Her evidenced claim is deceptive and clearly does not reflect the same with the billing Invoice number 234 that she emailed to me on January 5, 2020; specifically pages 4 & 5 that is filed in this case it is different from pages 4 & 5 that I received by email from Ms. Rasmussen on January 5, 2021. My copy of page 4 shows only one matter Castl vs PennyMac; however her page 4 she filed in this case reflects two matters Castl vs PennyMac and Castl vs GS, page 5 shows the same. Ms. Rasmussen's evidence marked as "Exhibit A" in her proof of claim the January 5, 2021 billing Invoice no. 234 does not reflect the same that she provided me, her actions are clearly deceptive and contemplated. (Exhibit G billing invoices 196, 206 & 234 that were provided to me from Ms. Malone and Ms. Rasmussen)

Also her Proof of Claim #6 page 4 states **TRACY LEE HURST CASTL PAYMENTS** 2020, 2021, 2022, 2023 "NP-No Payment Made, P-Payment Made" then showing payment made in April 2020 and another in September 2020, they are intentionally and purposely misleading me and the court.  There is NO existing signed FEE AGREEMENT where I

agreed to make $2000 monthly payments from April 2020 through January 2023, this is fabricated and untrue.

Furthermore, I was completely ambushed with her first billing Invoice number 196 which I received from her employee Jessica on October 2, 2020 and to me being highly questionable, fraught with inconsistencies, showing hourly rate discrepancies.  Then on October 26, 2020 almost 3 weeks later I received Ms. Rasmussen's Revised Invoice number 206.

Ms. Rasmussen's email to me dated October 26, 2020 states:

**"Hi Tracy, I have fixed the billing entries that were listed at $650. Those were in error, my current hourly rate is $600.  See the revised invoice attached hereto.**
**Also, the retainer agreement is attached hereto.  It indicates that we bill hourly, which is how we do hourly cases.  Our hourly rates changes at the beginning of each year so we state that it is our "current standard rates as indicated.**
**And finally, I think you asked if you are going to be billed to talk to both of us tomorrow.  No, we never billed you for that when you have met with both of us and we would not do that tomorrow.**
**Looking forward to talking to you.**
**Lisa" (Exhibit F)**

On October 27, 2020 one day after receiving Ms. Rasmussen's email is the first time that the billing Invoice was discussed in a telephone conversation with Attorneys Wildeveld and Rasmussen in their mission in seeking payment.  During this conversation I questioned their charges and discussed the chain of events leading up to them ambushing me with their erroneous billing invoice and it is to be noted that Attorneys Wildeveld and Rasmumssen never accused me of falling behind on monthly payments nor was there any discussion about me missing 5 month's worth of $2000 in monthly payments.  I was shocked with their accusations of me promising to pay them from my car accident settlement along with other untruthful statements.  I was stunned and became non responsive, and in shock unable to defend myself as their tone was sternly forceful, aggressive and both bullying in nature.  Attorney's Wildeveld and Rasmussen collectively verbally and emotionally abused me in this conversation so much that I was extremely traumatized, witnessed by Johnnie Castl; thereafter I

refused any further verbal communication or personal contact with them or their office employees by phone or in-person.

Despite them being clearly aware from the onset of their representation, me having zero financial means, and knowing I was living on family contributions throughout my ongoing medical crisis to present, they clearly knew that I lacked the ability to pay legal fees but then without my knowledge deceptively continued to create further billing hours through January 2023.

Sometime in early December 2020 Ms. Rasmussen stated that she could no longer represent me due to my outstanding balance. On December 18, 2020 I emailed Ms. Rasmussen the following:

> **"Hi Lisa, I'm not surprised about the order; however I understand your position. I request that you sign and file a Substitution of Counsel to myself as I have no other choice than to proceed in Proper Person.**

> **Additionally I request that you provide me with copies of all email communication or documents that you have pertaining to my case with Opposing Counsel, Court or any other third party.**

**Please advise Patty and Kristina that my resources are exhausted at this time and actively seeking a solution aside health priorities."**

Ms. Rasmussen response to email dated December 18, 2020 as

follows:

**"Hi Tracy, The substitution of attorney is attached for your signature.**

**I will prepare the file for you. I will provide it to you in electronic format on a flash drive and we will let you know when it is ready for pickup. Please sign and return this substitution of attorney for me. Thank you, Lisa."**

I signed the Substitution of Attorney that lacked a signature line, I

wrote in the signature line and signed, then returned to her by fax the

same day. On December 29, 2020 I received an email from Ms.

Rasmussen as follows:

**"Substitution of Attorney Hi Tracy I still need your signature on the Substitution of Attorney, attached. And a reminder, your deadline to file a notice of appeal is Thursday, 12/31. I would like to get the substitution of attorney filed prior to that, or tomorrow. Lisa"**

On December 30, 2020 I responded to Ms. Rasmussen's email as

follows:

**"Signed Substitution of Attorney 12/18/2020**
**Lisa, Yes I signed and faxed to you on 12/18/20; however you did**
**not leave me a signature line so I wrote it in and signed it under**
**my information and faxed it to you on 12/18, see copy of fax and**
**confirmation below.  I noticed on this new document there is a**
**signature line for me on the second page.  Please check with**
**whoever handles your incoming faxes. Let me know. Thanks"**

Ms. Rasmussen response to email as follows:

**"Hi Tracy, Sorry for the confusion of the sub of attorney.  I must**
**have sent you one without a signature line and did not intend**
**to.  I also did not see a fax, so thank you for emailing me the**
**signature.  I have filed it and a file stamped copy of attached."**

However this January 5, 2021 billing Invoice number 234 reflects

charges after December 18, 2020 through January 5, 2021 even though

I signed and faxed the Substitution of Attorney back to her on

December 18, 2020.

Also their billing Invoice's 196 & 206 reflects that they started

billing me on April 9, 2020 prior to me signing their generic

document/flat fee agreement on April 14, 2020.

Additionally on their Proof of Claim no. 6, on page 8 and their page 4 of the billing invoice titled **Client Statement of Account as of 8-31-2021** which I was never provided reflects two matters first Castl vs GS with an assigned billing invoice number 252 which was withheld from me and the second matter being Castl vs PennyMac.  Castl vs GS is the medical malpractice case showing that they were tracking billable hours in the amount of $6,886.30 even though it was agreed the case would be billed on a contingency fee.  I was never aware or provided this billing invoice number 252 nor was I ever provided a withdrawal letter from Attorney Wildeveld or Rasmussen.

However unbeknownst to me they failed to timely preserve the medical malpractice claim severely damaging my right to collect a well deserved financial settlement due to gross negligence for clear medical malpractice against the Cedar Sinai surgeons, despite them receiving correspondence from the surgeon's insurance carrier, they purposely ignored and failed to respond to the Sr. Professional Liability Claims Specialist Ms. Kate LoCurto's request for additional information

(Exhibit K) even though they created a separate account for the medical malpractice matter, they also sought and retained my medical records, it was possible having the legal knowledge and expertise with not much effort to attempt and negotiate a sizable financial settlement without having to file a lawsuit.  Furthermore, without my knowledge the Wildeveld Law Firm deliberately sabotaged this case severely harming me emotionally and financially.  With their 20 plus years experience of practicing law their actions are blatant and considered to be gross negligence with contemplative intention to destroy me.

The second matter shows Castl vs. PennyMac, collectively agreeing to a flat fee of $5000 to only continue the trial date which was not difficult due to the Governors covid emergency orders referencing non essential trials and collectively with me in a medical crisis having excusable cause to postpone the trial.

Attorney's Ms. Wildeveld and Ms. Rasmussen never discussed trial fees with me nor did they present me with a fee agreement to sign addressing such.  I was bullied and forced into a trial by Ms. Rasmussen;

in bad faith and without my knowledge she failed to notify the Judge as was requested evidenced by her email to me on May 5, 2020.  As a legal professional having many years of experience she should have known that her last minute Motion to Continue Trial Date would be denied, her intention is clear she only was interested in creating additional work to accumulate more billable hours to inflate the balance, knowing I was unable to pay additional legal fees.

**THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES**
**PROOF OF CLAIM #6**
**GENERIC FEE AGREEMENT-DATED APRIL 14, 2020**
**FILED IN THIS CASE AS "EXHIBIT B"**

Firstly, their version of a fee agreement is a generic form document in nature, untitled and designed for a criminal case client.  This agreement/document is extremely unprofessional and not in line with legal professional standards; it is inadequate, inappropriate and its ambiguity seems purposeful. This document is intentionally designed to mislead a client and is open for nefarious alterations after execution.  It grossly fails legitimacy in its entirety failing to outline or reflect their specific scope of work and also fails to

identify case or number, clearly lacks the actual mutually agreed upon terms for representation.

This proposed fee agreement/document was presented to me upon paying the first installment of $2500 on the agreed amount of a flat fee $5000 and the last installment was paid on April 20, 2020 as mutually agreed and promised. The receptionist asked me to fill out my personal information and sign where shown. After filling out my personal information and paying the first installment of $2500 the receptionist noted the $2500 in the bottom right-hand corner of the document and gave me a paper receipt showing:

"date 4/14/20 No.071282  received from Tracy Hurst-Castl $2500.00 amount
two thousand five hundred 00/100 for payment of Attorney fee"

## GENERIC DOCUMENT/FEE AGREEMENT FOR THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES FILED IN THEIR PROOF OF CLAIM # 6 EVIDENCED AS "EXHIBIT B"

**THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES**

**"CLIENT INFORMATION"**

**"STOP:  OFFICE USE ONLY**
**Fees:_____(left blank) fixed, non-refundable FLAT FEE** (this was crossed out and this was added: **"S & d. ofc. hourly rates"** (this was not crossed out or written in upon me signing at the bottom of the page and on the next line it states:

**"The fee is to be paid as follows: $_____(left blank)initial retainer paid up front; remaining balance  payable at a rate of at least $ "2000"**(the 2000 was written in after I signed it)**per month commencing on the payment date indicated below."** (below fails to state what date the payment would start).

**"AGREEMENT FOR REPRESENTATION: I HEREBY RETAIN KRISTINA WILDEVELD, ESQ.  & ASSOCIATES ("Law Firm") The Law Firm is hereby engaged to represent: (left blank) (client) in the above matter(s)..."**

**Retainer: $ 2,500.00** (written in by receptionist in front of me)
**Payment Dates:**
**1.____/____/_____monthly**

Note:  payment dates were blank and "monthly" was handwritten in not in my presence, it was blank and not completed upon me signing the document.

Then it states **"remaining balance payable at a rate of at least $_____per month"** this was blank when I signed the document, the "2000" was obviously hand written in, lacking my initials beside it, I believe this was unlawfully added after the fact to substantiate the balance they claim I owe.  I allege this document was nefariously altered to fit their narrative of me owing them outstanding legal fees.   I believe these actions were contemplated and intentional.

Additionally they failed to provide me a copy of the signed document at the onset of their representation, only receiving a copy after I requested it from Ms. Malone long after the Castl vs. PennyMac trial concluded and upon receiving their revised Invoice No. 206 on October 26, 2020 as evidenced by Ms. Rasmussen email attachment dated the same.

## THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES COMMITTED MANY ATTORNEY – CLIENT PRIVILAGE VIOLATIONS CONTINUALLY EXPOSING CONFIDENTIAL INFORMATION INCLUDING DEFLAMATION OF CHARACTER-COMMITING LIBEL AND SLANDEROUS ACTS AGAINST TRACY L. HURST CASTL

In conclusion as a most vulnerable client they intentionally took extreme advantage of my medical and mental disabilities causing me further harm using the most unethical tactics with an uncertain motive other than money.  They broke their promise and breached their contract neglecting to uphold their fiduciary responsibility to properly protect and defend me.

Additionally, attorney-client privilege protects confidential communications between lawyers and their clients from being revealed.  Attorneys are required to keep these communications secret; however, they purposely violated my privilege and ignored their ethical obligation to me as their client, exposing confidential communication on numerous occasions, despite knowing their tactics are clear violations and considered legal malpractice.

During their representation and while defending me they committed several HIPPA violations when filing certain motions in the Castl vs. Pennymac civil case purposely failed to redact personal information, exposing a complete set of my hospital and medical records from a prior hospital stay that I provided Ms.

Rasmussen for use in the medical malpractice case.  However, Ms. Rasmussen felt it necessary to utilize my private medical records in the civil case despite having surgeon letters to validate her augment to prevail on a motion to continue trial date, which ultimately failed because her filing was untimely and she failed purposely ignoring the Judges prior request.

On February 23, 2021 The Law Offices of Kristina Wildeveld & Associates filed a lawsuit against me, knowingly used false allegations of FRAUD, BREACH OF CONTRACT, UNJUST ENRICHMENT, and INTENTIONAL MISREPRESENTATION to purposely and maliciously defame my character committing many acts of libel and slander.  Their unlawful and cruel actions against me have severely damaged my reputation by purposely filing these false allegations in a public forum, knowing that their accusations are untrue.

The Law Offices of Kristina Wildeveld & Associates demonstrated such gross negligence when they failed to file a timely medical malpractice complaint and failed to advise me otherwise causing me extreme anguish and emotional duress.  Because of all the stated facts evidenced herein THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES PROOF OF CLAIM #6 SHOULD BE REJECTED, DENIED AND DEEMED INVALID DUE TO INTENTIONAL MALICIOUS

MISREPRESENTATION AND FRAUDULENTLY ALTERING A SIGNED DOCUMENT

AFTER EXECUTION.

Lastly, on March 20, 2023, I memorialized my intent to file a legal

malpractice complaint against THE LAW OFFICES OF KRISTINA WILDEVELD &

ASSOCIATES as stated on "Official Form 106A/B, Schedule A/B: Property, Part 4,".

In this bankruptcy case.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE**

**AND CORRECT.**

**DATED THIS 6TH DAY OF MAY, 2023**

**Tracy Lee Hurst-Castl**