LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
**THE LAW OFFICES OF KRISTINA**
**WILDEVELD & ASSOCIATES**
550 E. Charleston Blvd., Suite A
Las Vegas, NV 89104
Phone (702) 222-0007
Fax (702) 222-0001
Lisa@Veldlaw.com
*Counsel for The Law Offices of Kristina*
*    Wildeveld & Associates*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

In re:                                          )   Case No. 23-10410-mkn
                                                )   Chapter 11
TRACY LEE HURST-CASTL,                          )
                                                )
                                                )
              Debtor.                           )   **EXHIBITS IN SUPPORT OF**
                                                )   **RESPONSE TO OBJECTION TO**
                                                )   **PROOF OF CLAIMS NO. 6**
                                                )
                                                )
                                                )   Hearing Date: June 14, 2023
                                                )   Hearing Time: 9:30 a.m.
                                                )

Please see attached EXHIBITS IN SUPPORT OF RESPONSE TO OBJECTION TO

PROOF OF CLAIMS NO. 6, Exhibits A through L.

Dated May 23, 2023.

                                 **THE LAW OFFICES OF KRISTINA**
                                 **WILDEVELD & ASSOCIATES**

                                 */s/ Lisa A. Rasmussen*
                                 LISA A. RASMUSSEN
                                 Nevada Bar No. 7491
                                 550 E. Charleston Blvd., Ste. A
                                 Las Vegas, NV 89104
                                 (702)222-0007
                                 (702)222-0001 (fax)
                                 Lisa@Veldlaw.com

                                 Counsel for The Law Offices of Kristina
                                      Wildeveld & Associates

KRISTINA WILDEVELD ASSOCIATES
550 E. CHARLESTON BOULEVARD, SUITE A
LAS VEGAS, NEVADA 89104
(702) 222-0007 · FAX (702) 222-0001
WWW.VELDLAW.COM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent on May 23, 2023, to the following via the Court's ECF:

Office of the United States Trustee
Attn: Justin C. Valencia
300 Las Vegas Blvd. South, Suite 4300
Las Vegas, NN 89101
Email: justin.c.valencia@usdoj.gov
Attorney for United States Trustee

Steven L. Yarmy
7464 W. Sahara Avenue
Las Vegas, NV 89117
Email: sly@stevenyarmylaw.com
Attorney for Debtor

Michael W. Chen on behalf of Creditor DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2006-6, ASSET-BACKED CERTIFICATES, SERIES 200606 bknotice@mccarthyholthus.com, chen@ecf.courtdrive.com; nvbkcourt@mccarthyholthus.com; mchen@mccarthyholthus.com

Brian D. Shapiro
brian@trusteeshapiro.com
nv22@ecfcbis.com; kristen@trusteeshapiro.com; carolyn@brianshapirolaw.com

U.S. Trustee – LV 11
USTPRegion17.lv.ecf@usdoj.gov

THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES

/s/ Lisa A. Rasmussen
LISA A. RASMUSSEN
Nevada Bar No. 7491
550 E. Charleston Blvd., Ste. A
Las Vegas, NV 89104
(702)222-0007
(702)222-0001 (fax)
Lisa@Veldlaw.com

Counsel for The Law Offices of Kristina Wildeveld & Associates

# EXHIBIT A

Complaint, District Court, Clark County, Nevada

Filed February 23, 2021

Electronically Filed
2/23/2021 9:09 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
**The Law Offices of Kristina Wildeveld & Associates**
550 E. Charleston Blvd., Suite A
Las Vegas, NV 89104
Phone (702) 222-0007
Fax (702) 222-0001
Lisa@Veldlaw.com

Attorneys for Plaintiff

CASE NO: A-21-829963-C
Department 24

### DISTRICT COURT

### CLARK COUNTY, NEVADA

\* \* \* \* \*

| | |
|---|---|
| THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES, A NEVADA LIMITED LIABILITY COMPANY, | Case No. |
| Plaintiff, | Dept. No. |
| vs. | |
| TRACY HURST fka TRACY CASTL fka TRACY LEE HURST-CASTL, INDIVIDUALLY and as TRUSTEE OF THE MARY V. NAPHTALI IRREVOCABLE TRUST and as TRUSTEE OF THE TRACY LEE HURST LIVING TRUST; THE MARY V. NAPHTALI IRREVOCABLE TRUST; THE TRACY LEE HURST LIVING TRUST; and DOE DEFENDANTS 1-5, | |
| Defendants. | |

### **COMPLAINT**

-1-

COMES NOW the Plaintiff, THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES, A NEVADA LIMITED LIABILITY COMPANY, and alleges as follows:

## I.

## JURISDICTION

1.  The acts alleged herein occurred in Clark County, Nevada.

2.  The Plaintiff, THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES, a Nevada Limited Liability Company (hereinafter "Wildeveld"), is and was at all times hereto a Nevada limited liability company duly authorized to do business in the State of Nevada, with its primary place of business in Clark County, Nevada. As used within this Complaint, the term "Wildeveld" includes any one or more attorneys, employees or agents thereof acting on behalf of Wildeveld, including but not limited to, Attorney Kristina Wildeveld and/or Attorney Lisa Rasmussen.

3.  The Defendant, TRACY LEE HURST fka TRACY LEE CASTL fka TRACY LEE HURST CASTLE, is sued in her individual capacity, and in her capacities as Trustee of the MARY V. NAPHTALI IRREVOCABLE TRUST and as Trustee of the TRACY LEE HURST LIVING TRUST, and has resided in Clark County, Nevada at all relevant times herein in.

4.  The Defendant, the MARY V. NAPHTALI IRREVOCABLE TRUST is wholly owned and controlled by TRACY LEE HURST fka TRACY LEE CASTL fka TRACY LEE HURST CASTLE, and is located at all relevant times herein in Clark County, Nevada.

5.  The Defendant, the TRACY LEE HURST LIVING TRUST is wholly owned and controlled by TRACY LEE HURST fka TRACY LEE CASTL fka TRACY LEE HURST CASTLE, and is located at all relevant times herein in Clark County, Nevada.

6.  At all times pertinent herein, there existed an identify of interest, ownership and relationship between all named Defendants, such that Defendant Tracy Hurst, as identified in

paragraph #3 above, controlled, managed and directed the affairs, business and monetary interests of the Trust Defendants set forth in paragraphs ##4 and 5 above for her personal use and benefit, and such that an individuality and separateness between them ceased to exist, as

said Trusts are a mere conduit for said individual Defendant's personal benefit, and to recognize the separate existence of said Trusts would be to countenance a sham and fraud upon Wildeveld. By reason for the foregoing, the Defendant Trusts are the alter ego of Defendant Tracey Hurst as fully identified in paragraph #3 above.

7. At all times herein, Defendant Tracy Hurst, as identified in paragraph #3 above, was acting on behalf and for the benefit of all named and unnamed Defendants within this complaint and accordingly, the defendants are referred to herein collectively as "Hurst."

8. DOE DEFENDANTS 1-5 are unknown to Plaintiff at this time.

9. All Defendants named above, individually and collectively, are identified herein as "Hurst," with the reference of any one including all others.

## II.

## RELEVANT FACTS

10. On or about August 24th, 2016 Hurst commenced a lawsuit against PennyMac Holdings in the Eighth Judicial District Court, case no. A-16-742257-C ("PennyMac case").

11. Wildeveld is a law office which provides representation for clients in relation to a variety of judicial proceedings in various courts, including the Eighth Judicial District Court.

12. In early April 2020, Hurst visited Wildeveld's office seeking representation for three legal matters, including the PennyMac case.

13. During this visit Hurst informed Wildeveld that she had heard that Wildeveld were "great lawyers," that a friend had confidence in Wildeveld, and that Wildeveld had come "highly recommended" to her.

KRISTINA WILDEVELD & ASSOCIATES
550 E. CHARLESTON BOULEVARD, SUITE A
LAS VEGAS, NEVADA 89104
(702) 222-0007 · FAX (702) 222-0001
WWW.VEELDLAW.COM

14.   On or about April 10, 2020, Wildeveld informed Hurst that it could represent Hurst in the PennyMac case only, but due to the imminency of trial, a $50,000.00 retainer was required to cover the minimum costs associated with taking the case to trial in an anticipated short time frame.

15.   Hurst stated she could not afford $50,000.00 up front, but pledged to pay $5,000.00 up front, followed by uninterrupted monthly payments of at least $2,000.00.

16.    Hurst represented that, in addition to the minimum payment of $2,000.00 per month, she would pay most of her accumulated debts with Wildeveld in the event she obtained a settlement in a pending car accident case.

17.   Hurst ensured Wildeveld that, as to her payments, she was "good for it", and would "make sure you get paid" for Wildeveld's services.

18.   On April 14, 2020, Hurst and Wildeveld entered into a written agreement wherein Wildeveld was to provide representation at standard office rates in exchange for Hurst providing a retainer of $2,500.00, followed by minimum monthly payments of $2,000.00.

19.    The written agreement further provided that Hurst would be required to pay an additional $50.00 per month in which payment was missed.

20.   Immediately after appearing as counsel for Hurst in the PennyMac case, extensive efforts were made to continue the May 2020 trial date due to Hurst's medical issues and the COVID pandemic.

21.    Immediate efforts were also undertaken to obtain the prior file from Hurst's prior counsel, a file that was in a total state of disarray.

22.    The trial was scheduled for early September and in August, Hurst stated that there was no way she could participate in a trial given her health condition.

23.    Extensive efforts were again undertaken in seeking to continue the trial a second time, but those efforts failed.

24.    Trial preparation was undertaken despite the efforts to continue the trial and the trial preparation included research, preparation of trial exhibits and binders, litigation over the admissibility of certain materials and general preparation for Hurst's trial.

25.    Hurst did not make any payments in May, June, July or August, but did make a $2,000 payment in September 2020.

26.    In September 2020, Wildeveld represented Hurst over the course of a three-day trial, culminating in a judgment in Hurst's favor on one of her claims and a judgment against her on two of her claims.

27.    In early October 2020 Wildeveld had several conversations with Hurst about the necessity of making payments, which Hurst indicated she would do.

28.    Upon further payment inquiry from Wildeveld on or about October 16, 2020, Hurst stated she would soon "get back" to Wildeveld about making payments.

29.    Beginning the very next day, October 17, 2020, Hurst ceased any further communication with Wildeveld on the matter of payments and began to either hang up the phone or otherwise simply not answer when Wildeveld called her.

30.    At no time herein did Hurst ever inquire of Wildeveld about an extension on payments, a reduction in monthly payment amounts, a reduction in the hourly rates charged, or any other type of reductions in the matter of billing and payments.

31.    Wildeveld's costs and services for representing Hurst in the PennyMac case totaled approximately $67,000.00 of which $60,000.00 remains due and owing.

32.    Hurst's unpaid balance to Wildeveld of $60,000.00 does not include fees for the months in which no payments were made and those fees currently total $450 ($50 per month for nine months).  Accordingly, the outstanding balance is $60,450.00.

/ / /

33.    To the best of Wildeveld's information and belief, Hurst did obtain monies via settlement in the car accident matter; however, Hurst never paid any monies to Wildeveld therefrom, as she had represented she would.

### III.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

(Against all Defendants)

34.    Plaintiff restates and hereby incorporates the allegations set forth in paragraphs 1 through 33.

35.    Under Nevada law, a breach of contract occurs when there exists a valid contract; the plaintiff has performed the terms of the contract; the defendant has breached the terms of the contract; and plaintiff has been damaged as a result of the defendant's breach.

36.    Hurst contracted with Wildeveld via signed agreement to receive legal representation from Wildeveld in and for the proceedings in the PennyMac case in exchange for Hurst paying all related fees via minimal monthly payments until all fees were satisfied.

37.    At all times herein Wildeveld performed under the terms of the contract, and as agreed by the parties therein, by providing representation in and for the PennyMac case, and said performance was done for the benefit of all defendants.

38.    Wildeveld provided labor, time, resources and expenditures in its representation of Hurst totaling approximately $67,000 for the benefit of all defendants.

39.   Wildeveld has only been paid $7,000.00 for its services by Hurst and has received no other payments on Hurst's behalf by any other sources.

40.   Wildeveld has been damaged in Hurst's unpaid amount of $60,000.00, plus fees for months in which no payments have been made, and Wildeveld is entitled to judgment against Hurst for the amount due and owing, together with interest thereon pursuant to NRS 17.130(2) and/or any other applicable law.

41.   Wildeveld has been forced to pursue this litigation, causing it to incur additional attorney's fees and costs and is therefore entitled to recover its attorney's fees at the stated contractual rate of $750 per hour and/or pursuant to any other application law, plus its costs of suit.

### IV.

### SECOND CAUSE OF ACTION – UNJUST ENRICHMENT

(Against All Defendants)

42.   Plaintiff restates and hereby incorporates the allegations set forth in paragraphs 1 through 41.

43.   Under Nevada law, unjust enrichment occurs where plaintiff conferred a benefit on the defendant; the defendant appreciated such benefit; and the defendant accepted and retained such benefit under circumstances such that it would be inequitable for it to retain the benefit without payment of the value thereof.

44.   Wildeveld provided $67,000 of labor, time and resources in its representation of Hurst.

45.   Hurst paid only $7,000.00 to Wildeveld.

46.   Hurst has not paid the remaining $60,000.00, plus fees for months in which no payments have been made.

47.   Hurst appreciated the benefit of Wildeveld's representation, whereby Hurst saw Wildeveld prepare her PennyMac case for trial, proceed to trial, and obtain a favorable judgment therein due to Wildeveld's legal representation.

48.   Hurst accepted and retained the benefit of this representation worth an outstanding value of $60,000.00, plus fees for months in which no payments have been made, towards Hurst's benefit and enrichment, and to Wildeveld's loss and detriment.

49.   Hurst has been unjustly enriched in the amount of $60,000.00.

50.   Wildeveld has been forced to pursue this litigation causing it to incur additional attorney's fees and costs and is therefore entitled to recover its attorney's fees at the stated contractual rate of $750 per hour and/or pursuant to any other application law, plus its costs of suit.

51.   Wildeveld is entitled to pre and post-judgment interest on any judgment awarded to it based upon the unjust enrichment of Hurst.

**V.**

**THIRD CAUSE OF ACTION – FRAUD**

(Against All Defendants)

52.   Plaintiff restates and hereby incorporates the allegations set forth in paragraphs 1 through 51.

53.   Under Nevada law, fraud occurs when a false representation is made by the defendant; the defendant has knowledge or belief that the representation is false (or knowledge that it has an insufficient basis for making the representation); the defendant has an intention to induce the plaintiff to act in reliance upon the misrepresentation (e.g., to consent to the contract's formation); the plaintiff justifiably relies upon the misrepresentation; and damage occurs to the plaintiff resulting from its reliance upon the defendant's misrepresentation.

54.   Hurst agreed to accept and pay for Wildeveld's representation knowing that such would cost no less than $50,000.00.

55.   Hurst ensured Wildeveld that Hurst was "good for it" and would make sure Wildeveld got paid in full and told Wildeveld how much she needed the assistance and that she would do whatever was necessary to make sure her legal bills were paid.

56.    Hurst made the promise of paying Wildeveld with knowledge that she was deceiving Wildeveld thereby, because Hurst knew that she never had any intention of keeping her promise to pay Wildeveld the full amount for its representation in the PennyMac case.

57.    Wildeveld relied upon Hurst's promise to pay the full amount via installments until paid in full.

58.    Hurst accepted the terms of the agreement with Wildeveld with knowledge that Wildeveld was relying upon Hurst's promise to make payments until the full amount was paid, and Hurst took advantage of that reliance, even though Hurst knew she had no intention of ever paying Wildeveld in full for its legal representation and the costs associated therewith.

59.    Hurst's intentions to never pay her remaining legal balance are evidenced by her refusal to work out any sort of payment arrangement, her avoiding calls from Wildeveld, and her failure to make a single payment after early September 2020.

60.    Wildeveld has been damaged as a result of the fraud and deception perpetrated upon it by Hurst, and such damages are in excess of $60,000.00.

61.    By reason of Hurst's acts of fraud and deception, Wildeveld should also recover punitive damages because of the unconscionable disregard that Hurst has shown towards Wildeveld's rights.

62.    Wildeveld has been forced to pursue this litigation causing it to incur additional attorney's fees and costs and is therefore entitled to recover its attorney's fees at the stated contractual rate of $750 per hour and/or pursuant to any other application law, plus its costs of suit.

63.    Wildeveld is entitled to recover pre and post-judgment interest pursuant to Nevada law upon any award of damages based upon Hurst's fraudulent conduct.

. . .

. . .

. . .

. . .

# VI.

## FOURTH CAUSE OF ACTION – INTENTIONAL MISREPRESENTATION

### (Against All Defendants)

64.    Plaintiff restates and hereby incorporates the allegations set forth in paragraphs 1 through 63.

65.    Under Nevada law, intentional misrepresentation occurs where the defendant makes a false representation to the plaintiff which is made with either knowledge or belief that it is false or without sufficient foundation; the defendant intends to induce the plaintiff's reliance thereby; and plaintiff incurs damages as a result from its reliance thereon.

66.    Hurst's contractual representation that she would pay Wildeveld for its services was false, and was made with a knowledge or belief that that it was false, wherein Hurst did not intend to fully compensate Wildeveld for its services at the time of entering said contract with Wildeveld.

67.    Hurst entered into the contractual agreement with the intent to induce Wildeveld's reliance upon Hurst honoring her end of the contract to make monthly payments and to pay the total sum of fees incurred in representing the case.

68.    Wildeveld relied upon Hurst's promise to pay the full amount via installments.

69.    As a result of this reliance upon Hurst, Wildeveld has incurred damages in the amount of $60,000.00, plus fees for months in which no payments have been made.

70.    Wildeveld has been forced to pursue this litigation causing it to incur additional attorney's fees and costs and is therefore entitled to recover its attorney's fees at the stated contractual rate of $750 per hour and/or pursuant to any other application law, plus its costs of suit.

71.    Wildeveld is entitled to recover pre and post-judgment interest upon any award of damages based on Hurst's intentional misrepresentation to Wildeveld.

. . .

. . .

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants as set forth above and as follows:

1.  For damages in excess of $60,000.00, plus pre and post-judgment interest thereon at the legal rate;

2.  For consequential and incidental damages in an amount to be proven at trial;

3.  For punitive damages as deemed appropriate by the trier of the case on the Third and Fourth Causes of Action;

3.  For attorney's fees, together with court costs incurred in these proceedings; and

4.  For any other such relief as the Court may deem just and proper in this case.

Dated this 23rd day of February, 2021.

THE LAW OFFICES OF KRISTINA
WILDEVELD & ASSOCIATES


*/s/ Lisa Rasmussen*

_____
LISA RASMUSSEN, ESQ.
Nevada Bar No. 7491
550 E. Charleston Blvd., Suite A
Las Vegas, NV  89104
(702) 222-0007

# EXHIBIT B

Joint Case Conference Report, District Court, Clark County, Nevada

Filed October 8, 2021

Electronically Filed
10/8/2021 1:39 PM
Steven D. Grierson
CLERK OF THE COURT

**JCCR**
LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
**THE LAW OFFICES OF KRISTINA
WILDEVELD & ASSOCIATES**
550 E. Charleston Blvd., Suite A
Las Vegas, NV 89104
Phone (702) 222-0007
Fax (702) 222-0001
Kristina@Veldlaw.com

Attorneys for Plaintiff

# DISTRICT COURT

## CLARK COUNTY, NEVADA

\* \* \* \* \*

| | |
|---|---|
| THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES, A NEVADA LIMITED LIABILITY COMPANY, | Case No.   A-21-829963-C |
| Plaintiff, | Dept. No.   XXIV |
| vs. | **JOINT CASE CONFERENCE REPORT** |
| TRACY LEE HURST fka TRACY LEE CASTL fka TRACY LEE HURST-CASTL, INDIVIDUALLY and as TRUSTEE OF THE MARY V. NAPHTALI IRREVOCABLE TRUST and as TRUSTEE OF THE TRACY LEE HURST LIVING TRUST; THE MARY V. NAPHTALI IRREVOCABLE TRUST; and THE TRACY LEE HURST LIVING TRUST, | |
| Defendants. | |

Plaintiff, THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES, and

Defendants, TRACY LEE HURST fka TRACY-LEE CASTL fka TRACY LEE HURST-

-1-

CASTL, and THE TRACY LEE HURST LIVING TRUST, submit their Joint Case Conference Report pursuant to NRCP 16.1(c)(1)(A).

**DISPUTE RESOLUTION CONFERENCE REQUIRED:  NO**

**SETTLEMENT CONFERENCE REQUESTED:  NO**

**I.**

**PROCEEDINGS PRIOR TO CASE CONFERENCE REPORT**

**A.    DATE OF FILING OF COMPLAINT**:

February 23, 2021

**B.    DATE OF FILING OF ANSWER BY EACH NAMED DEFENDANT:**

Tracy Hurst fka Tracy Castl fka Tracy Lee Hurst-Castl (Hurst):  July 29, 2021

The Mary V. Naphtali Irrevocable Trust:  No Answer Filed.  Plaintiff does not object to permitting this Defendant to appear by amended answer.

The Tracy Lee Hurst Living Trust (Hurst Trust):  July 29, 2021

**C.    DATE EARLY CASE CONFERENCE WAS HELD AND WHO ATTENDED:**

A joint case conference was held on September 13, 2021. Ms. Rasmussen attended for Plaintiff. Byron Thomas attended for Defendants.

**II.**

**A BRIEF DESCRIPTION OF THE NATURE OF THE ACTION AND
EACH CLAIM FOR RELIEF OR DEFENSE [NRCP 16.1(c)(2)(A)]**

**A.    DESCRIPTION OF THE ACTION:**

This action alleges various claims concerning defendants' refusal to pay Plaintiff in full for legal representation per an agreement. Defendants deny liability for all of Plaintiff's claims.

**B.    PLAINTIFF'S CLAIMS FOR RELIEF:**

1.  Breach of Contract

2.  Unjust Enrichment

3.  Fraud

4.  Intentional Misrepresentation

C.    **DEFENDANTS' DEFENSES:**

1.  Failure to State a Cause of Action

2.  Offset

3.  Waiver

4.  Estoppel, Unclean Hands, Laches

5.  Release

6.  In Pari Delicto

7.  Equitable Estoppel

8.  Full Performance

9.  Failure to Mitigate Damages

10.  Ratification of Acts

11.  Integration and Parole Evidence Rule

12.  Complaint Fails to State Allegations with Sufficient Clarity

**III.**

**WHETHER THE PARTIES DID OR DID NOT CONSIDER SETTLEMENT
AND WHETHER SETTLEMENT MAY BE POSSIBLE [NRCP 16.1(c)(2)(B)]**

Settlement was not considered, and at this time does not appear likely.

**IV.**

**PROPOSED PLAN AND SCHEDULE OF ANY
ADDITIONAL DISCOVERY [NRCP 16.1(c)(2)(C)]**

**A.    WHAT CHANGES, IF ANY, SHOULD BE MADE IN TIMING, FORM OR REQUIREMENTS FOR DISCLOSURES UNDER 16.1(a):**

The parties have no view on this.  Plaintiff's initial disclosures under Rule 16.1(a)(1) are being provided to defendants on September 13, 2021. Defendants will provide their disclosures on or before October 15, 2021.

**B.    THE SUBJECTS ON WHICH DISCOVERY WILL BE NEEDED:**

All subjects necessary to address all issues and allegations set forth in the pleadings and any defenses asserted therein.

**C.    WHEN DISCOVERY SHOULD BE COMPLETED:**

Discovery should be completed 182 days following the filing of this Joint Case Conference Report, i.e., by March 9, 2022.

**D.    SHOULD DISCOVERY BE CONDUCTED IN PHASES OR BE LIMITED TO OR FOCUSED ON PARTICULAR ISSUES:**

No.

**E.    WHAT CHANGES, IF ANY, SHOULD BE MADE IN LIMITATIONS ON DISCOVERY IMPOSED UNDER RULE 16.1 AND WHAT, IF ANY, OTHER LIMITATIONS SHOULD BE IMPOSED?**

None.

**F.    WHAT OTHER ORDERS SHOULD BE ENTERED BY THE COURT UNDER NRCP 26(c) OR NRCP 16(b) and (c):**

None.

## V.

### LIST OF EXHANGED NAMES OF PERSONS LIKELY TO HAVE INFORMATION DISCOVERABLE UNDER RULE 26(B) [NRCP 16.1(c)(2)(D)]

The following are the names of persons likely to have discoverable information:

(A)   Lisa A. Rasmussen
      The Law Offices of Kristina Wildeveld & Associates
      550 E. Charleston Blvd., Suite A
      Las Vegas, Nevada  89104
      (702)222-0007

(B)   Kristina Wildeveld
      The Law Offices of Kristina Wildeveld & Associates
      550 E. Charleston Blvd., Suite A
      Las Vegas, Nevada 89104
      (702)222-0007

(C)   Tracy Lee Hurst
      P.O. Box 35937
      Las Vegas, Nevada 89133
      (702)739-4464

## VI.

**LIST OF ALL DOCUMENTS, DATA COMPILATIONS AND TANGIBLE
THINGS IN THE POSSESSION, CUSTODY, OR CONTROL OF EACH PARTY
WHICH WERE IDENTIFIED OR PROVIDED AT THE EARLY CASE
<u>CONFERENCE OR AS A RESULT THEREOF [NRCP 16.1(c)(2)(E)]</u>**

Plaintiff provided the following documents to Defendants on September 13, 2021:

1.   Agreement for Representation, dated April 14, 2020 [Bates No. 0001]

2.   Substitution of Attorney, filed April 22, 2020 [Bates No. 0002-0004]

3.   Various Emails Related to Plaintiff's Representation [Bates No. 0005-0644]

4.   Invoice No. 206, dated September 29, 2020 [Bates No. 0645-0662]

5.   Invoice No. 234, dated January 5, 2021 [Bates No. 0663-0667]

6.   Invoice No. 252, dated September 29, 2020 [Bates No. 0668-0673]

7.   Case Information, *Castl v. PennyMac Holdings LLC*, Case No.
     A-15-726907-J, filed October 29, 2015 [Bates No. 0674-0685]

8.   Case Information, *Castl v. PennyMac Holdings LLC*, Case No.
     A-16-742267-C, filed August 24, 2016 [Bates No. 0686-0709]

9.    Case Information, *Castl v. PennyMac Holdings LLC*, Appeal No.
      71082-COA and 71082 [Bates No. 0710-0713]

10.   Case Information, *Castl v. PennyMac Holdings LLC*, Appeal No.
      71990-COA and 71990 [Bates No. 0714-0717]

11.   Order of Affirmance (Docket No. 71082) and Affirming in Part, Reversing
      In Part and Remanding (Docket No. 71990), filed May 9, 2018, Court
      Of Appeals of the State of Nevada [Bates No. 0718-0725]

12.   Substitution of Attorney, filed December 30, 2020 [Bates No. 0726-0728]

13.   Transfer of File, Dated January 5, 2021 [Bates No. 0729]

         Defendants will provide their available documents to Plaintiff on or before September
24, 2021.

## VII.

## WRITTEN LIST OF MEDICAL PROVIDERS [NRCP 16.1(c)(2)(F)]

There are no medical providers to be identified.

## VIII.

## STATEMENT OF DAMAGE COMPUTATIONS [NRCP 16.1(c)(2)(G)]

         Per the contractual agreement of the parties, Plaintiff's costs for representing defendants
in the PennyMac case totaled approximately $67,000, of which $60,000 remains due and owing.
In addition to this unpaid balance, defendants owe agreed upon fees for months in which no
payments were made, which currently total an additional $750.

         Pursuant to NRCP 16.1(a)(1)(A)(iv) and NRCP 34, copies of Plaintiff's invoices
containing detailed accounting of time and expenses related to the damages herein have been
disclosed to defendants on September 13, 2021. [Bates No. 0645-0667]

## IX.

## LIST OF DISCLOSED INSURANCE AGREEMENTS [NRCP 16.1(c)(2)(H)]

There are no insurance agreements to be disclosed.

## X.

### LIST OF DISCLOSED EXPERTS [NRCP 16.1(c)(2)(I)]

There are no experts to be disclosed.

## XI.

### PRESERVING DISCOVERABLE INFORMATION [NRCP 16.1(c)(2)(J)]

The parties have no statement on preserving discoverable information.

## XII.

### CONFIDENTIAL INFORMATION [NRCP 16.1(c)(2)(K)]

The parties have no statement concerning trade secrets or other confidential information. The parties have made no agreement concerning a confidentiality order or whether a Rule 26(c) motion for protective order will be made.

## XIII.

### DATE ON WHICH DISCOVERY WILL CLOSE [NRCP 16.1(c)(2)(L)]

In accordance with Section IV(C) above, discovery will close 182 days from the date below, or on the calendar date of March 9, 2022.

## XIV.

### DATE BEYOND WHICH PARTIES ARE PRECLUDED FROM FILING MOTIONS TO AMEND OR TO ADD PARTIES [NRCP 16.1(c)(2)(M)]

The date beyond which the parties are precluded from filing motions to amend the pleadings or to add parties unless by court order will be January 15, 2022.

## XV.

### DUE DATE FOR EXPERT DISCLOSURES [NRCP 16.1(c)(2)(N)]

Plaintiff will not be implementing experts in this case.

## XVI.

### DUE DATE FOR DISPOSITIVE MOTIONS [NRCP 16.1(c)(2)(O)]

All dispositive motions must be filed not later than April 8, 2022.

## XVII.

### ESTIMATE OF TIME REQUIRED FOR TRIAL [NRCP 16.1(c)(2)(P)]

The parties estimate 1 to 2 days.

## XVIII.

### STATEMENT OF JURY TRIAL DEMAND [NRCP 16.1(c)(2)(Q)]

Neither party has demanded a jury trial.

Dated this 8th day of October, 2021.

THE LAW OFFICES OF KRISTINA
WILDEVELD & ASSOCIATES

_____/s/ Lisa Rasmussen_____
LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
550 E. Charleston Blvd., Suite A
Las Vegas, NV  89104
(702) 222-0007

Attorneys for Plaintiff

**BYRON E. THOMAS, ESQ.**

_____/s/ Byron E. Thomas_____
BYRON E. THOMAS, ESQ.
Nevada Bar No. 8906
3275 S. Jones Blvd., #104
Las Vegas, NV  89146
Phone:          +1(702) 747-3103
Facsimile:      +1(702) 543-4855
byronthomaslaw@gmail.com

Attorney for Defendants

# EXHIBIT C

Motion for Summary Judgment, District Court, Clark County, Nevada

Filed April 4, 2022

Electronically Filed
4/4/2022 11:07 AM
Steven D. Grierson
CLERK OF THE COURT

**MSJD**
LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
**THE LAW OFFICES OF KRISTINA**
**WILDEVELD & ASSOCIATES**
550 E. Charleston Blvd., Suite A
Las Vegas, NV 89104
Phone (702) 222-0007
Fax (702) 222-0001
Lisa@Veldlaw.com

Attorneys for Plaintiff

# DISTRICT COURT

## CLARK COUNTY, NEVADA

* * * * *

| | |
|---|---|
| THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES, A NEVADA LIMITED LIABILITY COMPANY, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| TRACY HURST fka TRACY CASTL fka TRACY LEE HURST-CASTL, INDIVIDUALLY and as TRUSTEE OF THE MARY V. NAPHTALI IRREVOCABLE TRUST and as TRUSTEE OF THE TRACY LEE HURST LIVING TRUST; THE MARY V. NAPHTALI IRREVOCABLE TRUST; THE TRACY LEE HURST LIVING TRUST; and DOE DEFENDANTS 1-5, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Case No.    A-21-829963-C

Dept. No.    XXIV

**PLAINTIFF'S MOTION FOR**
**SUMMARY JUDGMENT**

Hearing Date Requested

COMES NOW the Plaintiff, THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES, A NEVADA LIMITED LIABILITY COMPANY ("Wildeveld"), and hereby

files its Motion for Summary Judgment ("Motion"). This motion seeks summary judgment on all four (4) causes of action enumerated within the Complaint.

This motion is made pursuant to Nev. R. Civ. P. 56 and is based on the Points and Authorities below, the attached exhibits, the declaration of Lisa Rasmussen (Exhibit 1), all pleadings on file herein, and any oral argument presented at the time of hearing on this matter.

## I.

## <u>INTRODUCTION</u>

In 2016 Defendant Tracy Hurst fka Tracy Castl fka Tracy Lee Hurst-Castle ("Hurst")[1] commenced an action against PennyMac Holdings ("PennyMac"). Represented by counsel, Hurst proceeded through the case and a bench trial was calendared for May 11, 2020. In early April 2020 Hurst consulted with Wildeveld about assuming representation in the PennyMac case. Claiming to have limited funds, Hurst negotiated a greatly reduced initial payment to be followed by monthly payments of not less than $2,000.00 and she also anticipated paying a substantial sum from an auto accident settlement. Hurst repeatedly assured Wildeveld that as a woman of honesty she would satisfy her debts.

On April 14, 2020, Hurst and Wildeveld entered a written agreement upon the above terms, including conditions that a monthly fee would be charged for any months in which payments were not made and that any missed payments would allow Wildeveld to withdraw representation. Hurst promptly paid the greatly reduced retainer and her first monthly payment.

Wildeveld appeared in the PennyMac case on Hurst's behalf on April 22, 2020, and at Hurst's behest, immediately obtained a trial continuance until September 2020. Wildeveld expended extensive time and resources preparing for trial. As the trial date neared Hurst insisted

---

[1] "Hurst" also includes the trust defendants named in the Complaint.

KRISTINA WILDEVELD & ASSOCIATES
550 E CHARLESTON BOULEVARD, SUITE A
LAS VEGAS, NEVADA 89104
(702) 222-0007 · FAX (702) 222-0001
WWW.VELDLAW.COM

Wildeveld seek a second continuance, which was attempted and denied. That too took substantial effort and required obtaining and submitting medical documentation and the like.

A three-day trial began September 8, 2020. During trial Hurst made her second, and last, monthly payment. Wildeveld reminded Hurst of the necessity to make payments, which over time saw Hurst's responses diminish from reassurances that payments would be made, to "I will get back to you," to Hurst's ultimate assertion of having no resources to pay. Three (3) months after trial, a judgment issued in favor of Hurst on one (1) claim and against her on two (2) others. At Hurst's insistence, Wildeveld substituted Hurst as counsel in the PennyMac case on December 30, 2020.

Wildeveld's costs and services for representing Hurst in PennyMac totaled $66,998.58. Hurst paid Wildeveld only $7,000.00, leaving an unpaid balance of $59,998.58. Hurst has failed to make payments in twenty-two (22) of the twenty-four (24) months since she retained Wildeveld. As such, Hurst owes Wildeveld an additional $1,100.00 for nonpayments, for a total indebtedness of $61,098.58.

The Complaint in this matter presents four causes of action in relation to Hurst's refusal to compensate Wildeveld for its representation: breach of contract, unjust enrichment, fraud, and intentional misrepresentation. Wildeveld seeks summary judgment on these counts because there are no disputed facts and the claims are entitled to judgment as a matter of law.

## II.

## STATEMENT OF UNDISPUTED FACTS

**1**. On or about August 24th, 2016, Hurst commenced a lawsuit against PennyMac in the Eighth Judicial District Court, case no. A-16-742267-C ("PennyMac case"). **Exhibit ("Ex.") 5**

/ / /

/ / /

KRISTINA WILDEVELD & ASSOCIATES
550 E CHARLESTON BOULEVARD, SUITE A
LAS VEGAS, NEVADA 89104
(702) 222-0007 · FAX (702) 222-0001
WWW.VELDLAW.COM

at BN 018, Dkt. No. 1.[2]

2. In early April 2020, Hurst visited Wildeveld Law's office seeking representation for several matters, including the PennyMac case. **Ex. 1** at BN 002, ⁋ 3.

3. During this visit Hurst informed Wildeveld that she had been told the attorneys there were "great lawyers," that a friend had confidence in Wildeveld, and that Wildeveld had come "highly recommended" to her. *Id.* at ⁋ 4.

4. Hurst subsequently indicated to Attorney Rasmussen that she needed counsel immediately on the PennyMac case. *Id.* at ⁋ 5.

5. Attorney Rasmussen then pulled documents from the court's portal to analyze the status and posture of the PennyMac case. *Id.* at ⁋ 6.

6. On or about April 10, 2020, Wildeveld informed Hurst that it could represent Hurst in the PennyMac case only, but due to the imminency of trial, a $50,000.00 retainer was required to cover the minimum costs associated with taking the case to trial in an anticipated short time frame, as per Attorney Rasmussen's hourly rate. *Id.* at ⁋ 7.

7. Hurst stated she could not afford $50,000.00 up front, but pledged to pay $5,000.00 up front, followed by uninterrupted monthly payments of at least $2,000.00. *Id.* at ⁋ 8.

8. Hurst ensured Wildeveld that, in addition to the minimum payment of $2,000.00 per month, she would pay most of her accumulated debts with Wildeveld in the event she obtained a settlement in a pending car accident case, which she represented would settle soon. *Id.* at BN 003, ⁋ 9.

---

[2] Containing less than 100 pages, the exhibits are attached hereto and are referenced by Bates number ("BN") pursuant to EDCR 2.27(a), (b).

KRISTINA WILDEVELD & ASSOCIATES
550 E. CHARLESTON BOULEVARD, SUITE A
LAS VEGAS, NEVADA 89104
(702) 222-0007 · FAX (702) 222-0001
WWW.VEGLAW.COM

**9**.  Hurst ensured Wildeveld that, as to her payments, she was "good for it," and would "make sure you get paid." Hurst ensured Wildeveld she was of good character and true to her word for paying her debts. ***Id***. at ¶ 10.

**10**.  After making her first payment, Hurst assured Wildeveld that "I'm big on keeping my word…" ***Id***.; **Ex. 4** at BN 014.

**11**.  Based upon these assurances from Hurst, Wildeveld gave Hurst the benefit of doubt that she would pay them for its services. **Ex. 1** at BN 003, ¶ 10.

**12**.  On April 14, 2020, Hurst and Wildeveld entered into a written agreement wherein Wildeveld was to provide representation at standard office rates in exchange for Hurst's retainer of $2,500.00, followed by minimum monthly payments of $2,000.00. ***Id***. at ¶ 11; **Ex. 2** at BN 008.

**13**.  The written agreement also provided that missed payments would be billed an additional $50.00 per month, and that missed payments could permit Wildeveld to demand payment immediately. **Ex. 1** at BN 003; ¶ 11; **Ex. 2** at BN 008.

**14**.  Wildeveld appeared as counsel in PennyMac on April 22, 2020. **Ex. 1** at BN 003, ¶ 12; **Ex. 3** at BN 010-012.

**15**.  Wildeveld immediately began extensive efforts to continue the May 2020 trial date due to Hurst's medical issues and the COVID pandemic, which resulted in a continuance being granted until September 2020. **Ex. 1** at BN 003, ¶ 12; **Ex. 5** at BN 028-029.

**16**.  Wildeveld obtained Hurst's case file from prior counsel and spent considerable time organizing it before being able to work from it. **Ex. 1** at BN 003, ¶ 13.

**17**.  In May, June and July of 2020, Wildeveld undertook substantial efforts helping Hurst locate potential medical malpractice counsel related to her surgical wound issue. This included consultations with multiple attorneys on her behalf, assembling medical records and

-5-

sending statutorily required notices to her prior providers, per California law. Wildeveld undertook all of these efforts at no cost to Hurst and have never billed her for these efforts, time, services or costs. *Id*. at ⁋ 14.

18.  With the trial scheduled for early September 2020, in August 2020 Hurst stated that there was no way she could participate in a trial given her health condition. *Id*. at ⁋ 15.

19.  At Hurst's insistence, extensive efforts were again undertaken by Wildeveld in seeking to continue the trial again, but those efforts were unproductive. *Id.* at BN 004, ⁋ 16.

20.  In addition to the continuance efforts, Wildeveld undertook extensive trial preparation which included research, preparation of trial exhibits and binders, litigation over the admissibility of certain materials and general preparation for Hurst's trial. *Id*. at ⁋ 17.

21.  Hurst did not make any payments in May, June, July or August of 2020, but did make a $2,000 payment in September 2020. *Id*. at ⁋ 18; **Ex. 16** at BN 090.

22.  Due to Hurst's assurances of making payments, Wildeveld did not invoke its right under the written agreement to withdraw as counsel due to the missed payments. Instead, Wildeveld continued to give Hurst the benefit of doubt that she would catch up on her payments and dutifully represented her at trial. **Ex. 1** at BN 004, ⁋ 18; **Ex. 2** at BN 008.

23.  In September 2020, Wildeveld represented Hurst over the course of a three-day trial, culminating in a judgment in Hurst's favor on one of her claims and a judgment against her on two of her claims. **Ex. 1** at BN 004, ⁋ 19; **Ex. 5** at BN 034-035.

24.  In early October 2020 Attorney Rasmussen had several conversations with Hurst about needing to make payments, which Hurst indicated she would do. **Ex. 1** at BN 004, ⁋ 20.

25.  In early October 2020 Wildeveld asked Hurst about the car accident settlement and Hurst did not disclose whether the case had settled or not. *Id*.

**26**.  On October 16, 2020, Hurst told Attorney Rasmussen she would "get back" with her about making payments; however, beginning the next day, October 17, 2020, Hurst stopped discussing the matter of payments with Attorney Rasmussen altogether over the phone, and in fact, she stopped answering counsel's calls altogether. *Id*. at ⁋ 21.

**27**.  On October 26, 2020, Wildeveld provided Hurst copies of Invoice No. 206, the Client Statement of Account as of that date, various receipts, a copy of the contract, and an explanation of the billing. Hurst thanked Attorney Rasmussen. *Id***.** at ⁋ 22; **Ex. 6** at BN 041-061.

**28**.  Hurst informed Attorney Rasmussen by email on November 30, 2020, that she would "address" payments "when I find a remedy and (sic) able." **Ex. 1** at BN 004, ⁋ 23; **Ex. 7** at BN 063.[3]

**29**.  Upon providing Hurst a copy of the Notice of Entry of Order, Attorney Rasmussen reminded Hurst that "[w]e still need you to make some effort to pay us.  We have not received a payment from you since September 2, 2020." **Ex. 1** at BN 004,  ⁋ 24; **Ex. 8** at BN 065.

**30**.  On December 8, 2020, Hurst asked Wildeveld to file a substitution of herself as counsel, stating that her "resources are exhausted at this time and (sic) actively seeking a solution aside (sic) health priorities." **Ex. 1** at N 005, ⁋ 25; **Ex. 9** at BN 067.

**31**.  On December 30, 2020, Wildeveld filed the requested substitution. **Ex. 15** at BN 083-085.

**32**.  Hurst and her co-defendant trusts own two (2) properties in Clark County, Nevada having a combined total taxable value of $1,175,369.00, per current county assessor records. **Ex. 1** at BN 005,  ⁋ 26; **Ex. 10** at BN 069-070; **Ex. 11** at BN 072-073; **Ex. 17** at BN 094-095.

---

[3] Portions of text have been redacted from Exs. 7, 8, 9 and 14. **Ex. 1** at BN 006, ⁋ 34. Hurst was provided unredacted versions of these exhibits within Wildeveld's NRCP 16.1 Initial Disclosures on September 13, 2021. *Id*. at ⁋ 33.

**33**.  Hurst has frequently transferred ownership of her properties over the years among various persons, entities and trusts, including the codefendant trusts herein. **Ex. 1** at BN 005, ⁋ 27; **Ex. 12** at BN 075-076; **Ex. 13** at BN 078-079; **Ex. 14** at BN 081.

**34.**  In addition to her real property above, Hurst owns a 2000 BMW 328i and a 2015 BMW 650i. **Ex. 17** at BN 094-095.

**35**.  For the three (3) years between October 30, 2018, and October 30, 2021, i.e., including the period during which Wildeveld was representing Hurst herein, Hurst's former husband was paying for her car, car insurance, car maintenance, household expenses for the Mirada Del Sol property, monthly mortgage for same, taxes and insurance for same, HOA Fees for same, utilities for same, cell phone, monthly pool and lawn maintenance, and other required maintenance for upkeep on said residence – all being bills Hurst did not have to pay. **Ex. 17** at 095-096.

**36**.  Hurst has paid Wildeveld nothing since September 10, 2020. **Ex. 1** at BN 004, ⁋ 18; **Ex. 16** at BN 090.

**37.**  At no time herein did Hurst ever inquire of Wildeveld about receiving an extension on payments, a reduction in monthly payment amounts, a reduction in the hourly rates charged, or any other type of reductions in the matter of billing and payments. **Ex. 1** at BN 005, ⁋ 28.

**38**. Attorney Rasumssen's standard hourly rate has been $600.00 per hour since January 1, 2020, and it still her current hourly rate. *Id.* at BN 006, ⁋ 33.

**39**.  Wildeveld's costs and services for representing Hurst in the PennyMac case totaled $66,998.58 of which $59,998.58 remains due and owing. *Id.* at ⁋ 29; **Ex. 16** at 090.

**40**.  Hurst's unpaid balance to Wildeveld in ⁋ 39 above does not include fees for the months in which no payments were made, which currently total $1,100.00, i.e., $50.00 per month for the 22 months of May 2020, June 2020, July 2020, August 2020, October, 2020,

KRISTINA WILDEVELD & ASSOCIATES
550 E CHARLESTON BOULEVARD, SUITE A
LAS VEGAS, NEVADA 89104
(702) 222-0007 · FAX (702) 222-0001
WWW.VELDLAW.COM

November 2020, December 2020, all twelve (12) months of 2021, and January through March of 2022. **Ex. 1** at BN 005, ℙ 30; **Ex. 2** at BN 008; **Ex. 16** at BN 090.

**41**. Combining ℙℙ 39 and 40 above, as of the date below Hurst owes Wildeveld a total of $61,098.58 in unpaid PennyMac fees and costs. **Ex. 1** at BN 005, ℙ 31; **Ex. 2** at BN 008; **Ex. 16** at BN 090.

**42**. To the best of Wildeveld's information and belief, Hurst did obtain monies via settlement in the car accident case; however, Hurst never paid any monies to Wildeveld therefrom, as she promised she would. **Ex. 1** at BN 005, ℙ 32.

**III.**

**PROCEDURAL HISTORY**

Wildeveld filed its Complaint on February 23, 2021, **Dkt. No. 1,** and all three (3) named defendants were served process on February 27, 2021, **Dkt. Nos. 6, 7 and 8**. Wildeveld subsequently filed requests for default on all three (3) named defendants when they failed to timely answer or appear. **Dkt. Nos. 9, 10 and 11.** However, before the Court's clerk could act upon the requests, Hurst filed a Notice of Removal of Action to the United States District Court for the Central District of California on April 12, 2021. **Dkt. No. 12**. Finding Hurst had no objectively reasonable basis for the removal, the federal court issued an Order of Remand in July 2021. **Dkt. Nos. 13 and 14.**

Albeit untimely, Hurst filed its Answer to Complaint on July 29, 2021. **Dkt. No. 15**. The parties filed their Joint Case Conference Report on October 8, 2021, **Dkt. No. 21**, and the Court issued the Scheduling and Trial Order on November 23, 2021, **Dkt. No. 23**. Trial is currently set for June 27, 2022.

Pursuant to the scheduling order, the instant motion for summary judgment is timely filed. ***Id***. at 1.

# IV.

## **STANDARD OF REVIEW**

Under the provisions for summary judgment,

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movement is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

NRCP 56(a).

"[S]ummary judgment is appropriate 'when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, that are properly before the court demonstrate that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law.'" *Cuzze v. Univ. & Cmty. College Sys.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007)(quoting *Wood v. Safeway, Inc.*, 121 Nev. 724, 731, 121 P.3d 1026, 1031 (2005)).

The party moving for summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If such a showing is made, then the party opposing summary judgment assumes a burden of production to show the existence of a genuine issue of material fact." *Id.* Because Wildeveld is the moving party, it "must present evidence that would entitle it to a judgment as a matter of law in the absence of contrary evidence." *Id.* (citing NRCP 56(a), (e)).

Based upon the undisputed facts above, summary judgment should be granted to Wildeveld for each cause of action within the Complaint.

/ / /

/ / /

/ / /

# V.

## ARGUMENT

Because the facts are undisputed, Wildeveld is entitled to judgment as a matter of law on each cause of action within the Complaint, as follows:

### A. WILDEVLD IS ENTITLED TO JUDGMENT ON ITS FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

A breach of contract is the "material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.,* 103 Nev. 132, 135, 734 P.2d 1238, 1240 (1987). Under Nevada law, a breach of contract occurs when there exists a valid contract; the defendant has breached the terms of the contract; and the plaintiff has been damaged as a result of the defendant's breach. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013)(citing *Saini v. Int'l Game Tech,* 434 F.Supp.2d 913, 919-920 (D. Nev. 2006)(citing *Richardson v. Jones*, 1 Nev. 405, 408 (1865)).

**First**: Hurst contracted with Wildeveld to receive legal representation from Wildeveld in the PennyMac case in exchange for Hurst's payment of all fees and costs incurred by Wildeveld, and by promising to do so with an initial payment of $2,500.00 followed by monthly minimal payments of $2,000.00 until paid in full. Hurst also agreed to pay a $50.00 fee for every month in which she did not make payments. The written fee agreement memorializing these transactions constitutes a valid contract. *Id*.

**Second**: Hurst paid Wildeveld only $7,000.00 for its services, with Hurst's last payment being in September 2020. Hurst's failure to pay the remaining $61,098.58 which remains due and owing demonstrates a breach of the contract. *Id*.

**Third**: At all times herein Wildeveld performed under the terms of the contract by providing representation for Hurst in the PennyMac case, and said performance was done for

KRISTINA WILDEVELD ASSOCIATES
550 E. CHARLESTON BOULEVARD, SUITE A
LAS VEGAS, NEVADA 89104
(702) 222-0007 · FAX (702) 222-0001
WWW.VELDLAW.COM

the benefit of all defendants. Wildeveld provided labor, time, resources and expenditures in its representation of Hurst totaling approximately $66,998.58. Hurst's failure to pay its agreed-upon amount has directly caused Wildeveld to incur damages in the amount of $61,098.58. *Id.*

Wildeveld is entitled to summary judgment against Hurst for the amount due and owing, together with interest thereon pursuant to NRS 17.130(2) and/or any other applicable law, wherein Wildeveld has demonstrated that Hurst has breached its contract with Wildeveld.

### B. WILDEVELD IS ENTITLED TO JUDGMENT ON ITS SECOND CAUSE OF ACTION FOR UNJUST ENRICHMENT

The elements of unjust enrichment are:

> "[A] benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof."

*Unionamerica Mortgage & Equity Trust v. McDonald*, 87 Nev. 210, 212, 1273 (1981)(quoting *Dass v. Epplen*, 424 P.2d 779, 780 (Colo. 1967)).

"Unjust enrichment occurs when ever a person has and retains a benefit which in equity and good conscious belongs to another." *Id.*

**First**: Wildeveld conferred upon Hurst the benefit of $66,998.58 in labor, time and resources in its representation of Hurst, of which Hurst has paid Wildeveld only $7,000.00. For a certainty, the unpaid $59,998.58 constitutes a "benefit" for the Hurst defendants. *Id.* Additionally, Hurst benefits from not paying the $1,100.00 fees incurred by her for not making payments. *Id.*

**Second**: Hurst appreciated the benefit of Wildeveld's representation, whereby Wildeveld prepared her PennyMac case for trial, conducted the trial, and obtained in part a favorable judgment because of Wildeveld's legal representation. *Id.*

**Third**: Wildeveld, however, has incurred loss and detriment, and it would be inequitable for Hurst to retain this benefit without compensation for the value thereof. *Id*. Indeed, the time spent working on Hurst's case was time that Ms. Rasmussen could have spent working on other cases. The Wildeveld firm's resources benefitted all defendants. *Id*.

Wildeveld is entitled to summary judgment against Hurst for the amount due and owing, together with interest thereon pursuant to NRS 17.130(2) and/or any other applicable law, wherein Wildeveld has demonstrated that Hurst has unjustly enriched itself in this matter.

**Note**: The unjust enrichment claim within the second cause of action is pled in the alternative to the breach of contract claim within the first, as it hinges upon the enforceability of the written contract in this case, to-wit:

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Id.* (citing Am. Jur. 2d *Restitution* § 6 (1973)). However, where an existing contract is no longer enforceable, or has expired, the inability to collect under it does not preclude the recourse of unjust enrichment. *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).

Therefore, the unjust enrichment claim should be considered in the event the Court deems the written contract herein to be unenforceable for any reason.

## C. WILDEVELD IS ENTITLED TO JUDGMENT ON ITS THIRD CAUSE OF ACTION FOR FRAUD

Parties to contracts have a duty "not to make false promises or fraudulently misrepresent its intention to perform." *Bernard v. Rockhill Dev. Co.*, 103 Nev. 132, 135, 734 P.2d 1238, 1240 (1987). To demonstrate fraud, Wildeveld must prove five (5) elements: "(1) a false representation, (2) the defendant's knowledge or belief that the representation is false, (3) the

KRISTINA WILDEVELD & ASSOCIATES
550 E. CHARLESTON BOULEVARD, SUITE A
LAS VEGAS, NEVADA 89104
(702) 222-0007 · FAX (702) 222-0001
WWW.VELDLAW.COM

defendant's intention to induct the plaintiff's reliance, (4) the plaintiff's justifiable reliance, and (5) damages." *Nev. State Educ. Ass'n v. Clark Cty. Educ. Ass'n*, 137 Nev. Adv. Rep. 8, 2021 Nev. LEXIS 7 *23, 482 P.3d 665, 675 (2021). *See also Lubbe v. Barba*, 91 Nev. 596, 599, 540 P.2d 115, 117 (1975)(same).

The undisputed facts in this case demonstrate the elements of fraud set forth in *Nev. State Educ. Ass'n*:

**First**: Hurst agreed to accept and pay for Wildeveld's representation knowing that such would cost no less than $50,000.00. Hurst repeatedly ensured Wildeveld that Hurst was "good for it" – a person of her word – and would make sure Wildeveld got paid in full. This is a textbook false representation. *Id.*

**Second**: Hurst made the promise of paying Wildeveld with knowledge that she was deceiving Wildeveld thereby and had no intention of paying Wildeveld the full amount for its representation. Prior to trial, Hurst ensured she would be able to pay consistently until paid in full. Following trial Hurst claimed to lack resources – a fact belied by Hurst's ownership of two properties valued at over one million dollars and two BMW vehicles, the apparent receiving of a car wreck settlement, and Hurst's generous divorce decree bestowing valuable property upon her and relieving her of tremendous payment obligations.  Hurst knew her representation to be false, as she had the means to pay Wildeveld in full, but never had the intention to do so. *Id.*

Hurst's intentions to never pay her remaining legal balance are also evidenced by her refusal to work out any sort of payment arrangement, her avoiding calls from Wildeveld, and her failure to make a single payment after the trial was completed in September 2020. Hurst has never attempted any resolution and instead has engaged in avoidance of any monetary consequences as is evidenced by her fool's errand removal to the federal court in California, causing further delay in this case.

**Third**: Hurst's repeated assurances of her honesty and the importance of paying bills served to induce Wildeveld's reliance on her. The timing of the three (3) payments Hurst **did** make bolster this showing, to-wit: the first two upon retention loaned credibility to her claims of honesty and ability to pay, and resulted in Wildveld's devotion of tremendous resources to the PennyMac case. The third and last payment, following several months of nonpayment, created the false appearance that Hurst intended to continue making payments, and kept Wildeveld from invoking its right to terminate representation due to non-payments prior to trial.

Hurst entered into the agreement with Wildeveld knowing that Wildeveld was relying upon Hurst's assurances and promises, and Hurst took advantage of that reliance through manipulation and craftily timed partial payments. This satisfies the third prong. *Id*.

**Fourth**: Meanwhile, Wildeveld justifiably relied upon Hurst's assurances of good character and promises to pay in full and provided its services to Hurst because of that reliance. Such reliance is demonstrated through not only Wildeveld's initial decision to represent Hurst in the PennyMac case, but also through Wildeveld's decision to **not** invoke its right to terminate representation after Hurst had failed to make payments in May, June, July and August of 2020. This satisfies the fourth prong. *Id*.

**Fifth**: Wildeveld has been damaged as a result of the fraud and deception perpetrated upon it by Hurst, and such damages are presently in the amount of $61,098.58. *Id*.

Wildeveld is entitled to summary judgment against Hurst for the amount due and owing, together with interest thereon pursuant to NRS 17.130(2) and/or any other applicable law, wherein Wildeveld has demonstrated that Hurst obtained its representation through fraud. Punitive damages up to $300,000.00 are also warranted because Hurst's fraudulent misconduct sounds in tort and justifies such damages. *Phillips v. Lynch*, 101 Nev. 311, 312-313, 704 P.2d 1083, 1084 (1985); NRS 42.001(2); NRS 42.005(1)(b).

### D. WILDEVELD IS ENTITLED TO JUDGMENT ON ITS FOURTH CAUSE OF ACTION FOR INTENTIONAL MISREPRSENTATION

"Intentional misrepresentation is established by three factors: (1) a false representation that is made with either knowledge or belief that it is false or without a sufficient foundation, (2) an intent to induce another's reliance, and (3) damages that result from this reliance." *Nelson v. Heer*, 123 Nev. 217, 225, 163 P.3d 420, 426 (2007). These elements exist here:

**First**: Hurst's contractual representation that she would pay Wildeveld for its services was false and was made with a knowledge or belief that that it was false, wherein Hurst did not intend to fully compensate Wildeveld for its services at the time of entering said contract with Wildeveld. This is demonstrated by Hurst's conduct of obtaining Wildeveld's representation through the manipulative use of repeated assurances of Hurst's honesty, ability and commitment to make consistent payments, followed by her making no payments at all once the trial was completed.

Hurst's intentions to never pay in full are also evidenced by her refusal to work out any sort of payment arrangement, her avoiding calls from Wildeveld, and her failure to make a single payment after the trial was completed in September 2020. *Incorporate* as if fully set forth herein Argument C, at p. 14:3-14, above.

**Second**: Hurst induced Wildeveld to enter the contract under assurances that she was a person of her word, was "good for it," and possessed the means to make minimal monthly payments. In fact, Hurst owned two properties valued at over one million dollars to back those assurances. Additionally, Hurst dangled the carrot of a pending car wreck settlement to induce Wildeveld's entry into the contract. *Incorporate* as if fully set forth herein Argument C, at p. 14:18 through p. 15:3, above.

**Third**: Wildeveld relied upon Hurst's assurances of honesty and promises to pay the full amount via monthly payments, and as a direct result of this reliance Wildeveld entered the contract with Hurst, continued to represent Hurst through the trial, and has resultantly incurred damages in the amount of $61,098.58. *Incorporate* as if fully set forth herein Argument C, at p. 15:4-11, above.

Wildeveld is entitled to summary judgment against Hurst for the amount due and owing, together with interest thereon pursuant to NRS 17.130(2) and/or any other applicable law, wherein Wildeveld has demonstrated that Hurst obtained representation through intentional misrepresentation. Punitive damages up to $300,000.00 are also warranted because at all times herein Hurst conducted herself with malice, whether express or implied, by intending to injure Wildeveld or acting despicably with a conscious disregard for Wildeveld's rights. *Countrywide Home Loans, Inc. v. Thitchener*, 124 Nev. 725, 739, 744, 192 P.3d 243, 252, 255 (2008); NRS 42.001(3); NRS 42.005(1)(b).

## VI.

## CONCLUSION

For the reasons set forth above, the undisputed facts herein demonstrate that Wildeveld is entitled to summary judgment as a matter of law for Hurst's breach of contract, unjust enrichment, fraud, and intentional misrepresentation. Accordingly, Wildeveld respectfully

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

KRISTINA WILDEVELD & ASSOCIATES
550 E CHARLESTON BOULEVARD, SUITE A
LAS VEGAS, NEVADA 89104
(702) 222-0007 · FAX (702) 222-0001
WWW.VELDLAW.COM

requests that this Honorable Court grant summary judgment in favor of Wildeveld on each of its claims as set forth herein.

Dated this 4th day of April, 2022.

THE LAW OFFICES OF KRISTINA
WILDEVELD & ASSOCIATES

/s/ Lisa A. Rasmussen

_____
LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
550 E. Charleston Blvd., Suite A
Las Vegas, NV 89104
(702) 222-0007

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I do certify that I served a true copy of the foregoing MOTION FOR SUMMARY JUDGMENT on this 4th day of April, 2022, upon the person below pursuant to this Court's efile and serve:

BYRON THOMAS
Attorney for Defendants

/s/ Lisa A. Rasmussen

_____
LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491

Attorney for Plaintiff

-18-

# EXHIBIT 1

# DECLARATION OF LISA RASMUSSEN

I, LISA RASMUSSEN, hereby declare under penalty of perjury of the laws of the State of Nevada as follows:

1. I am an attorney licensed to practice law in the State of Nevada and I am an employee of the law firm Offices of Kristina Wildeveld & Assoicates (Wildeveld Law). I have personal knowledge of the matters stated herein and could testify competently thereto if called as a witness in this matter.

2. I have been practicing law in Nevada since 2000 and am also admitted to practice law in California.

3. In early April 2020, Tracy Hurst fka Tracy Castl fka Tracy Hurst-Castl (Hurst) visited Wildeveld Law's office seeking representation for three legal matters, including the case of *Castl v. PennyMac*, Eighth Judicial District Court case no. A-16-742257-C ("PennyMac"). I was present during the consult, along with Attorney Kristina Wildeveld (Wildeveld).

4. During this visit Hurst informed Wildeveld and me that she had been told the attorneys at Wildeveld Law were "great lawyers," that a friend had confidence in Wildeveld Law, and that Wildeveld Law had come "highly recommended" to her.

5. Hurst followed up after this visit with me by phone, indicating she really needed counsel immediately on the PennyMac case.

6. I pulled down documents from the court's portal to analyze the status and posture of the PennyMac Case.

7. On or about April 10, 2020, Wildeveld and I informed Hurst that we could represent Hurst in the PennyMac case only, but due to the imminency of trial, a $50,000.00 retainer was required to cover the minimum costs associated with taking the case to trial in an anticipated short time frame. This was based on my estimate of what it would cost to try this case, given my hourly rate.

8. Hurst stated she could not afford $50,000.00 up front, but promised to pay $5,000.00 up front, followed by uninterrupted monthly payments of at least $2,000.00.

002

9. Hurst ensured us that, in addition to the minimum payment of $2,000.00 per month, she would pay most of her accumulated debts with Wildeveld Law in the event she obtained a settlement in a pending car accident case. She represented to us that the car accident case would settle soon.

10. Hurst ensured Wildeveld and I that, as to her payments, she was "good for it," and would "make sure you get paid." Hurst ensured us she was of good character and true to her word for paying her debts. The email attached as Exhibit 4 demonstrates one such occasion where, after making her first payment, Hurst stated to us: "I'm big on keeping my word..." Based upon Hurst's assurances, I gave Hurst the benefit of doubt that she would pay us for our services.

11. Therefore, on April 14, 2020, Hurst and Wildeveld Law entered into a written agreement wherein Wildeveld Law was to provide representation at standard office rates in exchange for Hurst's retainer of $2,500.00, followed by minimum monthly payments of $2,000.00. It was also agreed that missed payments would be billed an additional $50.00 per month, and that missed payments could permit Wildeveld Law to demand payment immediately. See Exhibit 2.

12. I appeared as counsel in PennyMac on April 22, 2020, and immediately began extensive efforts to continue the May 2020 trial date due to Hurst's medical issues and the COVID pandemic. I was able to obtain a continuance until September 2020.

13. I promptly sought to obtain the case file from Hurst's prior counsel, which was as in a total state of disarray and required a lot of organization before I could work from it.

14. In May, June and July, Wildeveld and I also undertook substantial efforts helping Hurst locate potential medical malpractice counsel related to her surgical wound issue. This included consultations with multiple attorneys on her behalf, assembling medical records and sending statutorily required notices to her prior providers, per California law. We undertook all of these efforts at no cost to Hurst and have never billed her for these efforts, time, services or costs.

15. The trial was now scheduled for early September 2020, and in August, Hurst stated that there was no way she could participate in a trial given her health condition.

16. At Hurst's insistence I again undertook extensive efforts in seeking to continue the trial a second time, but those efforts were unproductive.

17. In addition to my continuance efforts, I undertook extensive trial preparation which included research, preparation of trial exhibits and binders, litigation over the admissibility of certain materials and general preparation for Hurst's trial.

18. Hurst did not make any payments in May, June, July or August, but did make a $2,000 payment in September 2020. Due to her assurances, I continued to give her benefit of doubt that she would catch up on her payments, and represented her at trial. She has made no further payments since then.

19. On September 8, 9 and 10, 2020, I represented Hurst over the course of a three-day trial, culminating in a judgment in Hurst's favor on one of her claims and a judgment against her on two of her claims.

20. In early October 2020 I had several conversations with Hurst about the necessity of making payments, which Hurst indicated she would do. Both Wildeveld and I asked about her car accident settlement and she did not tell us whether the case had settled or not.

21. On October 16, 2020, Hurst told me she would "get back" with me about making payments; however, beginning the next day, October 17, 2020, Hurst stopped discussing the matter of payments with me altogether over the phone, and in fact, she stopped answering my calls altogether.

22. On October 26, 2020, I provided Hurst copies of Invoice No. 206, the Client Statement of Account as of that date, various receipts, a copy of the contract, and an explanation of the billing. Hurst thanked me. This correspondence is depicted by Exhibit 6 and its attachments.

23. Hurst informed me by email on November 30, 2020, that she would "address" payments "when I find a remedy and (sic) able." This email is located at Exhibit 7.

24. Upon providing Hurst a copy of the notice of entry of order I reminded Hurst that "[w]e still need you to make some effort to pay us. We have not received a payment from you since September 2, 2020." This email is located at Exhibit 8.

25. In an email dated December 18, 2020, Hurst asked me to file a substitution of herself as counsel, stating that her "resources are exhausted at this time and actively seeking a solution aside [sic] health priorities." This email is located at Exhibit 9.

26. Hurst and her co-defendant trusts own two properties in Clark County, Nevada having a combined total taxable value of $1,175,369.00, per current county assessor records at Exhibits 10 and 11.

27. Hurst has frequently transferred ownership of her properties over the years among various persons, entities and trusts, including the codefendant trusts herein. See Exhibits 12, 13 and 14.

28. At no time herein did Hurst ever inquire of Wildeveld Law about an extension on payments, a reduction in monthly payment amounts, a reduction in the hourly rates charged, or any other type of reductions in the matter of billing and payments.

29. Wildeveld's costs and services for representing Hurst in the PennyMac case totaled $66,998.58 of which $59,998.58 remains due and owing. These figures are demonstrated by Exhibits 6, at Att. A, and 16, which include Client Statements of Account for October 2020 and January 2021, and contain itemized billing breakdowns for Invoices Nos. 206 and 234 from the PennyMac case. Invoice No. 252, reflecting Wildeveld Law's loss of monies for assisting Hurst in another matter, is not at issue in this suit.

30. Hurst's unpaid balance to Wildeveld Law does not include fees for the months in which no payments were made, which currently total $1,100.00, i.e., $50.00 per month for the 22 months of May 2020, June 2020, July 2020, August 2020, October, 2020, November 2020, December 2020, all twelve (12) months of 2021, and January through March of 2022.

31. Combining paragraphs 29 and 30 above, as of the date below Hurst owes Wildeveld Law a total of $61,098.58 in unpaid PennyMac fees and costs.

32. To the best of my information and belief, Hurst did obtain monies via settlement in the car accident matter; however, Hurst never paid any monies to Wildeveld Law therefrom, as she promised she would.

33. My standard rate has been $600.00 per hour since January 1, 2020, and is still my current standard hourly rate.

34. I declare that Exhibits 2 through 17 attached to this motion are true and correct representations of what they purport to be: Exhibit 2 is a copy of Wildeveld Law's written agreement with Hurst; Exhibits 3 and 15 are true copies of substitutions of attorney I filed in PennyMac; Exhibits 4, 6, 7, 8, 9 and 14 are true copies of email correspondence between Hurst and Wildeveld Law, with Exhibit 6 including the attachments thereto; Exhibit 5 is a true copy of the docket of the PennyMac case; Exhibits 10, 11, 12 and 13 are true copies of property records from the Clark County Assessor's Office recently downloaded by my office; Attachment A to Exhibit 6 and Exhibit 16 are true copies of itemized Invoice Numbers 206 and 234 with Client Statements of Account from October 2020 and January 2021 for the Wildeveld Law's representation of Hurst in the PennyMac case; and Exhibit 17 is a true copy of Hurst's divorce decree from the Court's records.

35. Out of an abundance of caution, I have redacted from Exhibits 7, 8, 9 and 14 portions of text which are privileged attorney-client communication. I did provide unredacted copies of these exhibits to Hurst in my Initial Disclosures on September 13, 2021.

Executed this 4th day of April, 2022, at Las Vegas, Nevada.

LISA RASMUSSEN, ESQ.
Nevada Bar No. 7491
550 E. Charleston Blvd., Suite A
Las Vegas, NV 89104
(702) 222-0007

# EXHIBIT 2

**THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES**
www.veldlaw.com

DATE: 4/14/20
Referred By: _____

| CLIENT INFORMATION |
|---|

First Name: Tracy     Middle Name: Lee     Last Name: Hurst-Castl

Date of Birth: 10/18/60     SSN: 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     ID #: _____

Email: Hhangel@hotmail.com     Email Letters? (Y) N     Email Bills? (Y) N
Mailing Address: P.O. Box 35937     Home Phone _____
CO NV 89133     Mobile Phone (702) 739-4464
     Work Phone _____

Other Contacts
1. Name Kelly Hurst     Phone 702 682-2779     Relationship Son
2. Name Johnnie Castl     Phone 646 330-8819     Relationship X husband

Employer of Client _____     Phone ( )     Monthly Salary $ _____
US Citizen? Y N     Place of Birth: Burbank, CA     If no, what is your status? _____

**COURT DATE(S):**

| | | | | | |
|---|---|---|---|---|---|
| 1 | Case No. | Court | Proceeding | Date | Time |
| 2 | Case No. | Court | Proceeding | Date | Time |

**CHARGES**          **PRIORS (If any)**

| | | |
|---|---|---|
| 1 | | Year |
| 2 | | Year |
| 3 | | Year |

---

**STOP: OFFICE USE ONLY**    *std. ofc. hourly rates*    Consult Fee: C DC CC MC CK: _____

**Fees:** ~~fixed, non-refundable FLAT FEE~~ for representation in proceedings up to and including _____, negotiations, PH or GJ and Writ and/or denial/dismissal and is set based on the experience of the office. The fee is to be paid as follows: $ _____ initial retainer paid upfront; remaining balance payable at a rate of at least $2000 per month commencing on the payment date indicated below. Any outstanding balance/fees owed are due no later than seven (7) days prior to _____, PH, Trial, entry of plea, denial/dismissal of charges or whichever occurs first, regardless of any payment plan scheduled. All criminal retainers are deemed earned when received and will not be held in Trust. The Law Firm understands all funds used as payment are derived from a legal source. Unless otherwise specifically stated herein, this agreement does not include representation at Trial or obligate the Law Firm or member attorneys to prepare or file an appeal or to defend any re-filed charge(s). Proceedings not included in this agreement will incur additional attorney's fees. This fee does not include any applicable charges that may be incurred, including but not limited to restitution, fines, court fees, discovery fees, filing fees, witness fees, investigator costs, collection costs, travel fees, or any other miscellaneous fees. Client is solely responsible for all fees incurred and must pay all fees upon notice of the same. Pardons and Parole Petitions are considered the intellectual property of The Firm and are non-transferable or discoverable. The client file is the property of The Law Firm unless all of the fees are paid in full. Abuse and Neglect representation is for a 1 year period. Additional time will require an additional contract. There is a $75.00 fee to pull closed files plus copy fees of $0.35 per page.

---

**AGREEMENT FOR REPRESENTATION: I HEREBY RETAIN KRISTINA WILDEVELD, ESQ. & ASSOCIATES ("Law Firm")**

The Law Firm is hereby engaged to represent: _____ (Client) in the above matter(s). Client(s) and designated Fee Co-Payer(s) agree(s) to pay the Law Firm a retainer fee as described above in exchange for the specified legal services with the matter(s) indicated herein. I understand that the Law Firm may associate or employ other counsel or marketing representative at the Law Firm's discretion provided there are no additional attorney's fees to Client. I promise to pay as set forth herein and pay the fees in full. I understand that no guarantee has been made regarding the outcome of my case(s) and that any outcome will not affect attorney fees owed or any applicable fees incurred. I further agree to adhere to my billing contract/payment plan and understand that if I miss a payment, a $50.00 fee will be applied to my balance each month until payments resume. ___ (INIT). I also understand that if I miss a payment, that this office reserves the right to discontinue any payment plan set and demand the outstanding balance in-full, payable immediately or withdraw as counsel. ___ (INIT). I further understand that the Law Firm may move to withdraw as counsel for Client if fees are not promptly paid. ___ (INIT). I understand a $100.00 fee applies for any Non-Sufficient Funds check posted on my account. ___ (INIT). I understand there is an additional $350.00 fee charged for each additional status check. ___ (INIT). I understand that the hourly rate is $750.00 per hour for any fee dispute. ___ (INIT). By signing below, I hereby agree to the representation described herein and agree to the terms of this agreement.

Client Signature: Tracy J Hurst-Castl     Date: 4/14/2020
Fee Co-Payer Name/Signature: _____     Date: _____
Attorney Signature: Lisa Rasmussen

| Retainer: $2,500.00 |
|---|
| C DC CC MC CK: _____ |
| Payment Dates: |
| 1. / / monthly |
| 2. / / |
| 3. / / |
| 4. / / |
| 5. / / |
| ___ (INIT) I agree to monthly reoccurring credit card payments. |
| Copy of picture ID: Y N |

Kristina Wildeveld    Dayvid Figler    Lisa Rasmussen    Caitlyn McAmis    Jim Hoffman    Eva Romero

550 E. Charleston Blvd., Suite A · Las Vegas, Nevada 89104
**Phone:** (702) 222-0007 · **Fax:** (702) 222-0001
contact@veldlaw.com

Bank of America: 501005739642
Routing Number: 122400724 / Wire Transfer: 026009593

008

# EXHIBIT 3

Electronically Filed
4/22/2020 3:44 PM
Steven D. Grierson
CLERK OF THE COURT

1  Lisa A. Rasmussen, Esq.
2  Nevada Bar No. 7491
   THE LAW OFFICES OF KRISTINA
3  WILDEVELD & ASSOCIATES
4  550 E. Charleston Blvd., Suite A
   Las Vegas, NV  89104
5
   (702) 222-0007 (T) | (702)222-0001
6  Email: Lisa@VeldLaw.com

7
   Attorneys for PC Corp, Inc.
8

9
                    **EIGHTH JUDICIAL DISTRICT COURT**
10
                       **CLARK COUNTY, NEVADA**
11

12  TRACY CASTL,                          |  Case No.: A-16-742267-C
13            Plaintiff,
                                          |  Dept. No.:  XX
14
    vs.                                   |
15                                           **SUBSTITUTION OF ATTORNEY**
16  PENNYMAC HOLDINGS, LLC,
17            Defendant.
18

19          I, TRACY CASTL, also known as Tracy Hurst, hereby consent that Lisa

20  Rasmussen of the Law Offices of Kristina Wildeveld substitute in as my counsel in the

21  above entitled case in place and instead of Thomas Michaelides.

22          Dated: 14 April  2020

23          _____
            TRACY HURST
24

25  . . .

26  . . .

27  . . .

28

    SUBSTITUTION OF ATTORNEY - 1

010

I, Lisa Rasmussen, of the Law Offices of Kristina Wildeveld & Associates, hereby agree to substitute in as counsel for Ms. Hurst in the above-entitled case.

Dated: 14 April 2020

Lisa A. Rasmussen, Esq.
NV Bar No. 7491

I, Thomas Michaelides, agree and consent to the substation of counsel on behalf of Ms. Hurst.

Dated: 14 April 2020

Thomas C. Michaelides, Esq.

SUBSTITUTION OF ATTORNEY - 2

011

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I sent a filed a copy of the foregoing SUBSTITUTION

OF ATTORNEY and served a copy of the same upon the following, utilizing this

Court's EFLEX File and Serve Program, and the following email addresses:

Rex Garner:   Rex.Garner@Akerman.com

Ariel Stern:   Ariel.Stern@Akerman.com

on this 14th day of April, 2020.

/s/ Lisa A. Rasmussen
_____
LISA A. RASMUSSEN, ESQ.

SUBSTITUTION OF ATTORNEY - 3

012

# EXHIBIT 4

| | |
|---|---|
| **From:** | TRACY HURST |
| **To:** | kristina@veldlaw.com |
| **Cc:** | Lisa Rasmussen |
| **Subject:** | Payment paid in full today:) |
| **Date:** | Monday, April 20, 2020 3:46:35 PM |

Hi Kristine,

Johnnie informed me that he came in and paid you the full amount I promised. I'm so thankful he took care of my obligation to you.  I'm big on keeping my word and he knows this.  Although I have been disheartened by "family" I'm grateful he was able to make sure you were paid. Big relief for me.

He told me that you had some vandalism at your office, I'm sorry that sucks. I hope nobody got hurt.

Stay safe and well...this all shall pass, I pray so very soon as many are suffering!

Thank you again for yours and Lisa's help and concern for my wellbeing. Like I said prior I will never forget your kindness. True human Angel.

Sincerely,

Tracy


Sent from my iPhone

014

EXHIBIT 5

## Case Information

A-16-742267-C | Tracy Castl , Plaintiff(s) vs. Pennymac Holdings LLC,
Defendant(s)

Case Number
A-16-742267-C

Court
Department 20

Judicial Officer
Johnson, Eric

File Date
08/24/2016

Case Type
Other Real Property

Case Status
Reactivated

## Party

Plaintiff
Castl , Tracy Lee

Active Attorneys ▾
Pro Se

Defendant
Pennymac Holdings LLC

Active Attorneys ▾
Lead Attorney
Maurice, Aaron R.
Retained

Attorney
Wood, Brittany
Retained

Attorney
Stern, Ariel E.
Retained

Attorney
Scaturro, Tenesa S.
Retained

016

Attorney
Winslow, Natalie L
Retained

Attorney
Garner, Rex D.
Retained

## Disposition Events

11/18/2016 Judgment ⌄

Judicial Officer
Leavitt, Michelle

Judgment Type
Order of Dismissal With Prejudice

Monetary Judgment

    Debtors: Tracy Lee Castl (Plaintiff)

    Creditors: Pennymac Holdings LLC (Defendant)

    Judgment: 11/18/2016 Docketed: 11/22/2016

12/04/2020 Judgment ⌄

Judicial Officer
Johnson, Eric

Judgment Type
Judgment

Monetary Judgment

017

Debtors: Pennymac Holdings LLC (Defendant)

Creditors: Tracy Lee Castl (Plaintiff)

Judgment: 12/04/2020 Docketed: 12/07/2020

Total Judgment: $1.00

Comment: Certain Claim

---

## Events and Hearings

08/24/2016 Complaint ▾

Complaint

Comment
[1] Complaint to Determine Adverse Claims to Real Property - NRS 40.010, for Damages for Trespass to Land and for Declaratory Judgment

08/26/2016 Notice of Appearance ▾

Notice of Appearance

Comment
[2]

08/26/2016 Initial Appearance Fee Disclosure ▾

Initial Appearance Fee Disclosure

Comment
[3]

10/06/2016 Motion to Dismiss ▾

Pennymac Holdings, LLC's Motion To Dismiss

Comment
[4] Pennymac Holdings, LLC's Motion to Dismiss

10/25/2016 Notice of Change of Address ▾

018

Notice of Change of Address

Comment

[5]

10/25/2016 Opposition to Motion to Dismiss ▾

Plaintiff's Opposition to Defendant's Motion to Dismiss

Comment

[6] Plaintiff's Opposition to Defendant's Motion to Dismiss

10/31/2016 Reply in Support ▾

Pennymac Holdings, LLC's Reply in Support of Motion To Dismiss

Comment

[7] Pennymac Holdings, LLC's Reply in Support of Motion to Dismiss

11/07/2016 Motion to Dismiss ▾

Motion to Dismiss

Judicial Officer

Leavitt, Michelle

Hearing Time

8:30 AM

Result

Granted With Prejudice

Comment

Pennymac Holdings, LLC's Motion To Dismiss

Parties Present▴
   Plaintiff: Castl , Tracy Lee

11/18/2016 Order Granting Motion ▾

Order Granting Pennymac Holdings, LLC's Motion To Dismiss With
Prejudice

Comment

[8] Order Granting Pennymac Holdings, LLC's Motion to Dismiss
With Prejudice

11/21/2016 Notice of Entry of Order for Dismissal With Prejudice ▾

Notice of Entry of Order Granting Pennymac Holdings, LLC's Motion to
Dismiss With Prejudice

Comment

[9] Notice of Entry of Order Granting Pennymac Holdings, LLC's
Motion to Dismiss With Prejudice

12/16/2016 Notice of Appeal ▾

019

Notice of Appeal

Comment

[10] Plaintiff's Notice of Appeal

02/08/2017 Substitution of Attorney ▼

Substitution of Counsel

Comment

[11]

02/22/2017 Notice ▼

Notice of Transcript Request

Comment

[12] Request for Transcript of Proceedings

03/23/2017 Recorders Transcript of Hearing ▼

Transcript of Proceedings Re: Pennymac Holdings, LLC's Motion to Dismiss Monday, November 7, 2016

Comment

[13] Transcript of Hearing Held on November 7, 2016

06/12/2018 NV Supreme Court Clerks Certificate/Judgment - Affd/Rev Part ▼

NV Supreme Court Clerks Certificate/Judgment - Affd/Rev Part

Comment

[14] Nevada Supreme Court Clerk's Certificate/Remittitur Judgment - Affirmed in Docket No. 71082 and Affirmed in Part, Reversed in Part and Remand in Docket No. 71990

07/02/2018 Case Reassigned to Department 20 ▼

Comment

Reassigned From Judge Leavitt - Dept 12

11/08/2018 Notice of Hearing ▼

Notice of Hearing - NOH (CIV)

Comment

[15]

12/05/2018 Status Check ▼

Minutes - Status Check

Judicial Officer

Johnson, Eric

020

Hearing Time
8:30 AM

Result
Matter Heard

Comment
Status Check: Court of Appeals Remand

Parties Present▲
Defendant

Attorney: Scaturro, Tenesa S.

---

12/28/2018 Notice of Association of Counsel ▼

Notice - NOTC (CIV)

Comment
[16]

---

01/10/2019 Answer to Complaint ▼

Answer - ANS (CIV)

Comment
[17] Defendant Pennymac Holdings, LLC's Answer to Complaint

---

01/23/2019 Status Check ▼

Minutes - Status Check

Judicial Officer
Johnson, Eric

Hearing Time
8:30 AM

Result
Matter Continued

Parties Present▲
Defendant

Attorney: Winslow, Natalie L

Plaintiff: Castl , Tracy Lee

---

03/20/2019 Status Check ▼

Minutes - Status Check

Judicial Officer
Johnson, Eric

Hearing Time
8:30 AM

Result
Off Calendar

021

Comment
Status Check: Counsel

Parties Present ▲
Defendant

Attorney: Wood, Brittany

Attorney: Scaturro, Tenesa S.

---

04/08/2019 Notice of Early Case Conference ▼

Notice of Early Case Conference - NECC (CIV)

Comment
[18]

---

05/29/2019 Joint Case Conference Report ▼

Joint Case Conference Report - JCCR (CIV)

Comment
[19]

---

08/13/2019 Order ▼

Order - ORDR (CIV)

Comment
[20] Order to Appear for Mandatory Scheduling Conference (Parties Have Reached Joint Case Conference Report)

---

08/14/2019 Notice of Compliance ▼

Notice of Compliance - NOC (CIV)

Comment
[21]

---

08/28/2019 Mandatory Rule 16 Conference ▼

Minutes - Mandatory Rule 16 Conference

Judicial Officer
Johnson, Eric

Hearing Time
10:30 AM

Result
Trial Date Set

Parties Present ▲
Defendant

Attorney: Wood, Brittany

Attorney: Scaturro, Tenesa S.

022

09/13/2019 Scheduling Order ▾

Scheduling and Trial Order - SCHTO (CIV)

Comment
[22]

10/02/2019 Scheduling and Trial Order ▾

Scheduling and Trial Order - SCHTO (CIV)

Comment
[23] Order Setting Civil Trial

01/14/2020 Motion for Partial Summary Judgment ▾

Motion for Partial Summary Judgment - MPSJ (CIV)

Comment
[24] Defendant's Motion for Partial Summary Judgment; Hearing Requested

01/14/2020 Clerk's Notice of Hearing ▾

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[25] Notice of Hearing

01/14/2020 Appendix ▾

Appendix - APEN (CIV)

Comment
[26] Appendix of Exhibits in Support of Defendant's Motion for Partial Summary Judgment

01/23/2020 Opposition to Motion ▾

Opposition - OPPS (CIV)

Comment
[27] Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment

02/03/2020 Notice of Change of Hearing ▾

Notice of Change of Hearing - NOCH (CIV)

Comment
[28]

02/12/2020 Supplement to Opposition ▾

Supplement - SUPPL (CIV)

023

Comment

[29] Supplement to Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment

---

02/12/2020 Reply in Support ▾

Reply in Support - RIS (CIV)

Comment

[30] Defendant's Reply in Support of its Motion for Partial Summary Judgment

---

02/19/2020 Motion for Partial Summary Judgment ▾

Minutes - Motion for Partial Summary Judgment

Judicial Officer

Johnson, Eric

Hearing Time

10:30 AM

Result

Denied

Comment

Defendant's Motion for Partial Summary Judgment

Parties Present▲

Defendant

Attorney: Maurice, Aaron R.

Attorney: Scaturro, Tenesa S.

Plaintiff: Castl , Tracy Lee

---

03/03/2020 Motion for Summary Judgment ▾

Motion for Summary Judgment - MSJD (CIV)

Comment

[31] Motion for Summary Judgment as to Trespass Claim; Hearing Requested

---

03/04/2020 Clerk's Notice of Hearing ▾

Clerk's Notice of Hearing - CNOC (CIV)

Comment

[32] Notice of Hearing

---

03/04/2020 Motion in Limine ▾

Motion in Limine - MLIM (CIV)

Comment

[33] Motion in Limine to Exclude Evidence of Damages; Hearing Requested

03/04/2020 Clerk's Notice of Hearing ▼

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[34] Notice of Hearing

03/16/2020 Opposition to Motion ▼

Opposition - OPPS (CIV)

Comment
[35] Plaintiff's Opposition to Defendant's Motion for Summary
Judgment as to Trespass Claim

03/17/2020 Stipulation and Order ▼

Stipulation and Order - SAO (CIV)

Comment
[36] Stipulation and Order to Exclude Testimony and Exhibits

03/18/2020 Notice of Change of Address ▼

Change of Address - COA (CIV)

Comment
[37] Notice of Change of Firm and Address

03/19/2020 Notice of Entry of Order ▼

Notice of Entry of Order - NEOJ (CIV)

Comment
[38]

03/23/2020 Ex Parte Motion ▼

Motion - MOT (CIV)

Comment
[39] Ex-Parte Motion to Continue Trial

03/25/2020 Notice of Change of Hearing ▼

Notice of Change of Hearing - NOCH (CIV)

Comment
[40]

03/31/2020 Calendar Call ▼

Minutes - Calendar Call

025

Judicial Officer
Johnson, Eric

Hearing Time
8:30 AM

Result
Trial Date Set

Parties Present ▲
  Defendant

    Attorney: Maurice, Aaron R.

    Attorney: Garner, Rex D.

---

04/01/2020 Supplement ▼

Reply in Support - RIS (CIV)

  Comment
  [41] Supplement and Reply Supporting Motion in Limine to Exclude
  Evidence of Damages

---

04/01/2020 Reply in Support ▼

Reply in Support - RIS (CIV)

  Comment
  [42] Reply Supporting Motion for Summary Judgment as to Trespass
  Claim

---

04/02/2020 Notice of Change of Hearing ▼

Notice of Change of Hearing - NOCH (CIV)

  Comment
  [43]

---

04/07/2020 Motion for Summary Judgment ▼

Judicial Officer
Johnson, Eric

Hearing Time
8:30 AM

Result
Matter Continued

Comment
Defendant's Motion for Summary Judgment as to Tresspass Claim

---

04/07/2020 Motion in Limine ▼

Judicial Officer
Johnson, Eric

026

Hearing Time
8:30 AM

Result
Matter Continued

Comment
Defendant's Motion in Limine to Exclude Evidence of Damages

---

04/07/2020 All Pending Motions ▼

Minutes - All Pending Motions

Judicial Officer
Johnson, Eric

Hearing Time
8:30 AM

Result
Matter Continued

Parties Present ▲
Defendant

Attorney: Maurice, Aaron R.

Attorney: Garner, Rex D.

---

04/14/2020 All Pending Motions ▼

Minutes - All Pending Motions

Judicial Officer
Johnson, Eric

Hearing Time
8:30 AM

Result
Matter Heard

Parties Present ▲
Defendant

Attorney: Maurice, Aaron R.

Attorney: Garner, Rex D.

---

04/20/2020 Bench Trial ▼

Judicial Officer
Johnson, Eric

Hearing Time
9:00 AM

Cancel Reason
Vacated

027

04/21/2020 All Pending Motions ▾

Minutes - All Pending Motions

Judicial Officer
Johnson, Eric

Hearing Time
8:30 AM

Result
Matter Heard

Parties Present ▲
  Defendant

    Attorney: Maurice, Aaron R.

    Attorney: Garner, Rex D.

---

04/22/2020 Substitution of Attorney ▾

Substitution of Attorney - SUBT (CIV)

  Comment
  [44]

---

04/27/2020 Motion to Continue Trial ▾

Motion to Continue Trial - MTCT (CIV)

  Comment
  [45] Motion to Continue Trial Date; Hearing Requested

---

04/28/2020 Notice of Change of Hearing ▾

Notice of Change of Hearing - NOCH (CIV)

  Comment
  [46]

---

04/28/2020 Clerk's Notice of Hearing ▾

Clerk's Notice of Hearing - CNOC (CIV)

  Comment
  [47] Notice of Hearing

---

04/28/2020 Clerk's Notice of Hearing ▾

Clerk's Notice of Hearing - CNOC (CIV)

  Comment
  [48] Notice of Hearing

---

04/30/2020 Motion to Continue ▾

Motion for Order - MODR (CIV)

028

Comment

[49] Motion to Continue the Pretrial Memorandum Deadline

05/01/2020 Opposition to Motion ▾

Opposition to Motion - OPPM (CIV)

Comment

[50] Defendant's Opposition to Plaintiff's Motion to Continue Trial Date

05/04/2020 Clerk's Notice of Nonconforming Document ▾

Clerk's Notice of Nonconforming Document - CNND (CIV)

Comment

[51]

05/05/2020 Status Check ▾

Judicial Officer
Johnson, Eric

Hearing Time
8:30 AM

Result
Reset

Comment
Status Check: Trial

05/05/2020 Motion to Continue Trial ▾

Judicial Officer
Johnson, Eric

Hearing Time
8:30 AM

Result
Granted

Comment
Plaintiff Motion to Continue Trial Date

05/05/2020 All Pending Motions ▾

Minutes - All Pending Motions

Judicial Officer
Johnson, Eric

Hearing Time
8:30 AM

Result
Matter Heard

Parties Present ▲
Defendant

Attorney: Maurice, Aaron R.

Attorney: Garner, Rex D.

---

05/05/2020 Clerk's Notice of Nonconforming Document and Curative Action ▾

Clerk's Notice of Nonconforming Document and Curative Action - CNNDCA (CIV)

Comment
[52] Clerk's Notice of Curative Action

---

05/05/2020 Clerk's Notice of Hearing ▾

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[53] Notice of Hearing

---

05/06/2020 Order Granting Motion ▾

Order - ORDR (CIV)

Comment
[54] Order Granting Motion in Limine to Exclude Evidence of Damages for Trespass and Denying Motion for Summary Judgment as to Trespass Claim

---

05/07/2020 Notice of Entry of Order ▾

Notice of Entry of Order - NEOJ (CIV)

Comment
[55] Notice of Entry of Order Granting Motion in Limine to Exclude Evidence of Damages for Trespass and Denying Motion for Summary Judgment as to Trespass Claim

---

05/18/2020 Bench Trial - FIRM ▾

Judicial Officer
Johnson, Eric

Hearing Time
9:00 AM

Cancel Reason
Vacated

---

06/02/2020 Motion to Continue Trial ▾

030

Judicial Officer
Johnson, Eric

Hearing Time
8:30 AM

Cancel Reason
Vacated

Comment
Motion to Continue Trial Date

06/02/2020 Motion ▾

Judicial Officer
Johnson, Eric

Hearing Time
8:30 AM

Cancel Reason
Vacated

Comment
Plaintiff's Motion to Continue the Pretrial Memorandum Deadline

08/19/2020 Calendar Call ▾

Judicial Officer
Johnson, Eric

Hearing Time
8:30 AM

Result
Matter Heard

Parties Present▴
  Defendant

    Attorney: Maurice, Aaron R.

    Attorney: Garner, Rex D.

  Plaintiff: Castl , Tracy Lee

08/19/2020 Status Check ▾

Judicial Officer
Johnson, Eric

Hearing Time
8:30 AM

Result
Matter Heard

Comment
Status Check: Pre-Trial Memo

031

Parties Present ▲
Defendant

    Attorney: Maurice, Aaron R.

    Attorney: Garner, Rex D.

  Plaintiff: Castl , Tracy Lee

---

08/19/2020 All Pending Motions ▼

Minutes - All Pending Motions

Judicial Officer
Johnson, Eric

Hearing Time
8:30 AM

Result
Matter Heard

Parties Present ▲
Defendant

    Attorney: Maurice, Aaron R.

    Attorney: Garner, Rex D.

  Plaintiff: Castl , Tracy Lee

---

08/31/2020 Pre-trial Memorandum ▼

Pre-trial Memorandum - PMEM (CIV)

Comment
[56] Defendant's Pretrial Memorandum

---

09/01/2020 Motion to Continue Trial ▼

Motion to Continue Trial - MTCT (CIV)

Comment
[57] Motion to Continue Trial Date; Hearing Requested

---

09/01/2020 Pre-trial Memorandum ▼

Pre-trial Memorandum - PMEM (CIV)

Comment
[58] Pretrial Memorandum

---

09/02/2020 Status Check ▼

Minutes - Status Check

Judicial Officer
Johnson, Eric

Hearing Time
9:00 AM

Result
Matter Heard

Comment
Status Check: Bench Trial

Parties Present ▲
Defendant

Attorney: Maurice, Aaron R.

Attorney: Garner, Rex D.

---

09/02/2020 Clerk's Notice of Hearing ▼

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[59] Notice of Hearing

---

09/02/2020 Opposition to Motion ▼

Opposition to Motion - OPPM (CIV)

Comment
[60] Defendant's Opposition to Plaintiff's Motion to Continue Trial
Date

---

09/03/2020 Motion to Continue Trial ▼

Minutes - Motion to Continue Trial

Judicial Officer
Johnson, Eric

Hearing Time
3:15 PM

Result
Denied

Parties Present ▲
Defendant

Attorney: Maurice, Aaron R.

Attorney: Garner, Rex D.

---

09/03/2020 Request for Judicial Notice ▼

Request for Judicial Notice - RFJN (CIV)

Comment
[61] Defendant's Request for Judicial Notice

---

09/04/2020 Trial Brief ▼

033

Trial Brief - TB (CIV)

Comment

[62] Defendant's Trial Brief

---

09/08/2020 Bench Trial ▾

Minutes - Bench Trial

Judicial Officer
Johnson, Eric

Hearing Time
9:00 AM

Result
Trial Continues

Parties Present▴
Defendant

Attorney: Maurice, Aaron R.

Attorney: Garner, Rex D.

Plaintiff: Castl , Tracy Lee

---

09/09/2020 Bench Trial ▾

Minutes - Bench Trial

Judicial Officer
Johnson, Eric

Hearing Time
10:00 AM

Result
Trial Continues

Parties Present▴
Defendant

Attorney: Maurice, Aaron R.

Attorney: Garner, Rex D.

Plaintiff: Castl , Tracy Lee

---

09/10/2020 Bench Trial ▾

Minutes - Bench Trial

Judicial Officer
Johnson, Eric

Hearing Time
10:00 AM

Result
Decision Made

034

Parties Present ▲
  Defendant

    Attorney: Maurice, Aaron R.

    Attorney: Garner, Rex D.

  Plaintiff: Castl , Tracy Lee

---

12/04/2020 Findings of Fact, Conclusions of Law and Judgment ▾

Findings of Fact, Conclusions of Law and Judgment

  Comment
  [63]

---

12/04/2020 Notice of Entry of Judgment ▾

Notice of Entry of Judgment - NJUD (CIV)

  Comment
  [64]

---

12/30/2020 Substitution of Attorney ▾

Substitution of Attorney - SUBT (CIV)

  Comment
  [65]

---

12/31/2020 Notice of Appeal ▾

Notice of Appeal - NOAS (CIV)

  Comment
  [66] Plaintiff's Notice of Appeal - NRAP 4

---

01/04/2021 Case Appeal Statement ▾

Case Appeal Statement - ASTA (CIV)

  Comment
  [67]

---

01/07/2021 Notice of Motion ▾

Notice of Motion

  Comment
  [68] Plaintiff's Notice of Motion for Relief from "Finding of Fact,
  Conclusion of Law and Judgment "- NRCP 60

---

02/04/2021 Response ▾

Response - RSPN (CIV)

035

Comment
[69] Pennymac's Response to Plaintiff's Notice of Motion for Relief from "Findings of Fact, Conclusions of Law and Judgment" - NRC 60

## Financial

Pennymac Holdings LLC

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $623.00 |
| | Total Payments and Credits | | | $623.00 |
| 8/29/2016 | Transaction Assessment | | | $223.00 |
| 8/29/2016 | Efile Payment | Receipt # 2016-83044-CCCLK | Pennymac Holdings LLC | ($223.00) |
| 1/14/2020 | Transaction Assessment | | | $200.00 |
| 1/14/2020 | Efile Payment | Receipt # 2020-02618-CCCLK | Pennymac Holdings LLC | ($200.00) |
| 3/3/2020 | Transaction Assessment | | | $200.00 |
| 3/3/2020 | Efile Payment | Receipt # 2020-13116-CCCLK | Pennymac Holdings LLC | ($200.00) |

Castl , Tracy Lee

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $318.00 |
| | Total Payments and Credits | | | $318.00 |
| 8/24/2016 | Transaction Assessment | | | $270.00 |
| 8/24/2016 | Efile Payment | Receipt # 2016-82019-CCCLK | Castl , Tracy Lee | ($270.00) |
| 12/16/2016 | Transaction Assessment | | | $24.00 |
| 12/16/2016 | Efile Payment | Receipt # 2016-121949-CCCLK | Castl , Tracy Lee | ($24.00) |

036

| 12/31/2020 | Transaction Assessment | | | $24.00 |
|---|---|---|---|---|
| 12/31/2020 | Payment (Mail) | Receipt # 2020-73407-CCCLK | Castl; Tracy; Lee | ($24.00) |

## Documents

Notice of Appearance

Initial Appearance Fee Disclosure

Pennymac Holdings, LLC's Motion To Dismiss

Notice of Change of Address

Plaintiff's Opposition to Defendant's Motion to Dismiss

Pennymac Holdings, LLC's Reply in Support of Motion To Dismiss

Order Granting Pennymac Holdings, LLC's Motion To Dismiss With Prejudice

Notice of Entry of Order Granting Pennymac Holdings, LLC's Motion to Dismiss With Prejudice

Motion to Dismiss

Notice of Appeal

Substitution of Counsel

Notice of Transcript Request

Transcript of Proceedings Re: Pennymac Holdings, LLC's Motion to Dismiss Monday, November 7, 2016

NV Supreme Court Clerks Certificate/Judgment - Affd/Rev Part

Notice of Hearing - NOH (CIV)

Minutes - Status Check

Notice - NOTC (CIV)

Answer - ANS (CIV)

Minutes - Status Check

Minutes - Status Check

Notice of Early Case Conference - NECC (CIV)

Joint Case Conference Report - JCCR (CIV)

Order - ORDR (CIV)

Notice of Compliance - NOC (CIV)

Minutes - Mandatory Rule 16 Conference

Scheduling and Trial Order - SCHTO (CIV)

037

Scheduling and Trial Order - SCHTO (CIV)

Motion for Partial Summary Judgment - MPSJ (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Appendix - APEN (CIV)

Opposition - OPPS (CIV)

Notice of Change of Hearing - NOCH (CIV)

Supplement - SUPPL (CIV)

Reply in Support - RIS (CIV)

Minutes - Motion for Partial Summary Judgment

Motion for Summary Judgment - MSJD (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Motion in Limine - MLIM (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Opposition - OPPS (CIV)

Stipulation and Order - SAO (CIV)

Change of Address - COA (CIV)

Notice of Entry of Order - NEOJ (CIV)

Motion - MOT (CIV)

Notice of Change of Hearing - NOCH (CIV)

Reply in Support - RIS (CIV)

Reply in Support - RIS (CIV)

Notice of Change of Hearing - NOCH (CIV)

Minutes - Calendar Call

Minutes - All Pending Motions

Minutes - All Pending Motions

Minutes - All Pending Motions

Substitution of Attorney - SUBT (CIV)

Motion to Continue Trial - MTCT (CIV)

Notice of Change of Hearing - NOCH (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Motion for Order - MODR (CIV)

Opposition to Motion - OPPM (CIV)

Clerk's Notice of Nonconforming Document - CNND (CIV)

Clerk's Notice of Nonconforming Document and Curative Action - CNNDCA (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Minutes - All Pending Motions

Order - ORDR (CIV)

Notice of Entry of Order - NEOJ (CIV)

Minutes - All Pending Motions

Pre-trial Memorandum - PMEM (CIV)

038

Motion to Continue Trial - MTCT (CIV)

Pre-trial Memorandum - PMEM (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Opposition to Motion - OPPM (CIV)

Request for Judicial Notice - RFJN (CIV)

Trial Brief - TB (CIV)

Minutes - Status Check

Minutes - Motion to Continue Trial

Minutes - Bench Trial

Minutes - Bench Trial

Minutes - Bench Trial

Findings of Fact, Conclusions of Law and Judgment

Notice of Entry of Judgment - NJUD (CIV)

Substitution of Attorney - SUBT (CIV)

Notice of Appeal - NOAS (CIV)

Case Appeal Statement - ASTA (CIV)

Notice of Motion

Complaint

Response - RSPN (CIV)

039

EXHIBIT 6

040

| | |
|---|---|
| **From:** | TRACY HURST |
| **To:** | Lisa Rasmussen |
| **Subject:** | Re: Documents you requested |
| **Date:** | Monday, October 26, 2020 5:39:20 PM |

Thank you Lisa. Talk tomorrow.

Sent from my iPhone

On Oct 26, 2020, at 4:52 PM, Lisa Rasmussen <Lisa@veldlaw.com> wrote:

Hi Tracy,

I have fixed the billing entries that were listed at $650.  Those were in error, my current hourly rate is $600.   See the revised invoice attached hereto.

Also, the retainer agreement is attached hereto.  It indicates that we bill hourly, which is how we do hourly cases.  Our hourly rates changes at the beginning of each year so we state that it is our "current standard rates" as indicated.

And finally, I think you asked if you are going to be billed to talk to both of us tomorrow.  No, we have never billed you for that when you have met with both of us and we would not do that tomorrow.

Looking forward to talking to you.

Lisa

Lisa Rasmussen, Esq.
Law Offices of Kristina Wildeveld & Associates
550 E. Charleston Blvd.
Las Vegas, NV   89101
T. (702) 222-0007 | F. (702) 222-0001
www.veldlaw.com

Sent from Mail for Windows 10

<Revised Sept 29 Invoice.pdf>
<Hurst Fee Agreement.pdf>

041

Attachment A

042

# THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES

*550 E. Charleston Boulevard, Suite A*
*Las Vegas, NV 89104*
*(702) 222-0007*

September 29, 2020

Hurst-Castl, Tracy

**Invoice Number: 206**
Invoice Period: 04-09-2020 - 09-29-2020

Payment Terms: Upon Receipt

**RE: Castl vs PennyMaC**

## Time Details

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 04-09-2020 | Lisa Rasmussen | Conference with client regarding representing her in this case. | 0.50 | 600.00 | 300.00 |
| 04-10-2020 | Lisa Rasmussen | Review docs on house case, telephone call with client. | 2.00 | 600.00 | 1,200.00 |
| 04-11-2020 | Lisa Rasmussen | Emails with Tracy | 0.20 | 600.00 | 120.00 |
| 04-13-2020 | Lisa Rasmussen | Telephone call with Tracy | 0.20 | 600.00 | 120.00 |
| 04-13-2020 | Lisa Rasmussen | Prepare substitution of attorney for client's signature; attempt to reach Michaelides to have him sign prior to hearing; telephone calls with Tracy. | 0.80 | 600.00 | 480.00 |
| 04-14-2020 | Lisa Rasmussen | Telephone calls with Tracy and Michaelides office prior to hearing. | 0.40 | 600.00 | 240.00 |
| 04-14-2020 | Lisa Rasmussen | Set up and attend hearing by video, call client regarding the same. | 1.20 | 600.00 | 720.00 |
| 04-15-2020 | Lisa Rasmussen | Emails with Michaelides office regarding Sub of Atty. (x8) | 0.30 | 600.00 | 180.00 |
| 04-15-2020 | Lisa | Emails with Tracy re: handwriting expert | 0.20 | 600.00 | 120.00 |

043

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| | Rasmussen | | | | |
| 04-16-2020 | Lisa Rasmussen | Review documents from client and prior pleadings pulled down from the court's website. | 2.50 | 600.00 | 1,500.00 |
| 04-20-2020 | Lisa Rasmussen | Emails with Clerk re: Bluejeans link for hearing (x3) | 0.20 | 600.00 | 120.00 |
| 04-21-2020 | Lisa Rasmussen | Email to Tracy after hearing | 0.10 | 600.00 | 60.00 |
| 04-21-2020 | Lisa Rasmussen | Prepare for and attend hearing on all prior motions. | 1.20 | 600.00 | 720.00 |
| 04-22-2020 | Lisa Rasmussen | Review and Revise proposed Order drafted by Pennymac; emails regarding the same (x8) | 0.50 | 600.00 | 300.00 |
| 04-27-2020 | Lisa Rasmussen | Prepare Motion to Continue Trial date with all exhibits; telephone call with client regarding the same. | 2.80 | 600.00 | 1,680.00 |
| 04-28-2020 | Lisa Rasmussen | Review clerk's notice on change of hearing date. | 0.10 | 600.00 | 60.00 |
| 04-29-2020 | Lisa Rasmussen | Emails with opposing counsel (x10) regarding Motion to continue and Pretrial Memorandum | 0.50 | 600.00 | 300.00 |
| 04-30-2020 | Lisa Rasmussen | Emails to Michaelides office seeking disclosures served, but not in file. Email to opposing counsel re: missing documents | 0.30 | 600.00 | 180.00 |
| 04-30-2020 | Lisa Rasmussen | Review docs sent by Pennymac (discovery docs) Download and transfer to our file (12 emails) | 1.50 | 600.00 | 900.00 |
| 04-30-2020 | Lisa Rasmussen | Prepare motion to continue pretrial memorandum deadline. | 1.00 | 600.00 | 600.00 |
| 04-30-2020 | Lisa Rasmussen | Review box from Michaelides to look for documents to prepare pretrial disclosures; email w/ opposing counsel asking them for documents; emails with Tracy. | 3.20 | 600.00 | 1,920.00 |
| 05-01-2020 | Lisa Rasmussen | Email to client regarding issues w/ Baggett; status. | 0.30 | 600.00 | 180.00 |
| 05-01-2020 | Lisa Rasmussen | Telephone call with opposing counsel re: Pretrial Memorandum; search files for missing documents. | 1.80 | 600.00 | 1,080.00 |
| 05-01-2020 | Lisa Rasmussen | Review opposition to motion to continue trial date. | 0.40 | 600.00 | 240.00 |

We appreciate your business and your confidence in our firm.          Page   2   of   9

044

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 05-01-2020 | Lisa Rasmussen | Emails from clerk re: hearing and Bluejeans link (x3) | 0.10 | 600.00 | 60.00 |
| 05-01-2020 | Lisa Rasmussen | Emails (12) with opposing counsel and Tracy re: Pretrial disclosures | 0.60 | 600.00 | 360.00 |
| 05-01-2020 | Lisa Rasmussen | Conference call with opposing counsel | 0.50 | 600.00 | 300.00 |
| 05-02-2020 | Lisa Rasmussen | Email from Tracy | 0.10 | 600.00 | 60.00 |
| 05-03-2020 | Lisa Rasmussen | Review filings early in case & litigation to prepare Pretrial Memorandum ; Draft Pretrial Memorandum. | 3.70 | 600.00 | 2,220.00 |
| 05-04-2020 | Lisa Rasmussen | Attend hearing by video. | 0.70 | 600.00 | 420.00 |
| 05-04-2020 | Lisa Rasmussen | Emails with opposing counsel and their draft Motion threatening sanctions. | 0.30 | 600.00 | 180.00 |
| 05-04-2020 | Lisa Rasmussen | 10 additional emails to and from apposing counsel and Tracy regarding Baggett issue. | 0.50 | 600.00 | 300.00 |
| 05-04-2020 | Lisa Rasmussen | Review notice from clerk. | 0.10 | 600.00 | 60.00 |
| 05-05-2020 | Lisa Rasmussen | Emails with Tracy on new Trial date | 0.20 | 600.00 | 120.00 |
| 05-06-2020 | Lisa Rasmussen | Review clerk's notice and court order. | 0.20 | 600.00 | 120.00 |
| 05-06-2020 | Lisa Rasmussen | T/C with Tracy. | 0.40 | 600.00 | 240.00 |
| 05-06-2020 | Lisa Rasmussen | Review documents sent by PennyMac ( Disclosures by Michaelides) | 0.50 | 600.00 | 300.00 |
| 06-09-2020 | Lisa Rasmussen | Email from Tracy | 0.10 | 600.00 | 60.00 |
| 07-31-2020 | Lisa Rasmussen | Email to Tracy | 0.10 | 600.00 | 60.00 |
| 08-11-2020 | Lisa Rasmussen | Emails to and from opposing counsel | 0.20 | 600.00 | 120.00 |
| 08-13-2020 | Lisa Rasmussen | Email to opposing counsel | 0.10 | 600.00 | 60.00 |

045

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 08-17-2020 | Lisa Rasmussen | Pretrial disclosure revisions; emails to Brittany | 0.30 | 600.00 | 180.00 |
| 08-18-2020 | Lisa Rasmussen | Emails re: Pretrial memo | 0.20 | 600.00 | 120.00 |
| 08-18-2020 | Lisa Rasmussen | Prepared Pretrial Memo, Pretrial Disclosures, Exhibit A, Plaintiff's Documents,    Exhibit B, Defense Exhibits & List of Claims. | 3.20 | 600.00 | 1,920.00 |
| 08-18-2020 | Melissa Barry | Research CIV. PVO. | 0.30 | 400.00 | 120.00 |
| 08-18-2020 | Melissa Barry | Prepare list of claims and affirmative defenses. | 1.20 | 400.00 | 480.00 |
| 08-19-2020 | Lisa Rasmussen | Attend Calendar Call, status hearing. | 1.00 | 600.00 | 600.00 |
| 08-20-2020 | Lisa Rasmussen | Review medical Docs form client. | 0.30 | 600.00 | 180.00 |
| 08-20-2020 | Lisa Rasmussen | Email to opposing counsel. | 0.20 | 600.00 | 120.00 |
| 08-21-2020 | Lisa Rasmussen | Emails from court clerk | 0.10 | 600.00 | 60.00 |
| 08-21-2020 | Lisa Rasmussen | Review revisions to pretrial memo by Pennymac - accept some, reject others, send email describing issues. | 0.80 | 600.00 | 480.00 |
| 08-25-2020 | Lisa Rasmussen | Emails to set up test run for using Trial exhibits via video (x5) | 0.20 | 600.00 | 120.00 |
| 08-26-2020 | Lisa Rasmussen | Emails (x6) regarding Pretrial memo revisions. | 0.30 | 600.00 | 180.00 |
| 08-26-2020 | Lisa Rasmussen | Emails with counsel re: Pretrial Memorandum. | 0.40 | 600.00 | 240.00 |
| 08-27-2020 | Lisa Rasmussen | Prepare Pre trial Memorandum. | 4.80 | 600.00 | 2,880.00 |
| 08-27-2020 | Lisa Rasmussen | Emails w/ counsel re: exhibits. | 1.00 | 600.00 | 600.00 |
| 08-27-2020 | Lisa Rasmussen | 14 emails arguing about Pretrial memo revisions. | 0.60 | 600.00 | 360.00 |
| 08-31-2020 | Lisa Rasmussen | Review emails from Tracy (forwarded) | 0.10 | 600.00 | 60.00 |
| 08-31-2020 | Lisa | Review defendants' pretrial memorandum. | 0.20 | 600.00 | 120.00 |

046

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| | Rasmussen | | | | |
| 09-01-2020 | Lisa Rasmussen | Emails to clerk re: Trial exhibits | 0.10 | 600.00 | 60.00 |
| 09-01-2020 | Lisa Rasmussen | Draft Motion to continue trial & prepare all exhibits, including declaration; review docs from client. | 5.00 | 600.00 | 3,000.00 |
| 09-01-2020 | Lisa Rasmussen | Complete Pretrial Memorandum & file; look for deposition transcripts, order transcripts. | 1.40 | 600.00 | 840.00 |
| 09-02-2020 | Lisa Rasmussen | Attend Status Check Hearing via video. | 1.70 | 600.00 | 1,020.00 |
| 09-02-2020 | Lisa Rasmussen | Attend trial preparation conference on Blue Jeans to learn screen share system. | 1.10 | 600.00 | 660.00 |
| 09-02-2020 | Lisa Rasmussen | Fix bate stamp issue with Michaelides docs | 0.30 | 600.00 | 180.00 |
| 09-02-2020 | Lisa Rasmussen | Email exhibits (ours) and exhibit sheet to court clerk for Trial | 0.30 | 600.00 | 180.00 |
| 09-02-2020 | Lisa Rasmussen | Review clerk's notice. | 0.10 | 600.00 | 60.00 |
| 09-02-2020 | Lisa Rasmussen | Review opposition to Motion to Continue Trial. | 0.20 | 600.00 | 120.00 |
| 09-02-2020 | Lisa Rasmussen | Go through defendant's exhibits with client. | 1.00 | 600.00 | 600.00 |
| 09-03-2020 | Lisa Rasmussen | Review documents delivered by client. | 0.50 | 600.00 | 300.00 |
| 09-03-2020 | Lisa Rasmussen | Attend hearing on motion to continue trial date. | 0.70 | 600.00 | 420.00 |
| 09-03-2020 | Lisa Rasmussen | Emails (x8) with opposing counsel re: Trial exhibits | 0.30 | 600.00 | 180.00 |
| 09-03-2020 | Lisa Rasmussen | Prepare exhibit binders for trial, including court's copy; prepare documents needed for possible impeachment. | 3.00 | 600.00 | 1,800.00 |
| 09-03-2020 | Lisa Rasmussen | State Court Non Capital In Court Attend hearing on motion to continue; read opposition; T/C with Tracy | 1.00 | 100.00 | 100.00 |
| 09-04-2020 | Lisa Rasmussen | Review defendant's trial brief. | 0.30 | 600.00 | 180.00 |

047

| Date | Professional | Description | Hours | Rate | Amount |
|------|--------------|-------------|-------|------|--------|
| 09-05-2020 | Lisa Rasmussen | Review Pennymac Documents and make notes based on client's comments/review to prepare for trial. | 1.50 | 600.00 | 900.00 |
| 09-05-2020 | Lisa Rasmussen | Review emails from Tracy | 0.30 | 600.00 | 180.00 |
| 09-07-2020 | Lisa Rasmussen | Review Tracy's exhibit notes | 0.20 | 600.00 | 120.00 |
| 09-07-2020 | Lisa Rasmussen | Prepare direct examination of client (flow of questions); and prepare for legal elements required on our claims; review Patel declaration; decide which exhibits to use for her signature/ forgery issue. | 3.60 | 600.00 | 2,160.00 |
| 09-08-2020 | Lisa Rasmussen | Trial, day one, in court time. | 5.00 | 600.00 | 3,000.00 |
| 09-08-2020 | Lisa Rasmussen | Review request for judicial notice filed by Pennymac on 9/3 and reconcile all documents to the exhibits they already listed; create index, make list of objections, email opposing counsel regarding objections; discuss with Tracy during break. | 2.80 | 600.00 | 1,680.00 |
| 09-08-2020 | Lisa Rasmussen | Phone call with Tracy after trial; Review additional documents to prepare for day two; discuss Patel declaration with Tracy, further discussion of the elements and limitations of our case. | 1.40 | 600.00 | 840.00 |
| 09-08-2020 | Lisa Rasmussen | Emails with opposing counsel re: request for judicial notice (x8) | 0.20 | 600.00 | 120.00 |
| 09-09-2020 | Lisa Rasmussen | Telephone conference with Patel. | 0.80 | 600.00 | 480.00 |
| 09-09-2020 | Lisa Rasmussen | Trial, day two, actual court time. | 6.50 | 600.00 | 3,900.00 |
| 09-09-2020 | Lisa Rasmussen | Research on federal cases from Patel's exhibits; prepare closing argument outline. | 1.80 | 600.00 | 1,080.00 |
| 09-10-2020 | Lisa Rasmussen | Prepare additional documents needed for today's testimony (new Exhibits). | 0.50 | 600.00 | 300.00 |
| 09-10-2020 | Lisa Rasmussen | Telephone call with Tracy. | 0.20 | 600.00 | 120.00 |
| 09-10-2020 | Lisa Rasmussen | Trial Day Three, in court time. | 5.20 | 600.00 | 3,120.00 |

048

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 09-10-2020 | Lisa Rasmussen | Prepare closing argument during lunch break. | 1.10 | 600.00 | 660.00 |
| 09-10-2020 | Lisa Rasmussen | Telephone conference with client after trial. | 0.90 | 600.00 | 540.00 |
| 09-11-2020 | Lisa Rasmussen | Emails with opposing counsel regarding proposed order. | 0.30 | 600.00 | 180.00 |
| 09-11-2020 | Lisa Rasmussen | Emails to and from Johnnie | 0.10 | 600.00 | 60.00 |
| 09-11-2020 | Lisa Rasmussen | State Court Non Capital Out of Court Follow up with Johnnie | 0.10 | 100.00 | 10.00 |
| 09-25-2020 | Lisa Rasmussen | Email from Brittany/to Tracy re: findings of fact and conclusion of law | 0.10 | 600.00 | 60.00 |
| | | | **Total** | | 56,390.00 |

## Time Summary

| Professional | Hours | Amount |
|-------------|-------|--------|
| Lisa Rasmussen | 93.90 | 55,790.00 |
| Melissa Barry | 1.50 | 600.00 |
| **Total** | | 56,390.00 |

## Expenses

| Expense | Description | Amount |
|---------|-------------|--------|
| E112 - Court fees | E112 - Court fees - Filing fees April 2020 | 10.50 |
| None | Lexis - Nexis Legal Research Fees for May 2020. | 84.28 |
| E101 - Copying | E101 - Copying - May 2020 | 27.00 |
| E115 - Deposition transcripts | E115 - Deposition transcripts - From Litigation Services | 1,547.05 |
| E112 - Court fees | E112 - Court fees Transcription fees during trial, split with defendant. | 220.00 |
| E101 - Copying | E101 - Copying Copying for Trial binders | 218.75 |
| E112 - Court fees | E112 - Court fees Filing fees - September 2020 | 7.00 |
| None | Lexis - Nexis Legal Research Fees for September 2020 through Sept 24, 2020.. | 71.30 |
| | **Total Expenses** | 2,185.88 |

We appreciate your business and your confidence in our firm.       Page   7   of   9

049

**Total for this Invoice**        58,575.88

We appreciate your business and your confidence in our firm.        Page   8   of   9

050

# Client Statement of Account

As of 10-26-2020

| Matter | Balance Due |
|---|---|
| Castl vs PennyMaC | 51,575.88 |
| **Total Amount to Pay** | **51,575.88** |

## Castl vs PennyMaC

### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|---|---|---|---|---|
| 04-14-2020 | Payment Received | | | (2,500.00) |
| 04-20-2020 | Payment Received | | | (2,500.00) |
| 09-10-2020 | Payment Received | | | (2,000.00) |
| 09-29-2020 | Invoice 206 | | | 58,575.88 |
| | | | **Balance** | **51,575.88** |

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|---|---|---|---|---|
| 04-14-2020 | Payment | (2,500.00) | | (2,500.00) |
| 04-20-2020 | Payment | (2,500.00) | | (2,500.00) |
| 09-10-2020 | Payment | (2,000.00) | | (2,000.00) |
| 09-29-2020 | Invoice 206 | 58,575.88 | | 58,575.88 |
| | | | **Balance** | **51,575.88** |

051

**Receipt**

| | |
|---|---|
| Invoice Number | 206 |
| Matter | Castl vs PennyMaC |
| Professional | Lisa Rasmussen |
| Expense Code | |
| Date | 2020-05-31 |
| Description | Lexis - Nexis Legal Research Fees for May 2020. |
| Amount | 84.28 |

052

9/25/2020                                             Reports

| Account Number | Date Range | Report Date | Currency |
|---|---|---|---|
| 1001PGEHF<br>LAW OFFICE OF LISA<br>RASMUSSEN PC | 04/07/2020 – 09/24/2020 | 09/25/2020 | UNITED STATES DOLLAR |

Billing data reports include estimated taxes. The official invoice includes taxes based on actual usage for usage-based services or/and default location for non-usage-based services at invoice period end.

## SUMMARY BY CLIENT

| CLIENT | CONTRACT USE | | | TRANSACTIONAL USE | | | TOTAL BEFORE TAX | TAX* | TOTAL CHARGES |
|---|---|---|---|---|---|---|---|---|---|
| | GROSS AMOUNT | ADJUSTMENT | NET AMOUNT | TRANSACTIONAL GROSS AMOUNT | TRANSACTIONAL ADJUSTMENT | TRANSACTIONAL NET AMOUNT | | | |
| HURST, TRACY | $300.00 | ($215.72) | $84.28 | $0.00 | $0.00 | $0.00 | $84.28 | $0.00 | $84.28 |
| **Total:** | **$300.00** | **($215.72)** | **$84.28** | **$0.00** | **$0.00** | **$0.00** | **$84.28** | **$0.00** | **$84.28** |

**EXCHANGE RATE TO United States dollar**

| Date | Rate | From Currency | Base Currency |
|---|---|---|---|
| SEP-25-2020 | 1 | UNITED STATES DOLLAR | UNITED STATES DOLLAR |

053

**Receipt**

| | |
|---|---|
| Invoice Number | 206 |
| Matter | Castl vs PennyMaC |
| Professional | Lisa Rasmussen |
| Expense Code | E115 - Deposition transcripts |
| Date | 2020-08-31 |
| Description | E115 - Deposition transcripts -  From Litigation Services |
| Amount | 1547.05 |

054

Print  |  Close Window

**Subject:** **Thank you for your order.**
**From:** **CyberSource Business Center <donotreply@support.cybersource.com>**
**Date:** **Wed, Sep 02, 2020 12:01 pm**
**To:** **michelle@veldlaw.com**

---

Litigation Services
3960 Howard Hughes Pkwy
Las Vegas, NV 89169

Receipt

Date : 09/02/2020
Order or Merchant Reference Number : 1400395 1400397
Transaction Type : Sale

Total : 1547.05 USD

Payment Information
Name : LISA RASMUSSEN
Credit Card Type : MasterCard
Credit Card Number : ###########5720

---

Copyright © 2003-2020. All rights reserved.

**Receipt**

| | |
|---|---|
| Invoice Number | 206 |
| Matter | Castl vs PennyMaC |
| Professional | Lisa Rasmussen |
| Expense Code | E112 - Court fees |
| Date | 2020-09-22 |
| Description | E112 - Court fees |
| | Transcription fees during trial, split with defendant. |
| Amount | 220.00 |

056

**TRANSCRIBER'S BILLING INFORMATION**

| | |
|---|---|
| **CASE #** | A-16-742267-C |
| **CASE NAME:** | Tracy Castl v. Pennymac Holdings LLC |
| **HEARING DATE:** | 9/8/20, 9/9/20 & 9/10/20 |
| **DEPARTMENT #** | 20 |
| **COURT RECORDER/ EXTENSION** | Angie Calvillo<br>702-671-4436 |
| **ORDERED BY: FIRM: EMAIL:** | Lisa A. Rasmussen, Esq.<br>Law Offices of Kristina Wildeveld & Associates<br>Lisa@Veldlaw.com |

| | |
|---|---|
| **PAYABLE TO:** | **Make check payable to:**<br>**Clark County Treasurer**<br>**County Tax ID#: 88-6000028**<br>**Include case number on check**<br><br>**Mailing Address:**<br>**Regional Justice Center**<br>**Fiscal Services**<br>**Attn: Kim Ockey**<br>**200 Lewis Ave.**<br>**Las Vegas, NV 89155** |

| **BILL AMOUNT:** | | CDs @ $25 each = | | $ |
|---|---|---|---|---|
| | 11 | hours @ $40 an hour recording fee = | | $440.00 |
| | | pages @ | $ | per page of trans. | $ |
| | | Total/Split two ways | | $220.00 |

| **PAYABLE TO OUTSIDE TRANSCRIBER:** | **Make check payable to:** | | | | |
|---|---|---|---|---|---|
| **BILL AMOUNT:** | | pages @ | $ | per page of trans | $ |

| **DATE PAID:** | |
|---|---|
| | **TRANSCRIPTS WILL NOT BE FILED OR RELEASED UNTIL PAYMENT IS RECEIVED** |

057

**Receipt**

| | |
|---|---|
| Invoice Number | 206 |
| Matter | Castl vs PennyMaC |
| Professional | Lisa Rasmussen |
| Expense Code | |
| Date | 2020-09-25 |
| Description | Lexis - Nexis Legal Research Fees for September 2020 through Sept 24, 2020.. |
| Amount | 71.30 |

9/25/2020                                                     Reports

| Account Number | Date Range | Report Date | Currency |
|---|---|---|---|
| 1001PGEHF ▲<br>LAW OFFICE OF LISA ▼<br>RASMUSSEN PC | 09/01/2020 - 09/24/2020 | 09/25/2020 | UNITED STATES DOLLAR |

Billing data reports include estimated taxes. The official invoice includes taxes based on actual usage for usage-based services or/and default location for non-usage-based services at invoice period end.

## EXPLORE BY CUSTOMER NUMBER/CLIENT/USER

Customer Number: 10000BJXD
Client: HURST

| USER NAME | USER ID | CONTRACT USE | | | TRANSACTIONAL USE | | | |
| | | GROSS AMOUNT | ADJUSTMENT | NET AMOUNT | TRANSACTIONAL NET AMOUNT | TOTAL BEFORE TAX | TAX* | TOTAL CHARGES |
|---|---|---|---|---|---|---|---|---|
| RASMUSSEN, LISA | LISA THARA | $478.00 | ($406.70) | $71.30 | $0.00 | $71.30 | $0.00 | $71.30 |
| **Total:** | | **$478.00** | **($406.70)** | **$71.30** | **$0.00** | **$71.30** | **$0.00** | **$71.30** |

## EXCHANGE RATE TO United States dollar

| Date | Rate | From Currency | Base Currency |
|---|---|---|---|
| SEP-25-2020 | 1 | UNITED STATES DOLLAR | UNITED STATES DOLLAR |

059

Attachment B

060

**THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES**
www.veldlaw.com

DATE: 4/14/20
Referred By: _____

## CLIENT INFORMATION

First Name: Tracy    Middle Name: Lee    Last Name: Hurst-Castl

Date of Birth: 10/18/60    SSN: 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    ID #: _____

Email: Hhangel@hotmail.com    Email Letters? (Y) N    Email Bills? (Y) N
Mailing Address: P.O. Box 35937    Home Phone _____
CO NV 89133    Mobile Phone (702) 739-4464
    Work Phone _____

Other Contacts
1. Name Kelly Hurst    Phone 702 682-2779    Relationship Son
2. Name Jahnnie Castl    Phone 646 330-8819    Relationship X husband

Employer of Client _____    Phone ( )    Monthly Salary $ _____
US Citizen? Y N    Place of Birth: Burbank, CA    If no, what is your status? _____

### COURT DATE(S):
1 Case No. ___ Court ___ Proceeding ___ Date ___ Time ___
2 Case No. ___ Court ___ Proceeding ___ Date ___ Time ___

### CHARGES          PRIORS (If any)
1 _____    _____ Year ___
2 _____    _____ Year ___
3 _____    _____ Year ___

---

**STOP: OFFICE USE ONLY**   *Std. ofc. hourly rates*   Consult Fee: C DC CC MC CK: _____

**Fees:** ~~Fixed, non-refundable FLAT FEE~~ for representation in proceedings up to and including _____, negotiations, PH or GJ and Writ and/or denial/dismissal and is set based on the experience of the office. The fee is to be paid as follows: $ _____ initial retainer paid upfront; remaining balance payable at a rate of at least $2000 per month commencing on the payment date indicated below. Any outstanding balance/fees owed are due no later than seven (7) days prior to _____, PH, Trial, entry of plea, denial/dismissal of charges or whichever occurs first, regardless of any payment plan scheduled. All criminal retainers are deemed earned when received and will not be held in Trust. The Law Firm understands all funds used as payment are derived from a legal source. Unless otherwise specifically stated herein, this agreement does not include representation at Trial or obligate the Law Firm or member attorneys to prepare or file an appeal or to defend any re-filed charge(s). Proceedings not included in this agreement will incur additional attorney's fees. This fee does not include any applicable charges that may be incurred, including but not limited to restitution, fines, court fees, discovery fees, filing fees, witness fees, investigator costs, collection costs, travel fees, or any other miscellaneous fees. Client is solely responsible for all fees incurred and must pay all fees upon notice of the same. Pardons and Parole Petitions are considered the intellectual property of The Firm and are non-transferable or discoverable. The client file is the property of The Law Firm unless all of the fees are paid in full. Abuse and Neglect representation is for a 1 year period. Additional time will require an additional contract. There is a $75.00 fee to pull closed files plus copy fees of $0.35 per page.

---

**AGREEMENT FOR REPRESENTATION: I HEREBY RETAIN KRISTINA WILDEVELD, ESQ. & ASSOCIATES ("Law Firm")**

The Law Firm is hereby engaged to represent: _____ (Client) in the above matter(s). Client(s) and designated Fee Co-Payer(s) agree(s) to pay the Law Firm a retainer fee as described above in exchange for the specified legal services in connection with the matter(s) indicated herein. I understand that the Law Firm may associate or employ other counsel or marketing representative at the Law Firm's discretion provided there are no additional attorney's fees to Client. I promise to pay as set forth herein and pay the fees in full. I understand that no guarantee has been made regarding the outcome of my case(s) and that any outcome will not affect attorney fees owed or any applicable fees incurred. I further agree to adhere to my billing contract/payment plan and understand that if I miss a payment, a $50.00 fee will be applied to my balance each month until payments resume. ___ (INIT). I also understand that if I miss a payment, that this office reserves the right to discontinue any payment plan set and demand the outstanding balance in-full, payable immediately or withdraw as counsel. ___ (INIT). I further understand that the Law Firm may move to withdraw as counsel for Client if fees are not promptly paid. ___ (INIT). I understand that a $100.00 fee applies for any Non-Sufficient Funds check posted on my account. ___ (INIT). I understand there is an additional $350.00 fee charged for each additional status check. ___ (INIT). I understand that the hourly rate is $750.00 per hour for any fee dispute. ___ (INIT). By signing below, I hereby agree to the representation described herein and agree to the terms of this agreement.

Client Signature: Tracy L. Hurst-Castl    Date: 4/14/2020
Fee Co-Payer Name/Signature: _____    Date: _____
Attorney Signature: Lisa Rasmussen

Retainer: $2,500.00
C DC CC MC CK: _____
Payment Dates:
1. / / Monthly
2. / /
3. / /
4. / /
5. / /
___ (INIT) I agree to monthly reoccurring credit card payments.
Copy of picture ID: Y N

Kristina Wildeveld    Dayvid Figler    Lisa Rasmussen    Caitlyn McAmis    Jim Hoffman    Eva Romero
550 E. Charleston Blvd., Suite A · Las Vegas, Nevada 89104    Bank of America: 501005739642
Phone: (702) 222-0007 · Fax: (702) 222-0001    Routing Number: 122400724 / Wire Transfer: 026009593
contact@veldlaw.com

061

# EXHIBIT 7

062

| | |
|---|---|
| **From:** | TRACY HURST |
| **To:** | Lisa Rasmussen |
| **Subject:** | Offer |
| **Date:** | Monday, November 30, 2020 8:35:14 AM |

Hi Lisa,

█████████████████████████████████████

█████████████████████████████████████

Additionally, Kristina left a message as well about payment I will address this when I find a remedy and able.

Thank you for your patience and concern.

Tracy

Sent from my iPhone

063

# EXHIBIT 8

| From: | Lisa Rasmussen |
|---|---|
| To: | TRACY HURST; kristina@veldlaw.com |
| Subject: | Castl v. PennyMac: order from Judge Johnson |
| Date: | Friday, December 4, 2020 4:41:37 PM |
| Attachments: | 201204 FFCC & Order.pdf |

Hi Tracy,

Attached is Judge Johnson's order that was filed a few minutes ago.

Pennymac will do a Notice of Entry of Order and once that is filed it will initiate your 30 day timeline to file a notice of appeal.

We still need you to make some effort to pay us.  We have not received a payment from you since September 2, 2020.

Lisa

Lisa Rasmussen, Esq.
Law Offices of Kristina Wildeveld & Associates
550 E. Charleston Blvd.
Las Vegas, NV  89101
T. (702) 222-0007 | F. (702) 222-0001
www.veldlaw.com

Sent from Mail for Windows 10

# EXHIBIT 9

066

**From:** TRACY HURST
**To:** Lisa Rasmussen
**Subject:** Substitution
**Date:** Friday, December 18, 2020 8:52:56 AM

Hi Lisa,

███████████████████████████████████

I request that you sign and file a Substitution of Counsel to myself as I have no other choice than to proceed in Proper Person.

Additionally I request that you provide me with copies of all email communication or documents that you have pertaining to my case with Opposing Counsel, Court or any other third party.

Please advise Patty and Kristina that my resources are exhausted at this time and actively seeking a solution aside health priorities.

Thank you.

Tracy Hurst-Castl

Sent from my iPhone

067

EXHIBIT 10

## Briana Johnson, Assessor

| Assessor Map | Aerial View | Building Sketch | Ownership History | Neighborhood Sales | New Search |

### GENERAL INFORMATION

| | |
|---|---|
| PARCEL NO. | 128-31-112-020 |
| OWNER AND MAILING ADDRESS | HURST TRACY LEE LIVING TRUST 50%<br>NAPHTALI MARY V IRREVOCABLE TRUST 50%<br>C/O T HURST-CASTL<br>PO BOX 35937<br>LAS VEGAS<br>NV 89133 |
| LOCATION ADDRESS | 3910 WHITE FIR WAY |
| CITY/UNINCORPORATED TOWN | MOUNT CHARLESTON |
| ASSESSOR DESCRIPTION | RAINBOW CANYON UNIT #4<br>PLAT BOOK 8 PAGE 1<br>LOT 182 BLOCK 16 |
| RECORDED DOCUMENT NO. | * 20190108:01153 |
| RECORDED DATE | JAN 8 2019 |
| VESTING | NS-NS |
| COMMENTS | |

*Note: Only documents from September 15, 1999 through present are available for viewing.

### ASSESSMENT INFORMATION AND VALUE EXCLUDED FROM PARTIAL ABATEMENT

| | |
|---|---|
| TAX DISTRICT | 115 |
| APPRAISAL YEAR | 2021 |
| FISCAL YEAR | 2022-23 |
| SUPPLEMENTAL IMPROVEMENT VALUE | 0 |
| INCREMENTAL LAND | 0 |
| INCREMENTAL IMPROVEMENTS | 0 |

### REAL PROPERTY ASSESSED VALUE

| FISCAL YEAR | 2021-22 | 2022-23 |
|---|---|---|
| LAND | 48300 | 60375 |
| IMPROVEMENTS | 233010 | 243325 |
| PERSONAL PROPERTY | 0 | 0 |
| EXEMPT | 0 | 0 |
| GROSS ASSESSED (SUBTOTAL) | 281,310 | 303,700 |
| TAXABLE LAND + IMP (SUBTOTAL) | 803,743 | 867,714 |
| COMMON ELEMENT ALLOCATION ASSESSED | 0 | 0 |
| TOTAL ASSESSED VALUE | 281,310 | 303,700 |
| TOTAL TAXABLE VALUE | 803,743 | 867,714 |

Click here for Treasurer Information regarding real property taxes.

Click here for Flood Control Information.

### ESTIMATED LOT SIZE AND APPRAISAL INFORMATION

| | |
|---|---|
| ESTIMATED SIZE | 0.46 ACRES |
| ORIGINAL CONST. YEAR | 1988 |
| LAST SALE PRICE | 575400 |

069

| MONTH/YEAR | 10/2010 |
|---|---|
| SALE TYPE | T - TRUSTEE'S DEED |
| LAND USE | 20.110 - SINGLE FAMILY RESIDENTIAL |
| DWELLING UNITS | 1 |

### PRIMARY RESIDENTIAL STRUCTURE

| 1ST FLOOR SQ. FT. | 5549 | CASITA SQ. FT. | | ADDN/CONV | |
|---|---|---|---|---|---|
| 2ND FLOOR SQ. FT. | 1152 | CARPORT SQ. FT. | | POOL | NO |
| 3RD FLOOR SQ. FT. | | STYLE | 1.5 STORY-FINISHED 2ND FL | SPA | YES |
| UNFINISHED BASEMENT SQ. FT. | 0 | BEDROOMS | 4 | TYPE OF CONSTRUCTION | FRAME-SIDING/SHINGLE |
| FINISHED BASEMENT SQ. FT. | 2784 | BATHROOMS | 5 FULL /1 HALF | ROOF TYPE | COMPOSITION SHINGLE |
| BASEMENT GARAGE SQ. FT. | 0 | | FIREPLACE | | 2 |
| TOTAL GARAGE SQ. FT. | 992 | | | | |

### ASSESSOR MAP VIEWING GUIDELINES

| MAP | 128311 |
|---|---|
| | In order to view the Assessor map you must have Adobe Reader installed on your computer system. |
| | If you do not have the Reader it can be downloaded from the Adobe site by clicking the following button. Once you have downloaded and installed the Reader from the Adobe site, it is not necessary to perform the download a second time to access the maps. |

Note: This record is for assessment use only. No liability is assumed as to the accuracy of the data delineated hereon.

**070**

# EXHIBIT 11

071

**Briana Johnson, Assessor**

| Assessor Map | Aerial View | Building Sketch | Ownership History | Neighborhood Sales | New Search |
|---|---|---|---|---|---|

### GENERAL INFORMATION

| | |
|---|---|
| PARCEL NO. | 138-20-818-035 |
| OWNER AND MAILING ADDRESS | NAPHTALI MARY V IRREVOCABLE TRUST 50%<br>HURST TRACY LEE LIVING TRUST ETAL 50%<br>C/O T CASTL<br>PO BOX 35937<br>LAS VEGAS<br>NV 89133 |
| LOCATION ADDRESS | 8616 MIRADA DEL SOL DR |
| CITY/UNINCORPORATED TOWN | LAS VEGAS |
| ASSESSOR DESCRIPTION | SONOMA AT SUMMERLIN BY COLEMAN HOMES-PHASE 3<br>PLAT BOOK 63 PAGE 61<br>LOT 103 BLOCK 5 |
| RECORDED DOCUMENT NO. | * 20181109:01779 |
| RECORDED DATE | NOV 9 2018 |
| VESTING | NS-NS |
| COMMENTS | |

*Note: Only documents from September 15, 1999 through present are available for viewing.

### ASSESSMENT INFORMATION AND VALUE EXCLUDED FROM PARTIAL ABATEMENT

| | |
|---|---|
| TAX DISTRICT | 200 |
| APPRAISAL YEAR | 2021 |
| FISCAL YEAR | 2022-23 |
| SUPPLEMENTAL IMPROVEMENT VALUE | 0 |
| INCREMENTAL LAND | 0 |
| INCREMENTAL IMPROVEMENTS | 0 |

### REAL PROPERTY ASSESSED VALUE

| FISCAL YEAR | 2021-22 | 2022-23 |
|---|---|---|
| LAND | 38850 | 38850 |
| IMPROVEMENTS | 91219 | 96038 |
| PERSONAL PROPERTY | 0 | 0 |
| EXEMPT | 0 | 0 |
| GROSS ASSESSED (SUBTOTAL) | 130,069 | 134,888 |
| TAXABLE LAND + IMP (SUBTOTAL) | 371,626 | 385,394 |
| COMMON ELEMENT ALLOCATION ASSESSED | 0 | 0 |
| TOTAL ASSESSED VALUE | 130,069 | 134,888 |
| TOTAL TAXABLE VALUE | 371,626 | 385,394 |

Click here for Treasurer Information regarding real property taxes.

Click here for Flood Control Information.

### ESTIMATED LOT SIZE AND APPRAISAL INFORMATION

| | |
|---|---|
| ESTIMATED SIZE | 0.18 ACRES |
| ORIGINAL CONST. YEAR | 1996 |
| LAST SALE PRICE | 227000 |

| MONTH/YEAR | 3/1997 |
|---|---|
| SALE TYPE | R - RECORDED VALUE |
| LAND USE | 20.110 - SINGLE FAMILY RESIDENTIAL |
| DWELLING UNITS | 1 |

### PRIMARY RESIDENTIAL STRUCTURE

| 1ST FLOOR SQ. FT. | 1501 | CASITA SQ. FT. | | ADDN/CONV | |
|---|---|---|---|---|---|
| 2ND FLOOR SQ. FT. | 1305 | CARPORT SQ. FT. | | POOL | YES |
| 3RD FLOOR SQ. FT. | | STYLE | TWO STORY | SPA | YES |
| UNFINISHED BASEMENT SQ. FT. | 0 | BEDROOMS | 5 | TYPE OF CONSTRUCTION | FRAME-STUCCO |
| FINISHED BASEMENT SQ. FT. | 0 | BATHROOMS | 3 FULL | ROOF TYPE | CONCRETE TILE |
| BASEMENT GARAGE SQ. FT. | 0 | FIREPLACE | | 1 | |
| TOTAL GARAGE SQ. FT. | 574 | | | | |

### ASSESSOR MAP VIEWING GUIDELINES

| MAP | 138208 |
|---|---|
| | In order to view the Assessor map you must have Adobe Reader installed on your computer system. |
| | If you do not have the Reader it can be downloaded from the Adobe site by clicking the following button. Once you have downloaded and installed the Reader from the Adobe site, it is not necessary to perform the download a second time to access the maps. |
| | Get Adobe Reader |

Note: This record is for assessment use only. No liability is assumed as to the accuracy of the data delineated hereon.

# EXHIBIT 12

# Briana Johnson, Assessor

## PARCEL OWNERSHIP HISTORY

| ASSESSOR DESCRIPTION |
|---|
| RAINBOW CANYON UNIT #4 PLAT BOOK 8 PAGE 1 LOT 182 BLOCK 16 |

| CURRENT PARCEL NO. | CURRENT OWNER | % | RECORD DOC NO. | RECORD DATE | VESTING | TAX DIST | EST SIZE | COMMENTS |
|---|---|---|---|---|---|---|---|---|
| 128-31-112-020 | HURST TRACY LEE LIVING TRUST | 50% | 20190108:01153 | 1/8/2019 | NS-NS | 115 | .46 AC | |
| | NAPHTALI MARY V IRREVOCABLE TRUST | 50% | | | | | | |

| PARCEL NO. | PRIOR OWNER(S) | % | RECORD DOC NO. | RECORD DATE | VESTING | TAX DIST | EST SIZE | COMMENTS |
|---|---|---|---|---|---|---|---|---|
| 128-31-112-020 | HURST TRACY LEE LIVING TRUST ETAL | 50% | 20151116:00630 | 11/16/2015 | NS | 115 | SUBDIVIDED LOT | |
| | CASTL TRACY LEE | 50% | | | | | | |
| 128-31-112-020 | HURST TRACY LEE LIVING TRUST ETAL | 50% | 20150326:01663 | 03/26/2015 | NS | 115 | SUBDIVIDED LOT | |
| | | 50% | | | | | | |
| 128-31-112-020 | HURST TRACY LEE LIVING TRUST | | 20141223:02560 | 12/23/2014 | NS | 115 | SUBDIVIDED LOT | |
| 128-31-112-020 | HURST TRACY LEE | | 20070607:04141 | 06/07/2007 | NS | 115 | SUBDIVIDED LOT | NR-20101001:2512,20101208:2665 |
| 128-31-112-020 | CASA DE LA PAZ L L C | | 20060830:00424 | 08/30/2006 | NS | 115 | SUBDIVIDED LOT | |
| 128-31-112-020 | HURST TRACY LEE | | 20060131:03281 | 01/31/2006 | NS | 115 | SUBDIVIDED LOT | |
| 128-31-112-020 | ROUSE-HURST TRACY L | | 19950512:01740 | 05/12/1995 | NS | 115 | SUBDIVIDED LOT | |
| 470-205-001 | REAL ESTATE COLLATERAL MGT CO | | 19931119:00391 | 11/19/1993 | NS | 115 | SUBDIVIDED LOT | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 470-205-001 | BANK SUN STATE | 19930727:00327 | 07/27/1993 | NS | 115 | SUBDIVIDED LOT | |
| 470-205-001 | HANNAH HOLDING TRUST<br><br>CARPA DOUGLAS J TRS | 19920430:01349 | 04/30/1992 | NS | 115 | SUBDIVIDED LOT | |
| 470-205-001 | MEISNER JOHN A & ANNETTE M | 19910820:00416 | 08/20/1991 | JT | 115 | SUBDIVIDED LOT | |
| 470-205-001 | J & A ENTERPRISES INC | 19890518:00243 | 05/18/1989 | NS | 115 | SUBDIVIDED LOT | |
| 470-205-001 | MEISNER JOHN A & ANNETTE M | 19881007:00483 | 10/07/1988 | JT | 115 | SUBDIVIDED LOT | |
| 470-205-001 | MEISNER MARK S | 19880420:00099 | 04/20/1988 | NS | 115 | SUBDIVIDED LOT | |
| 470-205-001 | ALBRIGHT BOB A & LORRAINE D | 0434:0393805 | 06/14/1974 | JT | 115 | SUBDIVIDED LOT | |
| 470-205-001 | ALBRIGHT BOB A & LORRAINE D | 0434:0393805 | 06/14/1974 | | 110 | SUBDIVIDED LOT | |
| 470-205-001 | ALBRECQ ROBERT W ETAL | 0218:0177477 | 03/28/1972 | | 110 | SUBDIVIDED LOT | |
| 470-205-001 | MT CHARLESTON LODGE & REC CTR | | | | 110 | SUBDIVIDED LOT | |
| 470-205-001 | MT CHARLESTON LODGE & REC CTR | | | | 110 | SUBDIVIDED LOT | INITIAL |

Click the following link to view the parcel geneology

Parcel Tree

Note:  Only documents from September 15, 1999 through present are available for viewing.

**NOTE:** THIS RECORD IS FOR ASSESSMENT USE ONLY. NO LIABILITY IS ASSUMED
AS TO THE ACCURACY OF THE DATA DELINEATED HEREON.

# EXHIBIT 13



Assessor

# Briana Johnson, Assessor

## PARCEL OWNERSHIP HISTORY

| ASSESSOR DESCRIPTION |
|---|
| SONOMA AT SUMMERLIN BY COLEMAN HOMES-PHASE 3 PLAT BOOK 63 PAGE 61 LOT 103 BLOCK 5 |

| CURRENT PARCEL NO. | CURRENT OWNER | % | RECORD DOC NO. | RECORD DATE | VESTING | TAX DIST | EST SIZE | COMMENTS |
|---|---|---|---|---|---|---|---|---|
| 138-20-818-035 | NAPHTALI MARY V IRREVOCABLE TRUST | 50% | 20181109:01779 | 11/9/2018 | NS-NS | 200 | .18 AC | |
| | HURST TRACY LEE LIVING TRUST ETAL | 50% | | | | | | |

| PARCEL NO. | PRIOR OWNER(S) | % | RECORD DOC NO. | RECORD DATE | VESTING | TAX DIST | EST SIZE | COMMENTS |
|---|---|---|---|---|---|---|---|---|
| 138-20-818-035 | CASTL TRACY LEE | 50% | 20151116:00629 | 11/16/2015 | NS | 200 | SUBDIVIDED LOT | |
| | HURST TRACY LEE LIVING TRUST | 50% | | | | | | |
| 138-20-818-035 | HURST TRACY LEE LIVING TRUST ETAL | | 20150326:01662 | 03/26/2015 | NS | 200 | SUBDIVIDED LOT | |
| 138-20-818-035 | HURST TRACY LEE LIVING TRUST ETAL | 50% | 20150326:01662 | 03/26/2015 | NS | 200 | SUBDIVIDED LOT | |
| | | 50% | | | | | | |
| 138-20-818-035 | HURST TRACY LEE LIVING TRUST | | 20060823:00670 | 08/23/2006 | NS | 200 | SUBDIVIDED LOT | |
| 138-20-818-035 | HURST TRACY | | 19970305:00187 | 03/05/1997 | NS | 200 | SUBDIVIDED LOT | |
| 138-20-818-035 | WEARDEN PAUL L & MELISSA | | 19951122:00231 | 11/22/1995 | JT | 200 | SUBDIVIDED LOT | |
| 138-20-818-035 | COLEMAN HOMES INC | | 19940822:01150 | 08/22/1994 | NS | 200 | SUBDIVIDED LOT | |
| 138-20-810-015 | COLEMAN HOMES INC | | 19930930:03075 | 09/30/1993 | NS | 200 | 7.51 AC | -.01A COR |
| 138-20-810-009 | COLEMAN HOMES INC | | 19930930:03075 | 09/30/1993 | NS | 200 | 14.96 AC | |
| 138-20-810-002 | COLEMAN HOMES INC | | 19930930:03075 | 09/30/1993 | NS | 200 | 24.06 AC | |

078

| 138-20-810-002 | HUGHES HOWARD PROPERTIES L P | 19910816:00779 | 08/16/1991 | NS | 200 | 24.06 AC | |
| 350-490-006 | HUGHES HOWARD PROPERTIES L P | 1852:1811924 | 12/28/1983 | NS | 200 | 229.00 AC | FR 350-480-010,490-004,580-002,590-007 |

Click the following link to view the parcel geneology

Parcel Tree

Note:  Only documents from September 15, 1999 through present are available for viewing.

**NOTE:** THIS RECORD IS FOR ASSESSMENT USE ONLY. NO LIABILITY IS ASSUMED
AS TO THE ACCURACY OF THE DATA DELINEATED HEREON.

# EXHIBIT 14

**From:**      TRACY HURST
**To:**           Lisa Rasmussen
**Subject:**    Re: Ownership history
**Date:**       Tuesday, September 8, 2020 8:38:19 AM

Mary V. Naphtali, Irrevocable Trust - yes I transferred half of to this Trust I am the Trustee and my boys and I are the beneficiaries. ████████████████ when this is over and we prevail Tracy Lee Hurst Living Trust will give MVN 50%.

████████████████████████████████████████████

---

**From:** Lisa Rasmussen <Lisa@veldlaw.com>
**Sent:** Tuesday, September 8, 2020 7:25 AM
**To:** TRACY HURST <tlhangel@hotmail.com>
**Subject:** Ownership history

I'm going to go through some of this for history/background:

Purchased May 1995 under the name Tracy L. Rouse-Hurst
Jan 2006, took title as Tracy Lee Hurst.  This is the WaMu refinance/loan
Briefly Casa DeLaPaz, LLC
Return to Tracy Lee Hurst 6/2007
Tracy Lee Hurst Living Trust, Dec 2014

But who is the other owner that gets 50% in March 2015???
Then in November it looks like it goes to your trust and Tracy Castl in November 2015. ████████
████████████████

Lisa Rasmussen, Esq.
Law Offices of Kristina Wildeveld & Associates
550 E. Charleston Blvd.
Las Vegas, NV   89101
T. (702) 222-0007 | F. (702) 222-0001
www.veldlaw.com

Sent from Mail for Windows 10

# EXHIBIT 15

082

Electronically Filed
12/30/2020 12:13 PM
Steven D. Grierson
CLERK OF THE COURT

Lisa A. Rasmussen, Esq.
Nevada Bar No. 7491
**THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES**
550 E. Charleston Blvd., Suite A
Las Vegas, NV  89104
(702) 222-0007 (T) | (702)222-0001
Email:  Lisa@VeldLaw.com

Attorneys for Tracy Hurst

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| TRACY CASTL, | Case No.: A-16-742267-C |
| Plaintiff, | |
| | Dept. No.:  XX |
| vs. | |
| | **SUBSTITUTION OF ATTORNEY** |
| PENNYMAC HOLDINGS, LLC, | |
| Defendant. | |

I, TRACY CASTL, also known as Tracy Hurst, hereby consent to this substitution of counsel wherein I will represent myself, in proper person, hereby substituting in for my attorney, Lisa A. Rasmussen and the Law Offices of Kristina Wildeveld & Associates.

My contact information is as follows:
Tracy Hurst
PO Box 35937
Las Vegas, NV  35937
Tel. (702) 739-4464
Email:  tlhangel@hotmail.com

SUBSTITUTION OF ATTORNEY - 1

083

\_\_\_\_see attached signature_____

Tracy Hurst, formerly known as Tracy Castl


I, LISA A. RASMUSSEN, accept the substitution of attorney on behalf of myself and my law firm, the Law Offices of Kristina Wildeveld & Associates.

Dated this 18th day of December, 2020.

**The Law Offices of Kristina Wildeveld & Associates**

*/s/ Lisa A. Rasmussen*

_____

Lisa A. Rasmussen, Esq.
NV Bar No. 7491

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I sent a filed a copy of the foregoing SUBSTITUTION OF ATTORNEY and served a copy of the same upon the following, utilizing this Court's EFLEX File and Serve Program, and the following email addresses:

Rex Garner:   Rex.Garner@Akerman.com

Ariel Stern:   Ariel.Stern@Akerman.com

Aaron Maurice:  amaurice@mauricewood.com

Brittany Wood:     bwood@mauricewood.com


on this  30th day of December 2020.

*/s/ Lisa A. Rasmussen*

_____

LISA A. RASMUSSEN, ESQ.

SUBSTITUTION OF ATTORNEY - 2

084

Lisa A. Rasmussen, Esq.
Nevada Bar No. 7491
THE LAW OFFICES OF KRISTINA
WILDEVELD & ASSOCIATES
550 E. Charleston Blvd., Suite A
Las Vegas, NV 89104
(702) 222-0007 (T) | (702)222-0001
Email: Lisa@VeldLaw.com

Attorneys for Tracy Hurst

# EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

TRACY CASTL,

     Plaintiff,

vs.

PENNYMAC HOLDINGS, LLC,

    Defendant.

Case No.: A-16-742267-C

Dept. No.: XX

**SUBSTITUTION OF ATTORNEY**

I, TRACY CASTL, also known as Tracy Hurst, hereby consent to this substitution of counsel wherein I will represent myself, in proper person, hereby substituting in for my attorney, Lisa A. Rasmussen and the Law Offices of Kristina Wildeveld & Associates.

My contact information is as follows:

Tracy Hurst
PO Box 35937
Las Vegas, NV 35937
Tel. (702) 739-4464
Email: tlhangel@hotmail.com

SUBSTITUTION OF ATTORNEY - 1

*Tracy L. Castl* 12/18/20
TRACY L. CASTL

085

# EXHIBIT 16



THE LAW OFFICES OF
# KRISTINA WILDEVELD & ASSOCIATES
*Criminal Defense, Complex Criminal and Civil Litigation, Lobbying*    *Appeals, Pardons, Post-Convictions, Juvenile*

Nevada    California

500 E Charleston Blvd., Suite A
Las Vegas, NV 89104
702-222-0007

January 05, 2021

**Tracey Hurst**
Hurst-Castl, Tracy

**Invoice Number: 234**
Invoice Period: 09-01-2020 - 01-05-2021

Payment Terms: Upon Receipt

**RE: Castl vs PennyMaC**

## Time Details

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 09-30-2020 | Lisa Rasmussen | Reviewed Pennymac's Proposal order. | 0.20 | 600.00 | 120.00 |
| 10-01-2020 | Lisa Rasmussen | Meeting with Tracy and Johnnie. | 1.00 | 600.00 | 600.00 |
| 10-01-2020 | Lisa Rasmussen | Review order to prepare for meeting | 0.20 | 600.00 | 120.00 |
| 10-02-2020 | Lisa Rasmussen | Revise Pennymac's proposed order detailed comments. | 3.20 | 600.00 | 1,920.00 |
| 10-02-2020 | Lisa Rasmussen | Email correspondence to and from opposing counsel (x8) regarding proposed order. | 0.20 | 600.00 | 120.00 |
| 10-03-2020 | Lisa Rasmussen | Emails to and from opposing counsel regarding my revisions. | 0.30 | 600.00 | 180.00 |
| 10-04-2020 | Lisa Rasmussen | Prepare our own proposed order; research on standing issue. | 4.30 | 600.00 | 2,580.00 |
| 10-05-2020 | Lisa Rasmussen | Emails with opposing counsel and Tracy regarding proposed order. | 0.30 | 600.00 | 180.00 |

We appreciate your business and your confidence in our firm.          Page   1   of   5

087

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 10-06-2020 | Lisa Rasmussen | Revisions to FFCOL per emails with Brittany Wood; email regarding same. | 0.50 | 600.00 | 300.00 |
| 10-06-2020 | Lisa Rasmussen | Additional revisions and emails with Brittany. Email to client. | 0.30 | 600.00 | 180.00 |
| 10-06-2020 | Lisa Rasmussen | Additional research on standing issue | 1.00 | 600.00 | 600.00 |
| 10-07-2020 | Lisa Rasmussen | Prepare our own proposed order and submit to the Court as a contested order. | 0.70 | 600.00 | 420.00 |
| 10-09-2020 | Lisa Rasmussen | Additional research on standing issue; there is no good case law supporting our position. | 0.90 | 600.00 | 540.00 |
| 10-27-2020 | Lisa Rasmussen | Meeting with Tracy requesting plan for payment of legal fees.  No charge for this meeting. | 0.70 | | No Charge |
| 11-13-2020 | Lisa Rasmussen | Email correspondence to and from Rex Gardner, asking if we can resolve; email to Tracy re same. | 0.10 | 600.00 | 60.00 |
| 11-16-2020 | Lisa Rasmussen | Follow up emails to Rex letting him know I conveyed his message about proposed resolution. | 0.10 | 600.00 | 60.00 |
| 11-30-2020 | Lisa Rasmussen | Email correspondence to and from Tracy regarding proposed resolution. | 0.10 | 600.00 | 60.00 |
| 12-04-2020 | Lisa Rasmussen | Review proposed findings of fact, conclusions of law and order; review notice entry of judgment. | 0.20 | 600.00 | 120.00 |
| 12-04-2020 | Lisa Rasmussen | Emails to Tracy with order, findings, notice of entry of judgment, advising of deadline for appeal. | 0.10 | 600.00 | 60.00 |
| 12-18-2020 | Lisa Rasmussen | Email from Tracy; prepare sub of attorney and email to her. | 0.30 | 600.00 | 180.00 |
| 12-30-2020 | Lisa Rasmussen | Email correspondence to and from Tracy regarding sub of attorney; file sub of attorney. No charge for this. | 0.20 | | No Charge |
| 12-30-2020 | Lisa Rasmussen | Download all emails; organize and prepare electronic file on flash drive for Tracy.  Courtesy no charge for this. | 1.00 | | No Charge |

| | | | Total | | 8,400.00 |

## Time Summary

| Professional | Hours | Amount |
|--------------|-------|--------|
| Lisa Rasmussen | 15.90 | 8,400.00 |

088

| Professional | | Hours | Amount |
|---|---|---|---|
| | **Total** | | 8,400.00 |

**Expenses**

| Expense | Description | Price | Qty | Amount |
|---|---|---|---|---|
| E112 - Court fees | E112 - Court fees | 3.50 | 1 | 3.50 |
| E112 - Court fees | E112 - Court fees | 3.50 | 1 | 3.50 |
| None | Pacer Quarterly Charges - 3rd Qtr. (157 pp). | 15.70 | 1 | 15.70 |
| | **Total Expenses** | | | 22.70 |
| | **Total for this Invoice** | | | 8,422.70 |

089

# Client Statement of Account

As of 01-05-2021

| Matter | Balance Due |
|---|---|
| Castl vs PennyMaC | 59,998.58 |
| **Total Amount to Pay** | **59,998.58** |

## Castl vs PennyMaC

### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|---|---|---|---|---|
| 09-29-2020 | Previous Balance | | | 51,575.88 |
| 01-05-2021 | Invoice 234 | | | 8,422.70 |
| | | | **Balance** | **59,998.58** |

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|---|---|---|---|---|
| 04-14-2020 | Payment | (2,500.00) | | (2,500.00) |
| 04-20-2020 | Payment | (2,500.00) | | (2,500.00) |
| 09-10-2020 | Payment | (2,000.00) | | (2,000.00) |
| 09-29-2020 | Invoice 206 | 58,575.88 | | 58,575.88 |
| 01-05-2021 | Invoice 234 | 8,422.70 | | 8,422.70 |
| | | | **Balance** | **59,998.58** |

We appreciate your business and your confidence in our firm.        Page   4   of   5

090

**Tracey Hurst**
Hurst-Castl, Tracy

January 05, 2021

**The Law Offices of Kristina Wildeveld & Associates**
500 E Charleston Blvd., Suite A
Las Vegas, NV 89104

**Invoice Number: 234**
Invoice Period: 09-01-2020 - 01-05-2021

## REMITTANCE COPY

RE: Castl vs PennyMaC

| | |
|---|---:|
| **Fees** | 8,400.00 |
| **Expenses** | 22.70 |
| **Total for this Invoice** | 8,422.70 |
| **Previous Balance** | 51,575.88 |

| Matter | Balance Due |
|---|---:|
| Castl vs PennyMaC | 59,998.58 |
| **Total Amount to Pay** | **59,998.58** |

### Open Invoices and Credits

| Date | Transaction | Matter | Amount | Applied | Balance |
|---|---|---|---:|---|---:|
| 04-14-2020 | Payment | Castl vs PennyMaC | (2,500.00) | | (2,500.00) |
| 04-20-2020 | Payment | Castl vs PennyMaC | (2,500.00) | | (2,500.00) |
| 09-10-2020 | Payment | Castl vs PennyMaC | (2,000.00) | | (2,000.00) |
| 09-29-2020 | Invoice 206 | Castl vs PennyMaC | 58,575.88 | | 58,575.88 |
| 01-05-2021 | Invoice 234 | Castl vs PennyMaC | 8,422.70 | | 8,422.70 |
| | | | | **Balance** | **59,998.58** |

We appreciate your business and your confidence in our firm.      Page   5   of   5

091

# EXHIBIT 17

Electronically Filed
10/30/2018 2:38 PM
Steven D. Grierson
CLERK OF THE COURT



**DECD**
THOMAS C. MICHAELIDES, ESQ.
Nevada Bar No. 5425
2620 Regatta Drive, Suite 219
Las Vegas, Nevada 89128
Telephone:    (702) 462-6161
Facsimile:    (702) 413-6255
tcm@tcmlawgroup.com
*Attorney for Petitioners*

DISTRICT COURT, FAMILY DIVISION

CLARK COUNTY, NEVADA

In Re the Dissolution of the Marriage of

TRACY LEE CASTL and JOHNNIE CASTL,

            Petitioners.

CASE NO: D-18-578843-Z

DEPT NO:    E

### DECREE OF DIVORCE

This cause having been submitted to this Court for decision pursuant to Chapter 125 of the Nevada Revised Statutes, based upon the Joint Petition of the Petitioners, TRACY LEE CASTL and JOHNNIE CASTL, and after reviewing the pleadings and papers on file, the Court finds as follows:

1.    That the Court has complete jurisdiction in the premises, both as to the subject matter thereof as well as the parties hereto;

2.    That the Petitioner TRACY LEE CASTL has been domiciled in this State for more than six (6) weeks preceding the commencement of this action and is a bona fide resident of the State of Nevada.

3.    That the parties have become so widely divergent and separated that they have become incompatible with no possibility of reconciliation.

1

RECEIVED
OCT 29 2018
DEPARTMENT E

4.      That there are no minor child the issue of this marriage; no child was adopted during the course of the marriage; and TRACY LEE CASTL is not currently pregnant.

5.      That all the allegations contained in the Joint Petition are true as therein alleged, and that the parties are entitled to a Decree of Divorce on the grounds set forth in the Joint Petition.

6.      That as of the date of filing, every condition set forth in NRS 125.181 has been met.

7.      That all community property and all community debts have previously been fairly divided between the parties. The wife will remain with her sole and separate property of 8616 Mirada Del Sol, LV., NV., 89128; 3910 White Fir Way, Las Vegas, NV 89124 aka the Mount Charleston Property located on Rainbow Canyon Blvd; 2000 BMW 328i; 2015 BMW 650i; The husband BMW 650i was purchased as a gift to Tracy L. Hurst-Castl and the Husband agrees to retain the liability and will continue to make the monthly payments, insurance and maintenance throughout the term of the loan with BMW Financial Services. During Wife's hardship the Husband will agree to continue paying the household expenses for the Mirada Del Sol, Las Vegas, NV 89128 property, including the monthly mortgage which includes taxes and insurance, HOA Fees and all utilities, cell phone, monthly pool and lawn maintenance services and any other required maintenance for upkeep on the residence not to exceed 3 years.

8.      That the wife wishes to maintain her "family" name of "TRACY LEE HURST".

9.      That neither Petitioner is entitled to receive spousal support.

2

094

10.    That Petitioners have waived their respective rights to written notice of the Decree of Divorce, to appeal, to request Findings of Fact and Conclusions of Law and to move for a new trial.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the bonds of matrimony now and heretofore existing between the Petitioners TRACY LEE CASTL and JOHNNIE CASTL be dissolved, set aside and forever held for naught, and an absolute and final Decree of Divorce is hereby granted to the parties, and that each of the parties is hereby restored to the status of single, unmarried person.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all community property and all community debts have previously been fairly divided between the parties. The wife will remain with her sole and separate property of 8616 Mirada Del Sol, LV., NV., 89128; 3910 White Fir Way, Las Vegas, NV 89124 aka the Mount Charleston Property located on Rainbow Canyon Blvd; 2000 BMW 328i; 2015 BMW 650i; The husband BMW 650i was purchased as a gift to Tracy L. Hurst-Castl and the Husband agrees to retain the liability and will continue to make the monthly payments, insurance and maintenance throughout the term of the loan with BMW Financial Services. During Wife's hardship the Husband will agree to continue paying the household expenses for the Mirada Del Sol, Las Vegas, NV 89128 property, including the monthly mortgage which includes taxes and insurance, HOA Fees and all utilities, cell phone, monthly pool and lawn maintenance services and any other required maintenance for upkeep on the residence not to exceed 3 years.

095

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that there are no community debts between the parties (except for the debt on the BMW650i) that needs to be divided and that the Husband has agreed to assume the full debt

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner TRACY LEE CASTL wishes to maintain her "family" name of "TRACY LEE HURST".

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Petitioners expressly, knowingly, and unconditionally waive their right to spousal support both now and in the future. Petitioners understand that this wavier is permanent and that they may not petition the court for such relief. Husband agrees to provide financial assistance for Wife's personal needs during her hardship not to exceed 3 years.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the parties have made a full and complete settlement of their respective rights in their marital property. The parties in any subsequent action shall seek no monetary award, or any other remedy or benefit that would be in conflict with or in addition to what they have agreed upon in this instrument. The provisions in this Decree shall be taken as the full and final property settlement agreement, and it is agreed that a copy of the Decree shall be offered into evidence in any further proceedings between the parties, or in any suit between the parties.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the parties agree the provisions in this Decree supersede all prior negotiations between the parties and contain all the terms they have agreed upon.

///

096

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that both parties are required to provide their social security numbers on a separate form to the Court and to the Welfare Division of the Department of Human Resources within ten days from the date this Decree is filed pursuant to NRS 125.130. Such information shall be maintained by the Clerk in a confidential manner and not part of the public record.

DATED and DONE this ___30th___ day of ___October___, 2018.

_____
DISTRICT COURT JUDGE

CHARLES J. HOSKIN

Submitted by:

_____
THOMAS C. MICHAELIDES, ESQ.
Nevada Bar No. 5425
2620 Regatta Drive, Suite 219
Las Vegas, Nevada 89128
Telephone:    (702) 462-6161
Facsimile:    (702) 413-6255
tcm@tcmlawgroup.com
*Attorney for Petitioners*

5

097

# EXHIBIT D

Opposition to Motion for Summary Judgment,

District Court, Clark County, Nevada

Filed February 23, 2021

Electronically Filed
5/2/2022 3:37 PM
Steven D. Grierson
CLERK OF THE COURT

LAW OFFICES OF BYRON THOMAS
BYRON THOMAS, ESQ.
Nevada Bar No. 8906
3275 S. Jones Blvd. Ste. 104
Las Vegas, Nevada 89146
Phone:      (702) 747-3103
Facsimile: (702) 543-4855

Attorney for Defendants

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES, A NEVADA LIMITED LIABILITY COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>TRACY LEE HURST fka TRACY CASTL fka TRACY LEE HURST-CASTL, INDIVIDUALLY and as TRUSTEE OF THE MARY V. NAPHTALI IRREVOCABLE TRUST; THE TRACY LEE HURST LIVING TRUST; and DOE DEFENDANTS 1-5,<br><br>Defendants, | Case No.: A-21-829963-C<br>Dept. No.: XXIV<br><br><br>**OPPOSITION TO MOTION FOR SUMMARY AND REQUEST TO EXTEND DEADLINE TO FILE OPPOSITION<br>(FIRST REQUEST)** |

Defendants TRACY LEE HURST-CASTL, INDIVIDUALLY and as TRUSTEE OF THE MARY V. NAPHTALI IRREVOCABLE TRUST AND THE TRACY LEE HURST LIVING TRUST (collectively referred to as "Defendants") files this Opposition to Motion for Summary Judgment and Request to Extend Deadlin to File Opposition (the "Opposition"). .

/ / /

This opposition is based upon and supported by the following Memorandum of Points and Authorities, the pleadings and papers on file, the affidavits and exhibits attached hereto, and any oral argument at the time of hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  STATEMENT OF FACTS

The Defendants dispute the facts alleged by the PLAINTIFF in its Statement of Facts.  See the Declaration of Tracy Lee Hurst-Castl attached hereto as Exhibit "A."   This lawsuit is based upon attorney fees. At no time was there any attorney client fee agreement between the PLAINTIFFS and the named trusts. At no time did the DEFENDANT execute a HIPAA release for  private and confidential medical records that were used as litigation tactics in its Motion for Summary Judgment. DEFENDANTS further allege that the PLAINTIFFS have unclean hands and that every cause of action contained in its complaint are barred because the PLAINTIFFS have engaged in acts and courses of conduct which render them in pari delicto and not entitled to a judgment as a matter of law.

### II.  LEGAL ARGUMENT AND ANALYSIS

A. Standard for Summary Judgment

Summary judgment is appropriate under Nevada Rule of Civil Procedure, Rule 56 only when the pleading, depositions, answers to interrogatories, admissions, and affidavits, if any, that are properly before the court demonstrate that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law.

Evidence presented in support of a motion for summary judgment must be construed in the light most favorable to the nonmoving party, and facts demonstrating the existence of a genuine issue will preclude a disfavorable summary judgment. A factual dispute is genuine when the evidence is such that a rational jury could return a verdict in the nonmoving party's favor. Sustainable Growth Initiative Committee v. Jumpers. LLC, *22 Nev. 53, 61, 128 P.3d 452, 458* (2006). As the Nevada Supreme Court stated in Wood v. Safeway, Inc., *121 Nev. 724, 732, 121 P.3d 1026, 1031, 1032 (2005),* "A factual dispute is genuine when the evidence is such that a rational trier of fact could return a verdict for the nonmoving party." See also Posadas v. City of Reno, *109 Nev. 448, 851 P.2d 438* (1993).

When ruling on a summary judgment motion, "[a]ll of the nonmovant's statements must be accepted as true, and a district court may not pass on the credibility of affidavits." Jones v. First Mortgage Company of Nevada, *112 Nev. 531, 534, 915 P.2d 883, 885* (1996). See also, Harrington

v. Syufy Enterprises, *113 Nev. 246, 248, 931 P.2d 1378, 1379-80 (1997)*. "A court should exercise great care in granting summary judgment; a litigant has a right to trial where there is the slightest doubt as to the facts." Nehls v. Leonard, 97 Nev. 325, 328, 630 P.2d 258, 260 (1981), Stone v. Mission Bay Mtg. Co., *99 Nev. 802, 672 P.2d 629* (1983); Shepard v. Harrison, *100 Nev. 178, 180, 678 P.2d 670, 672 (1984)*; Pacific Pools Constr. Co. v. McClain's Concrete, Inc., *101 Nev. 557, 559, 706 P.2d 849, 851 (*1985).

Evidence introduced in support of or opposition to a motion for summary judgment must be admissible evidence; although the party opposing a motion for summary judgment is entitled to all favorable inferences from the pleadings and documentary evidence, the opposing party is not entitled to build a case on the gossamer threads of whimsy, speculation, and conjecture. Collins v. Union Fed. Sav.& Loan Ass'n, *99 Nev. 284, 302, 662 P.2d 610, 622 (1983)*; Henry Prods., Inc. v. Tarmu, *114 Nev. 1017, 1019, 967 P.2d 444, 445* (1998).

### III. ARGUMENT

*In the instant there are multiple genuine issue of material facts and the Plaintiffs are not entitled to a Summary Judgment as a matter of law and equity.*

### A. PLAINTIFF HAS NOT PROVEN BREACH OF CONTRACT

A breach of contract is the "material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.,* 103 Nev. 132, 135, 734 P.2d 1238, 1240 (1987). Under Nevada law, a breach of contract occurs when there exists a valid contract; the defendant has breached the terms of the contract; and the plaintiff has been damaged as a result of the defendant's breach. *Rivera v. Peri & Sons Farms, Inc.,* 735 F.3d 892, 899 (9th Cir. 2013)(citing *Saini v. Int'l Game Tech*, 434 F.Supp.2d 913, 919-920 (D. Nev. 2006)(citing *Richardson v. Jones,* 1 Nev. 405, 408 (1865)).

Hurst denies any breach of contract as at the time of signing the fee agreement, the agreement lacked the monthly payment amount and the hourly billing rate. Exhibit A. Wildeveld did not perform their end of the agreement as on the belief of Hurst. Wildeveld did not send any billing statements or invoices to Hurst prior to the trial. Id. In fact, Wildeveld's own exhibits show the first invoice and request for payment on September 29, 2020 with an Invoice Period of April 9, 2020 through September 29, 2020.

Aside from what is contained in the alleged fee agreement, Plaintiff did not request payment or show a request for any payments to be made prior to the invoice created on September 29, 2020 or after the initial payments totalling $5,000 were made in April, a total of five months with the alleged non-payment. In fact, Wildeveld charged for over $56,000 in fees before making any statement regarding payments needing to be made. Id.

**B. PLAINTIFF HAS NOT PROVEN UNJUST ENRICHMENT**

The elements of unjust enrichment are:

"[A] benefit conferred on the defendant by the plaintiff, appreciation by the defendant

of such benefit, and acceptance and retention by the defendant of such benefit under

circumstances such that it would be inequitable for him to retain the benefit without

payment of the value thereof"

Hurst denies the allegations of unjust enrichment again pointing to Wildeveld's own motion showing that Wildeveld did not send Hurst any billing statements prior to her amassing over $56,000 in attorney fees. Exhibit A. Wildeveld's own actions show bad faith. Wildeveld did not give Hurst time to dispute any charges or the option to represent herself. Id. Wildeveld's own fee agreement states "I also understand that if I miss a payment, that this office reserves the right to discontinue any payment plan set and demand the outstanding balance in-full, payable immediately or witydraw as counsel. I further understand that the Law Firm may move to withdraw as counsel for Client if fees are not promptly paid." Wildeveld shows the first requests for payment and invoices being sent in the end of September after trial. Wildeveld had, and could have requested to be relieved as attorney or executed a substitution prior to the trial and Hurst's bill becoming unmanageable. Id.

**C. PLAINTIFF HAS NOT PROVEN FRAUD**

Parties to contracts have a duty "not to make false promises or fraudulently misrepresent its intention to perform." Bernard v. Rockhill Dev. Co., 103 Nev. 132, 135, 734 P.2d 1238, 1240 (1987). To demonstrate fraud, Wildeveld must prove five (5) elements: "(1) a false representation, (2) the defendant's knowledge or belief that the representation is false, (3) the defendant's intention to induct the plaintiff's reliance, (4) the plaintiff's justifiable reliance, and (5) damages." Nev. State Educ. Ass'n v. Clark Cty. Educ. Ass'n, 137 Nev. Adv. Rep. 8, 2021 Nev. LEXIS 7 *23, 482 P.3d 665, 675 (2021). See also Lubbe v. Barba, 91 Nev. 596, 599, 540 P.2d 115, 117 (1975)(same).

Hurst denies claims of fraud. Hurst did not have any intention to act in a fraudulent manner or misrepresent her ability to pay. Exhibit A. Going in to the action Wildeveld was aware of Hurst's inability to pay as she was up front about it and had help paying part of the initial amount of $5,000. Id. It was Hurst's understanding and belief that representation would be solely for the purposes of requesting a continuance. Id. Had Hurst been apprised of the extensive fees being billed, including the billing for an initial consultation, she would have been able to make a decision as to whether or not she was comfortable forward with Wildeveld representing her. Id.

**D. PLAINTIFF HAS NOT PROVEN INTENTIONAL MISREPRESENTATION**

Intentional misrepresentation is established by three factors: (1) a false representation that is made with either knowledge or belief that it is false or without a sufficient foundation, (2) an intent to induce another's reliance, and (3) damages that result from this reliance." Nelson v. Heer, 123 Nev. 217, 225, 163 P.3d 420, 426 (2007).

Hurst denies intentional misrepresentation. Hurst was up front with her ability to pay. Exhibit "A". Hurst even informed Wildeveld of the need to have someone assist with making the initial payment to the office. Wildeveld did not give Hurst the chance to dispute claims or decide to represent herself until after the trial was held. Id. Wildeveld made no timely demand for payments until that time.

## IV. TRUSTEE IS A SEPARATE ENTITY FROM TRACY LEE HURST-CASTL AS THE CLIENT OF THE PLAINTIFF

Plaintiff sued TRACY LEE HURST-CASTL, ) INDIVIDUALLY and as TRUSTEE TRUSTEE ) OF THE MARY V. NAPHTALI ) IRREVOCABLE TRUST and as ) TRUSTEE OF THE TRACY LEE ) HURST LIVING TRUST; THE MARY V. ) NAPHTALI IRREVOCABLE TRUST; ) THE TRACY LEE HURST LIVING ) TRUST (the "Trusts").

The Plaintiff attempts to simply treat the Trust and Defendant Hurst the same without any factual basis simply not allowed:

At common law, a trustee was not a juristic entity that could sue or be sued; thus, a trustee was individually liable for injuries to third parties. *Richardson v. Klaesson,* 210 F.3d 811, 813–14 (8th Cir. 2000); *see also* 4 Austin Wakeman Scott, William Franklin Fratcher & Mark L. Ascher, *Scott and Ascher on Trusts* § 26.1, at 1870–71 (5th ed. 2007). Modernly, however, a person's representative capacity is distinguished from her individual capacity, and the differing "capacities are generally treated as ... two different legal personages." *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 543–44 & n.6, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (internal quotation marks omitted); *see also Airlines Reporting Corp. v. S & N Travel, Inc.,* 58 F.3d 857, 862 (2d Cir. 1995) ("Where a party sues or is sued in a representative capacity, however, its legal status is regarded as distinct from its position when it operates in an individual capacity."); *N. Tr. Co. v. Bunge Corp.,* 899 F.2d 591, 595 (7th Cir. 1990) ("In the eyes of the law a person who sues or is sued in a representative capacity is distinct from that person in his individual capacity."); Restatement (Third) of Trusts § 105 cmt. c (Am. Law Inst. 2012). The Nevada Legislature has recognized this distinction in NRS 163.140(4), which provides that a trustee may be held personally liable for a tort only if the trustee is personally at fault. *See also* NRS 163.120(3) (providing that a trustee is generally not personally liable on a contract entered into in a representative capacity). **Thus, Rhonda, in her individual capacity, is a distinct legal person and is a stranger to Rhonda in her representative capacity as a trustee of the Mona Family Trust. See Alexander v. Todman,** *361 F.2d 744,746* **(3dCir.1966)**

<u>Mona v. Eighth Judicial Dist. Court of State in & for County of Clark</u>, 132 Nev. 719, 728, 380 P.3d 836, 842 (2016). Just like the Trustee in the Mona Case, Defendant Hurst is a distinct individual from the Trusts.

Accordingly, Plaintiff can't simply obtain summary judgment against the Trusts by asserting in a footnote that "Hurst" also includes the trust defendants named in the Complaint." Simply alleging that Defenant Hurst did something does not mean that she was acting in her capacity s trustee of the Trusts in her dealings with Plaintiff. The Trusts are not listed on the retainer agreement, which was entered into in April of 2020. See Plaintiff's Exhibit 6 p.060. The Trusts were not Party to the PennyMac litigation. Exhibit 3, p.010. The Trusts are never mentioned until after the PennyMac litigation had concluded. Plaitniff's Exhibit 14 p.080. The Plaintiff's own billing records, which Defendants dispute, shows the PennyMac findings of facts were reviewed on September 25, 2020, well after the execution of the fee agreement. Exhibit "6" p.049. So there is absolutely no evidence that the Trusts were part of the Defendant Hursts agreement let alone that the Trust engaged in misconduct, and there is no privity between Plaintiff's and the trusts.

### D. DEFENDANTS REQUEST THE COURT ACCEPT THE LATE FILED MOTION.

The Court can extend the deadline for the Defendants to file the Opposition. The Opposition was orginally due on April 18, 2022. Counsel for Plaintiff granted an extension until April 27, 2022, but would not extend it the deadline past then. As Defendant Hurst' declaration indicates that she was unable to prepare the declaration until May 1, 2022, because of her medical condition and thus the failure to complete the opposition was due to her inability to assist counsel.

The Court can extend the deadline on a finding of excusable neglect. EDCR 2.25. There does not seem to be any caselaw addressing what excusable neglect is in this contex, but Defendant's Hurst medical condition is not something that the Defendants have any control over. Therefore the Defendants ask the Court to excuse the late filing. More over to avoid any prejudice to Plaitnff Defendants are willing to accommodate Plaintiff to afford them more time to respond or to continue the hearing date. The trial in this matter is not set until late June 2022.

/ / /

/ / /

/ / /

/ / /

## V.  Conclusion

For the reasons stated herein, the multiple disputed material facts demonstrate that Plaintiffs are not entitled to a summary judgment as a matter of law for Plaintiffs alleged claims of breach of contract, unjust enrichment, fraud, and intentional misrepresentation.

WHEREFORE, Plaintiff Tracy Hurst requests that the court deny Wildeveld's motion for summary judgment for the reasons as stated herein.


BYRON E. THOMAS, ESQ.


*/s/ Byron E. Thomas*
BYRON E. THOMAS, ESQ.
Nevada Bar No. 8906
3275 S. Jones Blvd, #104
Las Vegas, Nevada 89146
Phone:     +1(702) 747-3103
Facsimile: +1(702) 543-4855
byronthomaslaw@gmail.com
Attorney for Defendants


**DECLARATION OF TRACY LEE HURST-CASTL**

7



I,        TRACY LEE HURST-CASTL, declare as follows:

1.        All of the information set forth below is personally known to me, except where noted by me, as being based upon information or belief.  If called and swoorn as a witness, I could and would competently and truthfully testify to the information set forth below.

2.        I am submitting this declaration in Opposition to Plaintiff's request for Summary Judgment and filed this declaration late due to my current medical issues requiring a major surgery next month.

3.        On or about April 7, 2020 I received a call from my Chiropractor (and friend) Dr. Stephanie Youngblood.  She expressed she had a friend, Kristina Wildeveld, who was in her office getting a treatment. Stephanie explained to me that Kristina is an attorney that could possibly help me with initiating a Medical Malpractice complaint in California. I agreed to speak with her and Kristina took over the phone and stated that she is licensed in California and has an office there and it would be no problem to represent me there.  We concluded the conversation agreeing to meet in her office on April 9th to talk further about the proposed case.  At this meeting Kristina introduced me to Lisa Rasmussen and explained that Lisa would be in charge of handling my case as she practices Civil Law, and Kristina only handles criminal cases.  In this meeting, I brought up my predicament with an ongoing case, PennyMac. I explained the issues I was having with my then current attorney, Mr. Michaelitis neglecting my case and allowing essential deadlines to expire. After examining a few documents Lisa told me that Mr. Michaelitis has been in trouble before and is not a good lawyer pointing out that he had committed malpractice in my case.  We concluded the meeting agreeing that they would give me a call after further review of my pending issues with the PennyMac case.  Kristina also stated she would need to talk to her associate in CA named Josh about co-counseling with her with regard to the proposed Med Mal case.  I was told by Kristine that the initial consultation would be free.  At no time, did the PLAINTIFFS request a consultation fee or did they present me with an invoice requesting payment before I left that meeting.  However at the end of September, 2020 when I received my first billing statement, they included a consulation fee.

4.        On April 13, 2020, I received a call from Kristina and Lisa collectively addressing a retainer for the PennyMac Case which was pending an upcoming hearing.  Kristina stated that they would take the case and would need a $50K retainer. I expressed that I was ill and unable to work and that I would ask for assistance from family members and would get back to her.  In the meantime I contacted Dr. Youngblood in an emotional state telling her that Kristina is requiring a 50K retainer that I could not possibly attain and ask her if she would speak to Kristina to see if she

could lower the amount. My intention was to substitute her in the case before Mr. Michaelitis could do any further harm as he continually demonstrated. I received a call from Kristina stating that she "overshot her assessment" and would accept $5000 to take over the case. I explained that I was only able to pay the $5k in two installments.

5.    No monthly payments were discussed as I was only seeking help to continue the case so I could finish with my needed additional surgery having signs of severe infection and my wound not healing. We had no discussion about going through with a trial at that time. At that point Covid hit and all courts stopped holding trials. Cases were being continued at this time and hearings were by video remote.

6.    I went to Wildeveld's office on April 14, 2020 delivering the first $2500 installment and agreed to pay the last installment 5 days later on April 20, 2020. The front desk girl presented me with the Fee Agreement upon paying the first installment. She documented the transaction on the fee agreement showing the $2500 on the rightside corner of the agreement.   There was nothing in writing showing that I agreed to make monthly payments. The handwritten "Monthly" was not there when I signed the agreement nor was there any date reflecting when these supposed payments would start. The agreement also lacked their hourly rate as that was left blank as well where the $2000.00 was written in the statement. I never received a monthly statement requesting a payment nor did I receive an accounting of a monthly balance. I also never received a statement showing 2nd installment that was paid either. If this were to be true they would have been sending me notices for payment. I received nothing accounting wise until after we were forced to go to trial.

7.    To my knowledge, my case was the only case with a trial during covid. Lisa refused to file a writ with the higher court as she promised to do if we did not prevail. Her reason for not filing a Writ of Mandamus was that did not have the time. Also, I was not invited to this Motion for Continuance hearing I was excluded and have no idea what happened at that hearing I was told by her that I had no choice I have to go through with the trial in my current sickly condition even after having documentation in a letter from my surgeon.

8.    Lisa never asked for their so called missed payments nor did she threaten to withdrawal from the case. Lisa pushed me into trial, telling me if I did not participate she would lose the case. It should not have taken Wildeveld's office much to continue the case in April as the courts were closed due to COVID protocol. On 7-6-2020, I received an email that all payments were made. (See Exhibit A is attached hereto)

9.    Upon learning that Lisa's associate in the CA office declined taking my medical malpractice case she began to shop it with other lawyers. I'm only aware of one in San Diego that

Johnnie spoke to and declined to take it. Only after he had a heated conversation demanding to speak to the lawyer that is considering helping her with the case. I gave her a hard copy of my Medical Records. She did author letters for me to preserve the case so she could still search for an associate. Ultimately this has hindered my ability to file an action because of the Statute of Limitations law in CA. Lisa never billed me for this because she said it would be a contingency case and was a completely separate matter from the PennyMac litigation.

10.    Lisa's efforts to continue my PennyMac trial were unproductive and she refused to do what she said she would do if the Judge denied our motion. She promised to file a Writ with the higher court if it were denied but then said she didn't have time and that I need to prepare for the trial. I was not invited to the Motion for Continuance hearing. After excusing her I contacted the Court Clerk and she stated that I was the only trial done by Blujean. Preparing for having a video trial she had her assistant walk me through the process as it was difficult with my condition to maneuver the computer. This was very stressful.

11.    I raised an issue when I received the first invoice that blindsided me fraught with contradicting rate errors. On October 26, 2020, I finally received a revised accounting statement and their copy of my signed fee agreement which left me shocked looked like they had altered after I signed it and leaving their rate blank. I never received an original or copy of the fee agreement.

Under penalty of perjury under the the laws of Nevada, I attest that the foregoing statements are true and accurate.

May 1, 2022.                    TRACY LEE HURST-CASTL
                        _____

**PROOF OF SERVICE BY US MAIL**

**STATE OF NEVADA, COUNTY OF CLARK**

malpractice case she began to shop it with other lawyers. I'm only aware of one in San Diego that Johnnie spoke to and declined to take it. Only after he had a heated conversation demanding to speak to the lawyer that is considering helping her with the case. I gave her a hard copy of my Medical Records. She did author letters for me to preserve the case so she could still search for an associate. Ultimately this has hindered my ability to file an action because of the Statute of Limitations law in CA. Lisa never billed me for this because she said it would be a contingency case and was a completely separate matter from the PennyMac litigation.

10. Lisa's efforts to continue my PennyMac trial were unproductive and she refused to do what she said she would do if the Judge denied our motion. She promised to file a Writ with the higher court if it were denied but then said she didn't have time and that I need to prepare for the trial. I was not invited to the Motion for Continuance hearing. After excusing her I contacted the Court Clerk and she stated that I was the only trial done by Blujean. Preparing for having a video trial she had her assistant walk me through the process as it was difficult with my condition to maneuver the computer. This was very stressful.

11. I raised an issue when I received the first invoice that blindsided me fraught with contradicting rate errors. On October 26, 2020, I finally received a revised accounting statement and their copy of my signed fee agreement which left me shocked looked like they had altered after I signed it and leaving their rate blank. I never received an original or copy of the fee agreement.

Under penalty of perjury under the the laws of Nevada, I attest that the foregoing statements are true and accurate.

May 1, 2022.

TRACY LEE HURST-CASTL

...not sure what to tell the court, maybe request an extension of this deadline?

What is going on with Ken Sigelman? Johnny was contacting him directly.

Get Outlook for iOS

On Mon, Jul 6, 2020 at 8:08 AM -0700, "TRACY HURST" <tlhangel@hotmail.com> wrote:

Good morning,

Hope you had a fun 4th! I'm still in a predicament with finding a Medical Team; I'm still waiting on a consult with UCLA.

I was worried about the July 8th deadline for a motion if not medically able to participate with trial in September keeping in compliance with the Judge. At this point I have not a clue as to my ability to testify on that date this all depends on the date of the upcoming surgery. I've been literally stuck in this position with zero ability to predict what my capability will be by then.

As you know Florida is out of the question even if I could go there; their Covid situation has worsened and California seems to be just as bad.

Your aware of my insurance situation that they will only cover California in network providers. Very frustrating to say the least as this goes on my mental state is and has been very fragile.

Im hoping I will be able to finally get a teleconference consult this week, they've been waiting on a copy of my prior scans before they can schedule, this has been a lengthy process.

Let me know how we need to apprise the court on my medical status.

Thank you Lisa.

Tracy

# EXHIBIT E

Minute Order, District Court, Clark County, Nevada

Dated May 23, 2022

A-21-829963-C

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| Collection of Accounts | COURT MINUTES | May 23, 2022 |
|---|---|---|

| A-21-829963-C | The Law Offices of Kristina Wildeveld & Associates, LLC, Plaintiff(s) vs. Tracy Hurst, Defendant(s) |
|---|---|

**May 23, 2022**       **1:00 PM**       **Minute Order**

**HEARD BY:**  Ballou, Erika                    **COURTROOM:**  Chambers

**COURT CLERK:**
                Ro'Shell Hurtado

**RECORDER:**

**REPORTER:**

**PARTIES
PRESENT:**

## JOURNAL ENTRIES

- The Court having considered all papers and pleadings and determining that no hearing is necessary hereby VACATES the hearing scheduled for May 24, 2022. On April 4, 2022, Plaintiff filed a Motion for Summary Judgment. On May 2, 2022, Defendants untimely filed an Opposition and Request to Extend Deadline to File Opposition. On May 5, 2022, Plaintiff filed an Opposition and Countermotion to Strike Defendants  Opposition to Motion for Summary Judgment. On May 17, 2022, Defendants filed an Opposition to Plaintiff s Countermotion to Strike.

NRCP 56(a) states that  the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Under NRCP 56(c)(1), the facts must be supported by  materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials.  A factual dispute is genuine, and therefore summary judgment is inappropriate, when the evidence is such that a rational trier of fact could return a verdict for the nonmoving party.  Wood v. Safeway, Inc., 121 Nev. 724, 731, 121 P.3d 1026 (2005). All pleadings and proof must be construed in a light most favorable to the non-moving party, however, the non-moving party must do more than simply show that there is some metaphysical doubt as to

PRINT DATE:    05/23/2022                    Page 1 of 2          Minutes Date:    May 23, 2022

A-21-829963-C

the operative facts in order to avoid summary judgment being entered in the moving party's favor. The nonmoving party must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine issue for trial or have summary judgment entered against him.

Additionally, EDCR Rule 2.25(a) provides that a motion or stipulation to extend time shall inform the court of any previous extensions granted and state the reasons for the extension requested. A request for extension made after the expiration of the specified period shall not be granted unless the moving party, attorney or other person demonstrates that the failure to act was the result of excusable neglect.

Here, the Court finds that Defendant had excusable neglect or good cause for the untimely filing of their Opposition to Plaintiff s Motion for Summary Judgment. Ms. Hurst s May 1, 2022 declaration states that she filed this declaration late due to my current medical issues requiring a major surgery next month, i.e., June 2022. The Court finds that Ms. Hurst s declaration was needed to properly respond to Plaintiff s Motion for Summary Judgment and that Defendants have demonstrated that the failure to act was the result of excusable neglect. Therefore, Defendants request to extend the deadline to file a reply to the Motion is GRANTED pursuant to EDCR 2.25. Accordingly, Plaintiff s Countermotion to Strike Defendants Opposition is DENIED.

Additionally, the Court finds that Defendants have set forth specific facts demonstrating the existence of a genuine issue of material fact that it is more appropriate for the trier of fact to determine at the time of trial. Plaintiff s Motion for Summary Judgment is also DENIED. Furthermore, the Court does not find that attorney s fees or sanctions are warranted in this case. Plaintiff s request for those fees and sanctions for Defendants is hereby DENIED.

Defendants Counsel is directed to prepare a proposed order which is to be approved by Plaintiff s Counsel as to form and content prior to submitting the order to chambers at DC24Inbox@clarkcountycourts.us for review. It is so ordered.

CLERK S NOTE: This Minute Order was electronically served by Courtroom Clerk, Ro Shell Hurtado, to all registered parties for Odyssey File & Serve.//rh

PRINT DATE:    05/23/2022              Page 2 of 2         Minutes Date:    May 23, 2022

# EXHIBIT F

Minutes: Def's Motion to Continue Trial,

District Court, Clark County, Nevada

Dated May 31, 2022

**A-21-829963-C**

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| Collection of Accounts | COURT MINUTES | May 31, 2022 |
|---|---|---|

| A-21-829963-C | The Law Offices of Kristina Wildeveld & Associates, LLC, Plaintiff(s) vs. Tracy Hurst, Defendant(s) |
|---|---|

| May 31, 2022 | 09:00 AM | Deft.'s Motion to Continue Trial on OST...Deft.'s Motion to Seal on OST... |
|---|---|---|

**HEARD BY:** Ballou, Erika          **COURTROOM:** RJC Courtroom 12C

**COURT CLERK:** Hurtado, Ro'Shell

**RECORDER:** Schofield, Susan

**REPORTER:**

**PARTIES PRESENT:**

Byron  E. Thomas                    **Attorney for Defendant, Trustee**

Lisa  A. Rasmussen                  **Attorney for Plaintiff**

**JOURNAL ENTRIES**

Byron Thomas, Esq. present via Bluejeans video conference.

Deft.'s Motion to Continue Trial on OST...Deft.'s Motion to Seal on OST...

Ms. Rasmussen indicated Deft. was supposed to have the surgery since their representation in 2020; further indicated ongoing theme is the misuse of the legal system. Mr. Thomas represented there is a letter from Deft.'s doctor stating Deft. can t give competent testimony. COURT ORDERED, Deft.'s Motion to Seal on OST GRANTED; Deft.'s Motion to Continue Trial CONTINUED for further information on surgery.

MOTION TO CONTINUE TRIAL CONTINUED TO 06.14.2022 9:00 AM

---

# EXHIBIT G

Minutes: Granting Def's Motion to Continue Trial,

District Court, Clark County, Nevada

Dated June 14, 2022

**A-21-829963-C**

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| Collection of Accounts | COURT MINUTES | June 14, 2022 |
|---|---|---|

| A-21-829963-C | The Law Offices of Kristina Wildeveld & Associates, LLC, Plaintiff(s) vs. Tracy Hurst, Defendant(s) |
|---|---|

| June 14, 2022 | 09:00 AM | All Pending Motions |
|---|---|---|

**HEARD BY:** Ballou, Erika            **COURTROOM:** RJC Courtroom 12C

**COURT CLERK:** Hurtado, Ro'Shell

**RECORDER:** Schofield, Susan

**REPORTER:**

**PARTIES PRESENT:**

Byron  E. Thomas                     **Attorney for Defendant, Trustee**

Lisa  A. Rasmussen                   **Attorney for Plaintiff**

**JOURNAL ENTRIES**

Byron Thomas, Esq. present via Bluejeans video conference.

Calendar Call...Defendant's Motion to Continue Trial...

Upon Court's inquiry, Mr. Thomas indicated Deft. had a tentative surgery date of July 14, 2022. Ms. Rasmussen indicated she hadn't received any documentation from Mr. Thomas. The Court advised Mr. Thomas to provide the parties with documentation; ORDERED, Deft.'s Motion to Continue Trial GRANTED; matter SET for status check: trial setting.

06.28.2022 9:00 AM STATUS CHECK: TRIAL SETTING

# EXHIBIT H

Minutes: Trial Setting, District Court, Clark County, Nevada

Dated June 28, 2022

**A-21-829963-C**

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| Collection of Accounts | COURT MINUTES | June 28, 2022 |
|---|---|---|

| A-21-829963-C | The Law Offices of Kristina Wildeveld & Associates, LLC, Plaintiff(s) |
|---|---|
| | vs. |
| | Tracy Hurst, Defendant(s) |

| June 28, 2022 | 09:00 AM | Status Check: Trial Setting |
|---|---|---|

**HEARD BY:** Ballou, Erika                    **COURTROOM:** RJC Courtroom 12C

**COURT CLERK:** Hurtado, Ro'Shell

**RECORDER:** Schofield, Susan

**REPORTER:**

**PARTIES PRESENT:**

Byron  E. Thomas                              **Attorney for Defendant, Trustee**

Lisa  A. Rasmussen                           **Attorney for Plaintiff**

**JOURNAL ENTRIES**

Lisa Rasmussen Esq. and Byron Thomas, Esq. present via Bluejeans video conference.

Colloquy regarding trial dates. Following colloquy, COURT ORDERED, trial date SET.

11.01.2022 9:00 AM CALENDAR CALL

11.14.2022 1:00 PM BENCH TRIAL

# EXHIBIT I

Minutes: Calendar Call, District Court, Clark County, Nevada

Dated November 1, 2022

**A-21-829963-C**

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| Collection of Accounts | **COURT MINUTES** | November 01, 2022 |
|---|---|---|

| A-21-829963-C | The Law Offices of Kristina Wildeveld & Associates, LLC, Plaintiff(s) |
|---|---|
| | vs. |
| | Tracy Hurst, Defendant(s) |

**November 01, 2022**        **09:00 AM**        **Calendar Call**

**HEARD BY:**  Ballou, Erika                    **COURTROOM:**  RJC Courtroom 12C

**COURT CLERK:**  Hurtado, Ro'Shell

**RECORDER:**  Ward, Charisse

**REPORTER:**

**PARTIES PRESENT:**

Byron   E. Thomas                            **Attorney for Defendant, Trustee**

Lisa   A. Rasmussen                          **Attorney for Plaintiff**

**JOURNAL ENTRIES**

Colloquy regarding trial dates. Following colloquy, COURT ORDERED, trial date SET.

12.05.2022 1:00 PM BENCH TRIAL

# EXHIBIT J

Minutes: Def's Motion to Continue Trial,

District Court, Clark County, Nevada

Dated December 5. 2022

**A-21-829963-C**

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| Collection of Accounts | **COURT MINUTES** | December 05, 2022 |
|---|---|---|

| A-21-829963-C | The Law Offices of Kristina Wildeveld & Associates, LLC, Plaintiff(s) |
|---|---|
| | vs. |
| | Tracy Hurst, Defendant(s) |

| December 05, 2022 | 01:00 PM | **All Pending Motions** |
|---|---|---|

| **HEARD BY:** | Ballou, Erika | **COURTROOM:** RJC Courtroom 12C |
|---|---|---|

**COURT CLERK:** Schlitz, Kory

**RECORDER:** Ward, Charisse

**REPORTER:**

**PARTIES PRESENT:**

| Byron  E. Thomas | **Attorney for Defendant, Trustee** |
|---|---|
| Lisa  A. Rasmussen | **Attorney for Plaintiff** |

**JOURNAL ENTRIES**

MOTION TO CONTINUE TRIAL... BENCH TRIAL...

Kristina Wildeveld present as Plaintiff.

Ms. Rasmussen filed an Opposition to the Motion last Friday. COURT STATED they have reviewed the opposition, and the Court agrees there should be an examination of the therapist. Ms. Rasmussen argued the Court does not have enough information on the record for the Court to make a decision either way, and requested a hearing to bring the therapist to ensure this is not another delay tactic. Mr. Thomas stated no objection to having the hearing, however would request the Plaintiff's pay for the fees. Colloquy regarding scheduling of evidentiary hearing. COURT ORDERED, bench trial VACATED; evidentiary hearing SET.

1/5/2023  1:30 P.M. EVIDENTIARY HEARING RE: DOCTORS TESTIMONY

# EXHIBIT K

Minutes: Setting Trial, District Court, Clark County, Nevada

Dated January 5, 2023

**A-21-829963-C**

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| Collection of Accounts | COURT MINUTES | January 05, 2023 |
|---|---|---|

| A-21-829963-C | The Law Offices of Kristina Wildeveld & Associates, LLC, Plaintiff(s)<br>vs.<br>Tracy Hurst, Defendant(s) |
|---|---|

January 05, 2023          01:30 PM          **Evidentiary Hearing: Re Doctor's Testimony**

**HEARD BY:**  Ballou, Erika          **COURTROOM:**  RJC Courtroom 12C

**COURT CLERK:**  Atkins, Ron; Natali, Andrea

**RECORDER:**  Hurtado, Ro'Shell

**REPORTER:**

**PARTIES PRESENT:**

Byron  E. Thomas                              **Attorney for Defendant, Trustee**

Lisa  A. Rasmussen                            **Attorney for Plaintiff**

**JOURNAL ENTRIES**

COURT NOTED, a motion to continue had been filed; however, it did not agree that this matter should be continued, as it was already continued from firm setting in December, wherein Mr. Thomas had indicated his client had medical issues, and the doctor was supposed to be here to address the medical issues.  Mr. Thomas stated the witness stated she was not qualified to offer an opinion about whether Ms. Hurst could testify; additionally, he was trying to get a psychological examination done, but the examinations were being scheduled 6 months out, and he had been trying to get that done in an earlier timeframe; therefore, requested this matter be set on the next trial stack.  Ms. Rasmussen stated that Katrina Harris had refused to appear on this matter, and advised that she was going to inquire when Ms. Hurst had been consulted on this matter, but she was not here to address that.  Additionally, Ms. Rasmussen stated she agreed with the court; however, advised that she would agree to set the matter for a bench trial setting.  Mr. Thomas stated all of the motions had been filed in good faith. Following colloquy regarding counsel's availability, COURT ORDERED, matter SET for trial as a FIRM setting in February, and ADVISED counsel that this trial will need to proceed on the date set, unless this matter gets settled.

1/24/23 - 9:00 AM - CALENDAR CALL

2/27/23 - 1:00 PM - BENCH TRIAL - FIRM

# EXHIBIT L

Suggestion of Bankruptcy, District Court, Clark County, Nevada

Filed February 4, 2023

Electronically Filed
2/4/2023 12:09 PM
Steven D. Grierson
CLERK OF THE COURT

1 **SUGB**
2 Steven L. Yarmy, Esq
Nevada Bar No. 8733
3 7464 West Sahara Avenue
Las Vegas, NV 89117
4 (702) 586-3513
(702) 586-3690 Fax
5 sly@stevenyarmylaw.com
6 Chapter 11 Bankruptcy Attorney for Tracy Lee Hurst-Castl

7                              **DISTRICT COURT**

8

9                         **CLARK COUNTY, NEVADA**

10

11 THE LAW OFFICES OF KRISTINA
WILDEVELD & ASSOCIATES,                    Case No.: 2A-21-829963-C
12
                        Plaintiff,         Dept.: 24
13    vs.

14 TRACY LEE HURST fka TRACY LEE
HURST-CASTL, INDIVIDULALLY, and as
15 TRUSTEE IRROCAVABLE TRUST and as
TRUSTEE TRACY LEE HURST LIVING
16 TRUST; THE MARY V. NAPHTALI
IRROVACABLE TRUST; THE TRACY LEE
17 HURST LIVING TRUST
18                        Defendants.

19              **SUGGESTION OF BANKRUPTCY UPON THE RECORD**

20

21        Defendant TRACY LEE HURST fka TRACY LEE HURST-CASTL, hereby files this notice

22 that a chapter 11 (SUB CHAPTER V) bankruptcy petition was filed on her behalf in the United

23 States Bankruptcy Court, District of Nevada on February 4, 2023 under Bankruptcy Court in case

24 number 23-10410 . *See Notice of Bankruptcy attached hereto as EXHIBIT "A."*

25        Pursuant to 11 U.S.C. 362, an automatic stay may be in effect, in which any pending

26 proceedings may be stayed pursuant to aforementioned statutory authority, subject to any exceptions

27 set forth therein.

28

                                        - 1 -

1          This pleading merely serves the limited purpose of advising the Court and parties below of

2    the aforementioned bankruptcy proceeding. As a result of the stay, no further pleadings or papers

3    will be filed by the undersigned in this action.

4

5          Dated this 4th day of February 2023.

6

7

8    **/s/Steven L. Yarmy, Esq.**
    Steven L. Yarmy, Esq

9        Nevada Bar No. 8733
    7464 West Sahara Avenue

10       Las Vegas, NV 89117
    (702) 586-3513

11       (702) 586-3690 Fax

12       sly@stevenyarmylaw.com
    Chapter 11 Bankruptcy Attorney for Tracy Lee Hurst-Castl

13

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ////

28

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Rule 5(b) of the Nevada Rules of Civil Procedure, the undersigned, certifies that on this 4th day of February 2023, the foregoing SUGGESTION OF BANKRUPTCY UPON THE RECORD was served upon those persons designated by the parties in the E-Service Master List in the Eight Judicial District court efiling system in accordance with mandatory electronic service requirements of Administrative Order 14-1 and the Nevada Electronic Filing and Conversion Rules.

<u>/s/Steven L. Yarmy, Esq.</u>
Steven L. Yarmy, Esq
Nevada Bar No. 8733
7464 West Sahara Avenue
Las Vegas, NV 89117
(702) 586-3513
(702) 586-3690 Fax
sly@stevenyarmylaw.com
Chapter 11 Bankruptcy Attorney for Tracy Lee Hurst-Castl

///

///

///

///

///

///

///

///

///

///

# EXHIBIT "A"
# (Notice of Bankruptcy)

United States Bankruptcy Court
District of Nevada

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under
Chapter 11 of the United States Bankruptcy Code, entered on 02/04/2023
at 10:59 AM and filed on 02/04/2023.

**TRACY LEE HURST-CASTL**
P.O BOX 35937
LAS VEGAS, NV 89133
SSN / ITIN: xxx-xx-3162

The case was filed by the debtor's attorney:

**STEVEN L. YARMY**
7464 W. SAHARA AVENUE
LAS VEGAS, NV 89117
(702) 586-3513

The case was assigned case number 23-10410.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against
the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at
all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights
in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page http://www.nvb.uscourts.gov or at the Clerk's Office, 300 Las Vegas Blvd., South, Las Vegas,
NV 89101.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

Mary A. Schott
Clerk, U.S. Bankruptcy Court

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/04/2023 11:09:22 | | |
| **PACER Login:** | stevenyarmylaw | **Client Code:** | |
| **Description:** | Notice of Filing | **Search Criteria:** | 23-10410 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |