1 | Steven L. Yarmy, Esq.
2 | Nevada Bar No. 8733
  | 7464 W Sahara Ave, STE 8
3 | Las Vegas, Nevada 89117
  | (702) 586-3513
4 | (702) 586-3690 FAX
  | sly@stevenyarmylaw.com
5 | admin@yarmylaw.com
6 | Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 23-10410-MKN |
| TRACY LEE HURST-CASTL, | Chapter 11<br>Subchapter V |
| Debtor. | SubV Trustee: Brian Shapiro |
| | **Hearing Date: TBD**<br>**Hearing time:  TBD** |

### OBJECTION TO PROOF OF CLAIMS NO. 6
### (Law Offices of Kristina Wildeveld & Associates)
### FILING FALSE CLAIM PURSUANT TO 18 U.S.C. § 152 SECTIONS (3) AND (4); MOTION
### FOR SANCTIONS; AND ATTORNEY FEES

Now comes the above-captioned debtor in possession by and through her undersigned attorney, Steven L. Yarmy, Esq. and files this Objection (the "Objection"), pursuant to United States Bankruptcy Code Rules 3007 and LR 3007. **This Objection is supported by the Declaration of the Debtor Tracy Lee Hurst-Castl and Exhibits in Support of Debtor Tracy Lee Hurst-Castl's Declaration.**

### JURISDICTION

An objection to claim is a core preceding that a bankruptcy judge may hear and determine. 28 U.S.C. § 157(b)(2)(B).

///

///

## STATEMENT OF FACTS

1. The Debtor filed in good faith a voluntary petition under Chapter 11 under Subchapter V of the Bankruptcy Code on February 4, 2023 (the "Petition Date"), thereby commencing this present Chapter 11 case.

2. The Debtor objects to the claim filed in the Claims Register as Claim Number 6, The Law Offices of Kristina Wildeveld & Associates.

3. Wildeveld's Proof of Claim #6 was filed on February 28, 2023. **See EXHIBIT "A."**

4. The amount of claim stated in the Proof of Claim #6 is shown as $61,598.58 which is disputed in the Debtor's schedules.

5. The initial objection to Proof of Claim #6 was filed on May 11, 2023, which included Tracy's Objection to January 5, 2021, Final Billing Invoice #234.  At the time, no comparison was made to the January 5, 2021, FINAL Billing Invoice #234, attached to Proof of Claim #6.

On or about May 6, 2023, when Tracy was preparing her Declaration to her objection to Proof of Claim #6, she discovered that it was clearly a different version than what was emailed from Ms. Rasmussen to her on January 5, 2021.  Shortly after receiving the email, Tracy also received a copy of FINAL Billing Invoice #234 through the U.S. mail.   Wildeveld knowingly and with reckless disregard for the truth, and their client Tracy's debilitating condition made false statements of material fact, on FINAL Billing Invoice No. 234, pages 4 and 5, which she relied on filing a fraudulent Proof of Claim #6 in this case.

6. Wildeveld's evidenced Proof of Claim #6 is clearly deceptive and does not reflect the same with the Final Billing Invoice #234 that was emailed to Tracy Lee Hurst-Castl ("Tracy") on January 5, 2021; specifically pages 4 & 5 that is filed in this case. Pages 4 and 5 attached to Proof of Claim #6 is materially different pages 4 & 5 than what Tracy received by email from Ms. Rasmussen on January

5, 2021, and what Wildeveld has been utilizing in their ongoing lawsuit for fraud against Tracy. **See EXHIBIT "B."**

7. Tracy's Billing Invoice #234, page 4, reflects only **one "matter"**:

**Castl vs PennyMac**                     **Balance:**          **$59,998.58**

However, it is undisputed that Wildeveld states **two "matters"**:

**Castl vs. PennyMac and Castl vs. GS, page 4,**    **Balance:**          **$59,998.58**

Tracy's copy of page 5 shows only **one "matter"**:

**Castl v. PennyMac**                     **Balance:**          **$59,998.58**

However, it is undisputed that Wildeveld's Proof of Claim #6, page 5 of 5 is fraudulent when it was filed stating **two "matters"**:

**Castl vs. Pennymac & Castl vs. GS (med mal matter)   Total Amount to Pay: $66,884.88**

| Castl v. GS (med mal matter): | Balance Due: | $6,886.30 |
| Castl v. Pennymac | Balance Due: | $59,998.58 |
| | Total Amount to Pay | $66,884.88 |
| **Open Invoices: 9/29/2020 Inv. #206 Castl v. Pennymac** | | **$58,575.88** |
| **9/29/2020 Inv. #252 Castl v. GS** | | **$6,886.30** |
| **1/25/2021 Inv. #234 Castl v. Pennymac** | | **$8,422.70** |
| | **Balance:** | **$66,884.88** |

8. Ms. Rasmussen's evidence marked as January 5, 2021, Exhibit "A" Proof of Claim #6, FINAL BILLING INVOICE #234 is inaccurate and fraudulent.

Initially, Wildeveld deliberately altered and filed FINAL Billing Invoice #234 to deceive Tracy and this Bankruptcy Court to reflect **one matter** (Castl vs. PennyMac case) in the balance of $59,998.58.[1]

In preparing her Declaration to her Objection to Wildeveld's Proof of Claim, around May 6, 2023, Tracy discovered that Wildeveld hid the fraud when they attached as Exhibit A and then learned that there were **two (2) matters** which included different balances for legal services: **one (1) for the**

---

[1] Wildeveld's POC #6, page 9 of 10; and Inv. #234 reflects $66,884.88

**medical malpractice matter and one (1) for the PennyMac matter.** Wildeveld deliberately ignored their duty to adequately represent their medically impaired client to file a medical malpractice case for gross negligence when clearly the Cedar Sinai surgeons failed to provide Tracy proper post-surgical care after removing the brain tumor. Their gross negligence was discovered on November 15, 2019, during the latest emergency surgical procedure, when discovering their fault she developed life threatening systemic sepsis, a chronic infection having a portion of her skull removed. She still is suffering with an open wound and requiring two additional surgeries in the future to heal wholly. Wildeveld failed to file Tracy's medical malpractice case within the statute of limitations, and intentionally failed to inform or notify her, which has harmed Tracy's abilities to seek redress causing her emotional and financial damage.

Final Billing Invoice #234 was emailed to Tracy from Ms. Rasmussen (Exhibit G Billing Invoices 196, 206 & 234 were provided to Tracy from Ms. Jessica Malone, employee, and Ms. Rasmussen). Wildeveld sent out invoices that misrepresented Tracy owed that amount and demonstrating a pattern of fraudulent activity which was continuous and resulted in their onslaught of mental distress.

**BILLING INVOICE #196**

Tracy received through email on October 2, 2020, from Ms. Malone, an employee, with no warning or discussion from Attorney's Wildeveld or Rasmussen to her, attached the September 29, 2022 Billing Invoice #196; that Wildeveld knew was substantiated with their fabricated and altered AGREEMENT FOR REPRESENTATION requesting an outstanding balance due upon receipt. Neither Ms. Rasmussen nor Ms. Wildeveld ever discussed additional legal fees due to them with Tracy, which she believes are false, deceptive and improper. She discovered that Wildeveld's hourly rates of $600 and $650 per hour were conflicting, showing a pattern of their deceit. The untitled fee agreement that Tracy signed was altered and fabricated after it was executed to enable Wildeveld to

continue charging her inflated billable hours without her knowledge and to her detriment.  They continue their scheme to defraud Tracy, altering the AGREEMENT FOR REPRESENTATION lulling her by their assurances they promised to file a medical malpractice case, which never materialized and prevented her from detecting the fraud that occurred in Wildevelds lawsuit against her to collect fraudulent fees.  Here, Tracy alleges Wildeveld used a fabricated fee agreement to substantiate their fraudulent charges and invoices to purposely frame their optics to aggressively pursue collection with unwarranted legal action.

**BILLING INVOICE #206**

Wildeveld's Billing Invoice #'s 196 & 206 reflect that they falsely started billing Tracy on April 9, 2020, prior to her signing the April 14, 2020, AGREEMENT FOR REPRESENTATION, despite Wildeveld stating that the consultation would be no charge.

On October 26, 2020, Tracy received an email from Ms. Rasmussen with two attachments titled: **"Revised Sept 29 Invoice.pdf"** and **"Hurst Fee Agreement.pdf."**

Additionally, Wildeveld deliberately failed to provide Tracy a copy of the signed AGREEMENT FOR REPRESENTTION until **195 days** had passed and long after the Castl vs. PennyMac trial had concluded on September 10, 2020.

9. Wildeveld knew Proof of Claim #6 was false.  Page 4 states TRACY LEE HURST CASTL PAYMENTS 2020, 2021, 2022, 2023 "NP-No Payment Made, P-Payment Made" then showing a payment made in April 2020 and another in September 2020, they are intentionally and purposely misleading Tracy and the court. To the contrary Tracy made two installments in April 2020; 1st on April 14, 2020, for $2500.00 and 2nd on April 20, 2020, for $2500.00 to equal a $5,000.00 flat fee **ONLY** to continue the Castl vs. PennyMac trial date as mutually agreed between Ms. Wildeveld and Tracy on their April 13, 2020 telephone conversation.  Additionally, Johnnie (former husband)

delivered $2000.00 to Wildeveld's office on the final day of the Castl vs. PennyMac trial; at his own

will his intention for payment was to reimburse Wildeveld for out-of-pocket expenses on Tracy's

behalf.  Wildeveld intentionally misrepresents his reimbursement as a monthly payment; additionally,

he was not provided a receipt.  Thereafter Ms. Rasmussen confirmed receiving the money by

responding to Johnnies email to her on September 10, 2020.   Wildeveld failed to provide Tracy with

monthly accounting/billing statements or delinquent notices of any kind throughout their

representation, only way later after the Castl vs. PennyMac trial concluded she received the 1st Billing

Invoice #196.

     See Tracy's email sent to Ms. Wildeveld and copied Ms. Rasmussen on April 20, 2020,

confirming she had paid the $5000.00 flat fee in full, **"Subject: Payment paid in full today:)",** and

also evidenced on both of Wildeveld's paper receipts stating on each "Attorney Fee - $2500.00" that

Wildeveld's Receptionist provided Tracy. Ms. Wildeveld or Ms. Rasmussen purposely did not

respond to or acknowledge this email from Tracy, nor did they deny or refute Tracy's confirmation to

them being paid in full.

10. There is NO existing signed FEE AGREEMENT where Tracy agreed to make $2000 monthly

payments from April 2020 through January 2023. Additionally, the untitled and fraudulently altered

AGREEMENT FOR REPRESENTATION fails to identify the client "(Client) in the above matter(s)

attached to Proof of Claim #6.  The Wildeveld AGREEMENT FOR REPRESENTATION willfully

fails to identify the case matter, case number, hourly rate, or scope of work to be performed.  The

"2000" is written in and fails to describe the terms of the monthly payments, nor describes a start or

end date of said payments, fails to exist. **Attached as EXHIBIT B to POC #6, page 10 of 10.**

**(EXHIBIT "A").**

11. Tracy also alleges that Wildeveld engaged in conduct to "harass, oppress or abuse" in violation

of 15 U.S.C. § 1692d  and § 1692f(6). This alleged conduct included (1) filing a lawsuit against Tracy

1  knowing they fraudulently altered the AGREEMENT FOR REPRESENTATION and Billing Invoice

2  #s 196, 206, and 234;  (2) took unfair advantage of Tracy's debilitating medical condition by using

3  propriety, privileged medical records and communications by filing a civil lawsuit in Nevada alleging

4  fraud on unpaid legal fees; (3) rather than tendering a claim to the Cedar Sinai surgeon's malpractice

5  carrier and missing the statute of limitations to assess Tracy's damages.  Wildeveld took unfair

6  advantage of Tracy's debilitating medical condition.   Ms. Rasmussen deliberately pushed Tracy into a

7  trial, she intentionally neglected to notify or inform the Court (Castl vs. PennyMac case) or Tracy that

8  she purposely neglected to do so.  She was instructed to file 60-days prior noticing the court of

9  Tracy's inability to medically and emotionally participate in a trial prior to September 8th scheduled

10  trial date, as Judge Johnson firmly requested during the previous "Motion to Continue Trial Date"

11

12  hearing held on May 5, 2020; instead of seeking a continuance having malicious intent to sabotage the

13  efforts for a motion to continue the trial date, knowing it would be denied by the Judge.  Wildeveld

14  devised a fraudulent scheme intentionally to entrap and force Tracy to be unwillingly financially

15

16  indebted to their firm; and (4) Ms. Rasmussen knowingly and deliberately made false representations

17  attesting to the truth that Tracy promised to make $2000.00 monthly payments, despite knowing that

18  the AGREEMENT FOR REPRESENTATION space was blank.  Tracy discovered "2000" was

19  written in after she had signed it and it also fails to reflect the $5,000.00 flat fee that was mutually

20  agreed between Ms. Wildeveld and Tracy.

21

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

# POINTS AND AUTHORITIES

### 11 U.S. Code § 502 - Allowance of claims or interests

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

(2) such claim is for unmatured interest;

(3) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property;

(4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;

(5) such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title;

(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—

(A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—

(i) the date of the filing of the petition; and

(ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus

(B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;

(7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract, such claim exceeds—

(A) the compensation provided by such contract, without acceleration, for one year following the earlier of—

(i) the date of the filing of the petition; or

(ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus

(B) any unpaid compensation due under such contract, without acceleration, on the earlier of such dates;

(8) such claim results from a reduction, due to late payment, in the amount of an otherwise applicable credit available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor; or

(9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide, and except that in a case under chapter 13, a claim of a governmental unit for a tax with respect to a return filed under section 1308 shall be timely if the claim is filed on or before the date that is 60 days after the date on which such return was filed as required.

**In Re Heath**

We are not persuaded by the minority view or by Debtors' arguments. First, we are bound by the plain meaning of the statute. Section 501(a) provides that a "creditor or an indenture trustee may file a proof of claim." 11 U.S.C. § 501(a). Section 502(a) states that a claim filed under Section 501 "is deemed allowed" unless an objection is made. 11 U.S.C. § 502(a). **Section 502(b) states that if an objection to a claim is made, then the court "shall" determine the amount of such claim and "shall allow such claim" except to the extent that one of the limited grounds for disallowance is established. 11 U.S.C. § 502(b) (emphasis added). Noncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance.** The minority decisions do not explain how they can disregard this statutory mandate. The statute's provisions cannot be enlarged or reduced by the Rules. See Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation), 318 B.R. 147, 150-51 (8th Cir. BAP 2004) ("Section 502(b) sets forth the sole grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies" and "[t]he rules are designed to supplement the statute, not replace it.") (citing 28 U.S.C. § 2075) (emphasis added); Cluff, 313 B.R. at 331-340; In re Shank, 315 B.R. 799, 801 (Bankr.N.D.Ga.2004) ("[T]here is no reason to require amendment of claims when, as here, there is no showing that there are any disputes about the debtor's liability on the claims or their amounts."); Kemmer, 315 B.R. at 716 ("[A]s long as the creditor has presented some evidence to substantiate the claim, the objecting party must have a basis for challenging the validity of the claim."); In re Mazzoni, 318 B.R. 576, 578 n. 12 (Bankr.D.Kan.2004) (following Cluff, Shank, and Kemmer); In re Guidry, 321 B.R. 712, 714 (Bankr.N.D.Ill.2005) (same).

Second, there is nothing in the statutory scheme that violates due process. The procedure for claims allowance or disallowance is designed to be speedy and inexpensive, and Section 502(a) deems claims allowed. The purpose of Rule 3001(f) is not to undermine this approach or create an independent reason to disallow claims but to permit the proof of claim itself to act similar to a verified

complaint and have an independent evidentiary effect. Cluff, 313 B.R. at 332; Garner, 246 B.R. at 622 (evidentiary effect of proof of claim is "similar to that of a verified complaint"). In fact, a proof of claim has been said to have more weight than a verified pleading because it is signed under penalty of up to $500,000.00 or up to five years in prison, or both, for fraudulent claims. See Official Form 10 (citing 18 U.S.C. §§ 152 and 3571); Cluff, 313 B.R. at 337-38. If the proof of claim is not entitled to prima facie validity then it may have lesser evidentiary weight or none at all, but unless there is a factual dispute that is irrelevant: ***In Re Heath*, 331 B.R. 424 (9th Cir. BAP 2005).**

      The filing of a proof of claim is analogous to filing a complaint in the bankruptcy case. See Brosio v. Deutsche Bank Nat'l Trust Co. (In re Brosio), 505 B.R. 903, 912-13 (B.A.P. 9th Cir. 2014) ("The filing of a proof of claim is analogous to filing a complaint in the bankruptcy case. United States v. Levoy (In re Levoy), 182 B.R. 827, 833 n. 5 (9th Cir. BAP 1995); Smith v. Dowden, 47 F.3d 940, 943 (8th Cir.1995); Simmons v. Savell (In re Simmons), 765 F.2d 547, 552 (5th Cir.1985); Nortex Trading Corp. v. Newfield, 311 F.2d 163, 164 (2d Cir.1962); In re Edwards Theatres Circuit, Inc., 281 B.R. 675, 681 (Bankr.C.D.Cal.2002). And a claim objection by the debtor is analogous to an answer. O'Neill v. Cont'l Airlines (In re Cont'l Airlines), 928 F.2d 127, 129 (5th Cir.1991) ("[T]he filing of a proof of claim is analogous to the filing of a complaint in a civil action, with the bankrupt's objection the same as the answer.") (citing Simmons and Nortex Trading Corp.);In re Cruisephone, Inc., 278 B.R. 325, 330 (Bankr.E.D.N.Y.2002) ("In the bankruptcy context, a proof of claim filed by a creditor is conceptually analogous to a civil complaint, an objection to the claim is akin to an answer or defense and an adversary proceeding initiated against the creditor that filed the proof of claim is like a counterclaim."). To challenge the allowance of the claim pursuant to Code § 502(b), the objecting party need only file an objection pursuant to the applicable rules. See ***In re Mazyck*,** 521 B.R. 726 (Bankr. D. S.C. 2014).

"Congress intended to disqualify a creditor whenever there is an legitimate basis for the debtor not paying the debt, whether that basis is factual or legal." In re TPG Troy, LLC, 492 B.R. 150, 159 (Bankr. S.D.N.Y. 2013) (quoting Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC), 330 F.3d 111, 117-18 (2nd Cir. 2003). See *In re Honolulu Affordable Hous. Partners, LLC*, Case No.: 15-00146, at *11 n.33 (Bankr. D. Haw. May. 7, 2015).

"Claim allowance" is determined by section 502, which establishes the amount of the creditor's allowed claim. Section 502 does not address the status or treatment of a secured claim in a case, but merely creates a threshold for determining whether an asserted claim or interest is eligible for distribution from the estate, and if so, in what amount.

Bankruptcy Rule 3001(f) provides that a proof of claim executed and filed in accordance with the Bankruptcy Rules shall constitute prima facie evidence of the validity and amount of the claim. See Fed. R. Bankr. P. 3001(f).

In accordance with section 502(b) of the Bankruptcy Code, the validity and amount of the claim shall be determined as of the date of the filing of the bankruptcy petition. Section 502(b)(1) requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured..." 11 U.S.C. § 502(b)(1).

The "applicable law" referenced in section 502(b)(1) includes bankruptcy law as well as other federal and state laws. See Cavaliere v. Sapir, 208 B.R. 784, 786-87 (D. Conn. 1997) (providing that "applicable law" includes bankruptcy law). A debtor is therefore allowed to raise any federal or state law defenses to a claim. See In re G.I. Industries, Inc., 204 F.3d 1276, 1281 (9th Cir. 2000) (stating that a claim cannot be allowed under section 502(b)(1) if it is unenforceable under nonbankruptcy law); Johnson v. Righetti, 756 F.2d 738, 741 (9th Cir. 1985) (finding that the validity of the claim may

be determined under state law); *In re Eastview Estates II*, 713 F.2d 443, 447 (9th Cir. 1983) (applying California law).

Under Rule 3001(f), a filed proof of claim "constitutes prima facie evidence of the validity and amount of the claim" which, via § 502(a), is deemed allowed unless a party in interest objects. Lundell v. Anchor Constr. Specialists, Inc.,223 F.3d 1035, 1039 (9th Cir.2000); In re Morrow, 03.2 IBCR 100, 101, 2003 WL 25273857 (Bankr.D.Idaho 2003). If an objection to a proof of claim is made, the Code instructs the Court to conduct a hearing, to determine the amount of the claim, and to allow the claim, except to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]" § 502(b)(1). *In re Davis*, 554 B.R. 918, 921 (Bankr. D. Idaho 2016).

## 851. FALSE CLAIMS—18 U.S.C. § 152(4)

Subsection (4) of Section 152 sets out the offense of filing a false bankruptcy claim. A "claim" is a document filed in a bankruptcy proceeding by a creditor of the debtor. It is sometimes also called a "proof of claim." For the purposes of this section the nature of the claim is immaterial-- i.e., the claim can be secured or unsecured, liquidated or unliquidated, disputed or undisputed. A "false" claim is one that is known by the creditor to be factually untrue at the time the claim is filed.

Subsection (4) provides:

A person who...knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;...shall be fined..., imprisoned..., or both.

The elements of a false claim violation are:

1. that bankruptcy proceedings had been commenced;
2. that defendant presented or caused to be presented a proof of claim in the bankruptcy;
3. that the proof of claim was false as to a material matter; and
4. that the defendant knew the proof of claim was false and acted knowingly and fraudulently.

*United States v. Overmyer,* 867 F.2d 937, 949 (6th Cir.), cert. denied, 493 U.S. 813 (1989).

A claim can be asserted by a creditor whether or not it is reduced to judgment, whether the claim is liquidated, unliquidated, fixed, contingent, mature, unmatured, disputed, undisputed, legal, equitable,

secured or unsecured. *United States v. Connery*, 867 F.2d 929, 934 (reh'g denied)(6th Cir. 1989), appeal after remand 911 F.2d 734 (1990).

Since the falsity of a claim, in most cases, is obvious, the key issue frequently becomes what was the defendant's state of mind at the time of the filing of the claim. Good faith is a complete defense to this charge. The filing of a false claim is not a crime where there was a good faith belief in its accuracy. *United States v. Connery*, 867 F.2d 929, 934 (reh'g denied)(6th Cir. 1989), appeal after remand 911 F.2d 734 (1990).

A proof of claim is not false merely because it may be inaccurate or erroneous in any or all respects. The claim may be asserted by a creditor in good faith even though the moneys being sought are thereafter successfully disputed by the debtor or disallowed by the Bankruptcy Court. Instead, a proof of claim is false if the statements contained therein are intentionally inaccurate and submitted without any good faith basis for the claim and are not the result of some mistake or clerical error or inadvertent omission. *United States v. Overmyer*, 867 F.2d 937, 950 (6th Cir.), cert. denied, 493 U.S. 813 (1989), appeal after remand, 899 F.2d 457 (6th Cir. 1990), cert. denied, 498 U.S. 939 (1990)(quoting above instruction with approval).

**In Re Taylor**

To defeat the claim, the objector must come forward with sufficient *12 evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *In re Holm*, 931 F.2d at 623.

"If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." In re Consol. Pioneer, 178 B.R. at 226 (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)). The ultimate burden of persuasion remains at all times upon the claimant. *See In re Holm*, 931 F.2d at 623.

Mont. Local Bankruptcy Rule ("LBR") 3007-1 provides: "Overstated Proofs of Claim. A proof of claim found to be knowingly overstated or false as to any material item may be disallowed in its entirety by the Court, after hearing." *Miller v. Snavely*, 19 Mont. B.R. 300, 342 (Bankr. D. Mont.

**Sanchez v. Aurora Loan Servs. LLC** (In re Sanchez), No. 09-41756-E-13 (Bankr. E.D. Cal. Dec. 16, 2011).

Under the Federal Rules of Civil Procedure there is a heightened pleading standard requiring that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." **Fed.R.Civ.P. 9 and Fed.R.Bankr.P.** 7009.

"A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so a defendant can prepare an adequate answer from the allegations." In re Van Wagoner Funds, Inc. Securities Litigation, 382 F.Supp.2d 1173, 1180 (N.D. Cal. 2004). "The plaintiff must state precisely the time, place, and nature of misleading statements, misrepresentations, and specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).

**18 U.S.C. § 152**

A person who-

(1) knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of a debtor;

(2) knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;

**(3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11;**

**(4) knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;**

(5) knowingly and fraudulently receives any material amount of property from a debtor after the filing of a case under title 11, with intent to defeat the provisions of title 11;

(6) knowingly and fraudulently gives, offers, receives, or attempts to obtain any money or property, remuneration, compensation, reward, advantage, or promise thereof for acting or forbearing to act in any case under title 11;

(7) in a personal capacity or as an agent or officer of any person or corporation, in contemplation of a case under title 11 by or against the person or any other person or corporation, or with intent to defeat the provisions of title 11, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation;

(8) after the filing of a case under title 11 or in contemplation thereof, knowingly and fraudulently conceals, destroys, mutilates, falsifies, or makes a false entry in any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor; or

(9) after the filing of a case under title 11, knowingly and fraudulently withholds from a custodian, trustee, marshal, or other officer of the court or a United States Trustee entitled to its possession, any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor,

shall be fined under this title, imprisoned not more than 5 years, or both. 18 U.S.C. § 152

June 25, 1948, ch. 645, 62 Stat. 689; Pub. L. 86-519, §2, June 12, 1960, 74 Stat. 217; Pub. L. 86-701, Sept. 2, 1960, 74 Stat. 753; Pub. L. 94-550, §4, Oct. 18, 1976, 90 Stat. 2535; Pub. L. 95-598, title III, §314(a), (c), Nov. 6, 1978, 92 Stat. 2676, 2677; Pub. L. 100-690, title VII, §7017, Nov. 18, 1988, 102 Stat. 4395; Pub. L. 103-322, title XXXIII, §330016(1)(K), Sept. 13, 1994, 108 Stat. 2147; Pub. L. 103-394, title III, §312(a)(1)(A), Oct. 22, 1994, 108 Stat. 4138; Pub. L. 104-294, title VI, §601(a)(1), Oct. 11, 1996, 110 Stat. 3497. 18 U.S.C. § 152

Courts repeatedly have held that although this statute imposes a duty on the bankruptcy court to make a criminal referral when it has "reasonable grounds for believing" that a bankruptcy crime has occurred, the statute does not confer standing on litigants to request such a referral from the court. See In re Inglewood Woman's Club, Inc. , 2017 WL 2492530 at *4 n.3 (9th Cir. B.A.P. May 18, 2017) ; Virginia Hosp. Ct. v. Akl (In re Akl) , 2010 WL 1667294 (Bankr. D.C. April 23, 2010) ; In re Barkal , 397 B.R. 905, 905-06 (Bankr. N.D. Ind. 2008) ; In re

Walker , 2006 WL 3483480 at *2-3 (Bankr. S.D. Fla. 2006) ; In re Valentine , 196 B.R. 386, 386-388 (Bankr. E.D. Mich. 1996). The Court finds these cases persuasive, and in particular Judge Rhoades' analysis of this issue in In re Valentine. ***In re Baroni***, 643 B.R. 253, 273 (Bankr. C.D. Cal. 2022)

While Debtor's lament may be true, her reluctance to pursue sanctions rings hollow considering that, instead, she and her counsel elected to follow the more procedurally complicated route of filing an adversary complaint. We are confident that Rule 9011 provides an adequate remedy for dealing with baseless proofs of claim. See In re Wingerter,394 B.R. 859, 868 (6th Cir. BAP 2008) (Rule 9011 applies to proof of claim and court "should test the signer's conduct by inquiring what was reasonable to believe at the time the [claim] was submitted."); Rogers v. B-Real, L.L.C. (In re Rogers),391 B.R. 317, 323 (Bankr.M.D.La.2008) ("Rule 9011 can be used to sanction a creditor that files a proof of claim without proper prefiling investigation and support."); In re Dansereau,274 B.R. 686, 688-89 (Bankr.W.D.Tex. 2002); In re McAllister,123 B.R. 393, 395 (Bankr.D.Or.1991); cf. Adair v. Sherman,230 F.3d 890, 895 n. 8 (7th Cir.2000) (Rule 9011 applies to filing fraudulent proofs of claim). ***In re Chaussee***, 399 B.R. 225, 240 (B.A.P. 9th Cir. 2008).

Allegations regarding fraud are subject to a heightened pleading standard. Civil Rule 9(b), made applicable to adversary proceedings by Rule 7009, requires that a plaintiff must state "with particularity the circumstances constituting fraud . . . ." The Ninth Circuit has provided guidance for the " with particularity" requirement by stating that to comport with Civil Rule 9(b) the complaint must (1) specify the averred fraudulent representations; (2) aver the representations were false when made; (3) identify the speaker; (4) state when and where the statements were made; and (5) state the manner in which the representations were false and misleading. Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,940 F.2d 397, 405 (9th Cir. 1991). Because fraud encompasses a wide variety of circumstances, the requirements of Civil Rule 9(b) -- like Civil Rule 8(a)(2) -- should provide all defendants with sufficient information to formulate a response. Therefore, the complaint cannot lump multiple defendants together but must" inform each defendant separately of the allegations surrounding [its] alleged participation in the fraud." Swartz v. KPMG LLP,476 F.3d 756, 764-65 (9th Cir. 2007).
***In re Bello***, BAP SC-11-1541-JuBaPa, at *1 (B.A.P. 9th Cir. May 30, 2013)

## PROOF OF CLAIM NUMBER 6 HAS BEEN MATERIALLY ALTERED

Proof of Claim Number 6 has several material alterations.

Invoice attached to Proof of Claim Number 6, specifically page 8 of 10 (4 of 5 and 5 of 5), are

materially different from the invoice received by Tracy.

## Differences in page 4 of 5:

In Wildeveld's filed POC #6, page 4 (8 of 10) contains in addition to Castl vs PennyMac, an

entry showing Castl vs GS with $6,866.30 amount owing. This is not reflected on the Final Invoice

#234Tracy received January 5, 2021. It is believed and alleged, that this alteration was to disguise Wildeveld's retention for Tracy's medical malpractice claim she hired Wildeveld to defend.

In addition, the balances have changes despite using same dates.

Further, page 8 of 10 of POC #6 contains an entry for invoice number 252 dated 09/29/2020. This is not reflected on Tracy's invoice page 4 of 5. Interestingly, the amount for invoice 252 ($6,886.30) is the same as the amount for Castl vs GS.  None of this is reflected on Tracy's invoice she received prior to the filing of POC #6.

**Differences in page 5 of 5:**

Page 5 of 5 (9 of 10) on POC #6 again shows Castl vs PennyMac matter. This is not reflected on Tracy's invoice she received.

Page 5 of 5 (9 of 10) on POC #6 also reflects Billing Invoice #252 Castl vs GS. This is not reflected and intentionally omitted on Tracy's copy.

The balances on the invoices (POC #6 and Tracy's copy) have changed even though no new billing is reflected.

IT IS BELIEVED AND ALLEGED THAT POC #6 WAS ALTERED TO ESCAPE LIABILITY FOR THE MEDICAL MALPRACTICE CASE WILDEVELD WAS RETAINED FOR AND IN RETALIATION TO FINANCIALLY EXPLOIT THEIR VUNERABLE CLIENT TO FINANCIALLY HARM HER.

IT IS BELIEVED AND ALLEGED, THAT WILDEVELD INTENTIONALLY ALTERED THEIR POC #6.

RETAINER:

The retainer is a criminal retainer. The original retainer executed by Tracy did not include any hourly fees. IT IS BELIEVED AND ALLEGED, THAT WILDEVELD ADDED THE HOURLY AMOUNTS AFTER THEY HAD TRACY INITIAL AND SIGN THE RETAINER.

A person who...knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;...shall be fined..., imprisoned..., or both.

The elements of a false claim violation are:

1. that bankruptcy proceedings had been commenced;

2. that defendant presented or caused to be presented a proof of claim in the bankruptcy;

3. that the proof of claim was false as to a material matter; and

4. that the defendant knew the proof of claim was false and acted knowingly and fraudulently.

**United States v. Overmyer**, 867 F.2d 937, 949 (6th Cir.), cert. denied, 493 U.S. 813 (1989).

(1). This case was file on February 4, 2023.

(2). Wildeveld filed POC #6 on February 28, 2023.

(3). POC #6 was false in several material matters as outlines above.

(4). Wildeveld clearly knew they changed and altered the invoices. They are trying to avoid liability.

To defeat the claim, the objector must come forward with sufficient *12 evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." **In re Holm**, 931 F.2d at 623.

Here, it is evident that the invoices were materially altered; having very few similarities.

"If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." In re Consol. Pioneer, 178 B.R. at 226 (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)). The ultimate burden of persuasion remains at all times upon the claimant. **See In re Holm**, 931 F.2d at 623.

Tracy has submitted a monument of evidence showing that the invoices (pages 4 and 5) have been materially changed. Wildeveld is hiding from a malpractice claim.

Allegations regarding fraud are subject to a heightened pleading standard. Civil Rule 9(b), made applicable to adversary proceedings by Rule 7009, requires that a plaintiff must state "with particularity the circumstances constituting fraud . . . ." The Ninth Circuit has provided guidance for the " with particularity" requirement by stating that to comport with Civil Rule 9(b) the complaint must (1) specify the averred fraudulent representations; (2) aver the representations were false when made; (3) identify the speaker; (4) state when and where the statements were made; and (5) state the manner in which the representations were false and misleading. Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,940 F.2d 397, 405 (9th Cir. 1991). Because fraud encompasses a wide variety of circumstances, the requirements of Civil Rule 9(b) -- like Civil Rule 8(a)(2) -- should provide all defendants with sufficient information to formulate a response. Therefore, the complaint cannot lump multiple defendants together but must "inform each defendant separately of the allegations surrounding [its] alleged participation in the fraud." Swartz v. KPMG LLP,476 F.3d 756, 764-65 (9th Cir. 2007). *In re Bello*, BAP SC-11-1541-JuBaPa, at *1 (B.A.P. 9th Cir. May 30, 2013).

1) specify the averred fraudulent representations.

Here, Wildeveld altered the invoice on POC #6 from the invoice Tracy received.

(2) aver the representations were false when made

The changes Wildeveld made are materially different.

(3) identify the speaker

Ms. Rasmussen and on behalf of The Law Offices of Kristina Wildeveld & Associates

(4) state when and where the statements were made

The statements are made in POC #6 filed on February 28, 2023 in this case.

(5) state the manner in which the representations were false and misleading.

Wildeveld does not include Billing Invoice #252 for Castl vs. GS matter with Tracy, but it is included in POC #6 filed in this case reflecting two matters and two different balances, they do not reflect the same amount.

## CONCLUSION

**For the foregoing**, the Debtor respectfully requests that this Court disallow the Creditors claim in its entirety and determine if sanctions might be appropriate.

Dated: July 15, 2023.

Respectfully Submitted:

**/s/ Steven L. Yarmy, Esq.**
Steven L. Yarmy, Esq.
Nevada Bar No. 8733
7464 W Sahara Ave, STE 8
Las Vegas, Nevada 89117
(702) 586-3513
(702) 586-3690 FAX
sly@stevenyarmylaw.com
admin@yarmylaw.com
Attorney for Debtor

///

///

///

///

///

///

///

///

///

///

///

///

1

## **CERTIFICATE OF SERVICE**

2

I HEREBY CERTIFY, under penalty of perjury, that on July 15, 2023, true and correct

3

copies of the foregoing OBJECTION TO PROOF OF CLAIMS NO. 6 (Law Offices of Kristina

4

Wildeveld & Associates) FILING FALSE CLAIM PURSUANT TO 18 U.S.C. § 152 SECTIONS

5

(3) AND (4); MOTION FOR SANCTIONS; AND ATTORNEYS were delivered via CM/ECF, and

6

properly addressed to the following:

7

8

**CM/ECF system to:**

9

MICHAEL W. CHEN on behalf of Creditor DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE

10

LOAN TRUST 2006-6, ASSET-BACKED CERTIFICATES, SERIES 2006-6
bknotice@mccarthyholthus.com,

11

mchen@ecf.courtdrive.com;nvbkcourt@mccarthyholthus.com;mchen@mccarthyholthus.com

12

LISA A RASMUSSEN on behalf of Creditor THE LAW OFFICES OF KRISTINA WILDEVELD

13

& ASSOCIATES
Lisa@veldlaw.com, alex@veldlaw.com

14

15

BRIAN D. SHAPIRO
brian@trusteeshapiro.com,

16

nv22@ecfcbis.com;kristin@trusteeshapiro.com;carolyn@brianshapirolaw.com

17

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

18

19

JUSTIN CHARLES VALENCIA on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
justin.c.valencia@usdoj.gov

20

21

SHADD A. WADE on behalf of Creditor FCI LENDER SERVICES, INC. DBA FCI
swade@zbslaw.com, shunsaker@zbslaw.com,nvbankruptcy@zbslaw.com

22

23

**/s/ Steven L. Yarmy, Esq.**
Steven L. Yarmy, Esq.

24

Nevada Bar No. 8733
7464 West Sahara Avenue

25

Las Vegas, Nevada 891117
(702) 586-3513

26

(702) 586-3690 FAX
sly@stevenyarmylaw.com

27

Attorney for Debtor

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

**Fill in this information to identify the case:**

Debtor 1    TRACY LEE HURST CASTL

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of Nevada

Case number    23-10410-mkn

---

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | The Law Offices of Kristina Wildeveld & Associates<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| **2. Has this claim been acquired from someone else?** | ☒ No<br>☐ Yes.  From whom? _____ |
| **3. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>The Law Offices of Kristina Wildeveld & Associates<br>Name<br><br>550 E. Charleston Blvd., Suite A<br>Number    Street<br><br>Las Vegas    NV    89104<br>City    State    ZIP Code<br><br>Contact phone  (702)222-0007<br><br>Contact email  Lisa@veldlaw.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br>Number    Street<br><br>City    State    ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| **4. Does this claim amend one already filed?** | ☒ No<br>☐ Yes.  Claim number on court claims registry (if known) _____    Filed on ___/___/_____<br>MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br>☐ Yes.  Who made the earlier filing? _____ |

---

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**    $ 61,598.58 _____. **Does this amount include interest or other charges?**

☐ No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Services Performed _____

**9. Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**    $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $________ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $________ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $________ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 02/28/2023 (MM / DD / YYYY)

/s/ Lisa A. Rasmussen
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Lisa (First name) A (Middle name) Rasmussen (Last name)

Title: Attorney, Senior Associate

Company: The Law Offices of Kristina Wildeveld & Associates
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 550 E. Charleston Blvd., Suite A (Number Street)
Las Vegas, (City) NV (State) 89104 (ZIP Code)

Contact phone: (702)222-0007 Email: Lisa@veldlaw.com

## ITEMIZED STATEMENT OF PRINCIPAL AND ADDITIONAL FEES

The principle amount owed by Debtor is $59,998.59. *See* **Exhibit A.**

Debtor agreed that an additional fee of $50.00 would be applied to her balance each month that she missed a payment. *See* **Exhibit B.**

Debtor retained Creditor in April 2020 and made payments in the months of April 2020 and September 2020. *See* **Exhibit A.** Prior to the filing of the Petition in this case on February 4, 2023, Debtor missed making thirty-two (32) monthly payments, as follows:

### TRACY LEE HURST CASTL PAYMENTS

NP = No Payment Made
P = Payment Made

| 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|
| | January – NP | January – NP | January – NP |
| | February – NP | February – NP | |
| | March – NP | March – NP | |
| April – P | April – NP | April - NP | |
| May – NP | May – NP | May – NP | |
| June – NP | June – NP | June – NP | |
| July – NP | July – NP | July – NP | |
| August – NP | August – NP | August – NP | |
| September – P | September – NP | September – NP | |
| October – NP | October – NP | October – NP | |
| November – NP | November – NP | November – NP | |
| December – NP | December – NP | December – NP | |

--------------------------------------------------------------------------------

At $50.00 per each of the thirty-two (32) unpaid months, Debtor's delinquent payment fees total $1,600.00 ($50.00 x 32 months). *See* **Exhibits A and B.**

Debtor's total amount owed, $59,998.58 (principal) plus $1,600.00 (fees), is **$61,598.58.**

EXHIBIT A



THE LAW OFFICES OF
# KRISTINA WILDEVELD & ASSOCIATES
*Criminal Defense, Complex Criminal and Civil Litigation, Lobbying    Appeals, Pardons, Post-Convictions, Juvenile*
Nevada    California

500 E Charleston Blvd., Suite A
Las Vegas, NV 89104
702-222-0007
Tax ID:

January 05, 2021

**Tracey Hurst**
Hurst-Castl, Tracy

**Invoice Number: 234**
Invoice Period: 09-01-2020 - 01-05-2021

Payment Terms: Upon Receipt

**RE: Castl vs PennyMaC**

## Time Details

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 09-30-2020 | Lisa Rasmussen | Reviewed Pennymac's Proposal order. | 0.20 | 600.00 | 120.00 |
| 10-01-2020 | Lisa Rasmussen | Review order to prepare for meeting | 0.20 | 600.00 | 120.00 |
| 10-01-2020 | Lisa Rasmussen | Meeting with Tracy and Johnnie. | 1.00 | 600.00 | 600.00 |
| 10-02-2020 | Lisa Rasmussen | Email correspondence to and from opposing counsel (x8) regarding proposed order. | 0.20 | 600.00 | 120.00 |
| 10-02-2020 | Lisa Rasmussen | Revise Pennymac's proposed order detailed comments. | 3.20 | 600.00 | 1,920.00 |
| 10-03-2020 | Lisa Rasmussen | Emails to and from opposing counsel regarding my revisions. | 0.30 | 600.00 | 180.00 |
| 10-04-2020 | Lisa Rasmussen | Prepare our own proposed order; research on standing issue. | 4.30 | 600.00 | 2,580.00 |
| 10-05-2020 | Lisa | Emails with opposing counsel    and Tracy | 0.30 | 600.00 | 180.00 |

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| | Rasmussen | regarding proposed order. | | | |
| 10-06-2020 | Lisa Rasmussen | Revisions to FFCOL per emails with Brittany Wood; email regarding same. | 0.50 | 600.00 | 300.00 |
| 10-06-2020 | Lisa Rasmussen | Additional research on standing issue | 1.00 | 600.00 | 600.00 |
| 10-06-2020 | Lisa Rasmussen | Additional revisions and emails with Brittany. Email to client. | 0.30 | 600.00 | 180.00 |
| 10-07-2020 | Lisa Rasmussen | Prepare our own proposed order and submit to the Court as a contested order. | 0.70 | 600.00 | 420.00 |
| 10-09-2020 | Lisa Rasmussen | Additional research on standing issue; there is no good case law supporting our position. | 0.90 | 600.00 | 540.00 |
| 10-27-2020 | Lisa Rasmussen | Meeting with Tracy requesting plan for payment of legal fees. No charge for this meeting. | 0.70 | | No Charge |
| 11-13-2020 | Lisa Rasmussen | Email correspondence to and from Rex Gardner, asking if we can resolve; email to Tracy re same. | 0.10 | 600.00 | 60.00 |
| 11-16-2020 | Lisa Rasmussen | Follow up emails to Rex letting him know I conveyed his message about proposed resolution. | 0.10 | 600.00 | 60.00 |
| 11-30-2020 | Lisa Rasmussen | Email correspondence to and from Tracy regarding proposed resolution. | 0.10 | 600.00 | 60.00 |
| 12-04-2020 | Lisa Rasmussen | Review proposed findings of fact, conclusions of law and order; review notice entry of judgment. | 0.20 | 600.00 | 120.00 |
| 12-04-2020 | Lisa Rasmussen | Emails to Tracy with order, findings, notice of entry of judgment, advising of deadline for appeal. | 0.10 | 600.00 | 60.00 |
| 12-18-2020 | Lisa Rasmussen | Email from Tracy; prepare sub of attorney and email to her. | 0.30 | 600.00 | 180.00 |
| 12-30-2020 | Lisa Rasmussen | Email correspondence to and from Tracy regarding sub of attorney; file sub of attorney. No charge for this. | 0.20 | | No Charge |
| 12-30-2020 | Lisa Rasmussen | Download all emails; organize and prepare electronic file on flash drive for Tracy. Courtesy no charge for this. | 1.00 | | No Charge |
| | | | **Total** | | 8,400.00 |

**Time Summary**

We appreciate your business and your confidence in our firm.          Page  2  of  5

Case 23-10410-mkn    Claim 6    Filed 02/28/23    Page 7 of 10

| Professional | Hours | Amount |
|---|---|---|
| Lisa Rasmussen | 15.90 | 8,400.00 |
| **Total** | | 8,400.00 |

**Expenses**

| Expense | Description | Price | Qty | Amount |
|---|---|---|---|---|
| E112 - Court fees | E112 - Court fees | 3.50 | 1 | 3.50 |
| E112 - Court fees | E112 - Court fees | 3.50 | 1 | 3.50 |
| None | Pacer Quarterly Charges - 3rd Qtr. (157 pp). | 15.70 | 1 | 15.70 |
| | **Total Expenses** | | | 22.70 |
| | **Total for this Invoice** | | | 8,422.70 |

We appreciate your business and your confidence in our firm.          Page   3   of   5

## Client Statement of Account

As of 08-31-2021

| Matter | Balance Due |
|---|---|
| Castl vs GS | 6,886.30 |
| Castl vs PennyMaC | 59,998.58 |
| **Total Amount to Pay** | **66,884.88** |

### Castl vs GS

#### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|---|---|---|---|---|
| 09-29-2020 | Previous Balance | | | 6,886.30 |
| | | | **Balance** | **6,886.30** |

#### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|---|---|---|---|---|
| 09-29-2020 | Invoice 252 | 6,886.30 | | 6,886.30 |
| | | | **Balance** | **6,886.30** |

### Castl vs PennyMaC

#### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|---|---|---|---|---|
| 09-29-2020 | Previous Balance | | | 51,575.88 |
| 01-05-2021 | Invoice 234 | | | 8,422.70 |
| | | | **Balance** | **59,998.58** |

#### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|---|---|---|---|---|
| 04-14-2020 | Payment | (2,500.00) | | (2,500.00) |
| 04-20-2020 | Payment | (2,500.00) | | (2,500.00) |
| 09-10-2020 | Payment | (2,000.00) | | (2,000.00) |
| 09-29-2020 | Invoice 206 | 58,575.88 | | 58,575.88 |
| 01-05-2021 | Invoice 234 | 8,422.70 | | 8,422.70 |
| | | | **Balance** | **59,998.58** |

We appreciate your business and your confidence in our firm.          Page   4   of   5

**Tracey Hurst**
Hurst-Castl, Tracy

January 05, 2021

**The Law Offices of Kristina Wildeveld & Associates**
500 E Charleston Blvd., Suite A
Las Vegas, NV 89104

**Invoice Number: 234**
Invoice Period: 09-01-2020 - 01-05-2021

## REMITTANCE COPY

RE: Castl vs PennyMaC

| | |
|---|---:|
| **Fees** | 8,400.00 |
| **Expenses** | 22.70 |
| **Total for this Invoice** | 8,422.70 |
| **Previous Balance** | 58,462.18 |

| Matter | Balance Due |
|---|---:|
| Castl vs GS | 6,886.30 |
| Castl vs PennyMaC | 59,998.58 |
| **Total Amount to Pay** | **66,884.88** |

### Open Invoices and Credits

| Date | Transaction | Matter | Amount | Applied | Balance |
|---|---|---|---:|---|---:|
| 04-14-2020 | Payment | Castl vs PennyMaC | (2,500.00) | | (2,500.00) |
| 04-20-2020 | Payment | Castl vs PennyMaC | (2,500.00) | | (2,500.00) |
| 09-10-2020 | Payment | Castl vs PennyMaC | (2,000.00) | | (2,000.00) |
| 09-29-2020 | Invoice 206 | Castl vs PennyMaC | 58,575.88 | | 58,575.88 |
| 09-29-2020 | Invoice 252 | Castl vs GS | 6,886.30 | | 6,886.30 |
| 01-05-2021 | Invoice 234 | Castl vs PennyMaC | 8,422.70 | | 8,422.70 |
| | | | | **Balance** | **66,884.88** |

Case 23-10410-mkn  Claim 6  Filed 02/28/23  Page 10 of 10

# EXHIBIT B

**THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES**
www.veldlaw.com

DATE: 4/14/20
Referred By:

## CLIENT INFORMATION

| First Name: Tracy | Middle Name: Lee | Last Name: Hurst-Castl |
|---|---|---|

| Date of Birth:  /  /60 | SSN:  -3/62 | ID #: |
|---|---|---|

Email: tharange1@hotmail.com  Email Letters? (Y) N  Email Bills? (Y) N
Mailing Address: P.O. Box 35957
LV NV 89133

Home Phone
Mobile Phone (702) 739-4464
Work Phone

Other Contacts
1. Name Kelly Hurst  Phone 703 682-2779  Relationship Son
2. Name Johnnie Castl  Phone 646 330-8819  Relationship X husband

Employer of Client _____ Phone (  )  Monthly Salary $
US Citizen? Y N  Place of Birth: Burbank, CA  If no, what is your status?

COURT DATE(S):
1 Case No. _____ Court _____ Proceeding _____ Date _____ Time _____
2 Case No. _____ Court _____ Proceeding _____ Date _____ Time _____

CHARGES  PRIORS (If any)
1 _____ _____ Year _____
2 _____ _____ Year _____
3 _____ _____ Year _____

### STOP: OFFICE USE ONLY

Consult Fee: C DC CC  MC CK: _____

**Fees:** ~~fixed, non-refundable FLAT FEE~~ std. ofa. hourly rates for representation in proceedings up to and including _____, negotiations, PH or GJ and Writ and/or denial/dismissal and is set based on the experience of the office. The fee is to be paid as follows: $_____ initial retainer paid upfront; remaining balance payable at a rate of at least $2000 per month commencing on the payment date indicated below. Any outstanding balance/fees owed are due no later than seven (7) days prior to _____ PH, Trial, entry of plea, denial/dismissal of charges or whichever occurs first, regardless of any payment plan scheduled. All criminal retainers are deemed earned when received and will not be held in Trust. The Law Firm understands all funds used as payment are derived from a legal source. Unless otherwise specifically stated herein, this agreement does not include representation at Trial or obligate the Law Firm or member attorneys to prepare or file an appeal or to defend any re-filed charge(s). Proceedings not included in this agreement will incur additional attorney's fees. This fee does not include any applicable charges that may be incurred, including but not limited to restitution, fines, court fees, discovery fees, filing fees, witness fees, investigator costs, collection costs, travel fees, or any other miscellaneous fees. Client is solely responsible for all fees incurred and must pay all fees upon notice of the same. Pardons and Parole Petitions are considered the intellectual property of The Firm and are non-transferable or discoverable. The client file is the property of The Law Firm unless all of the fees are paid in full. Abuse and Neglect representation is for a 1 year period. Additional time will require an additional contract. There is a $75.00 fee to pull closed files plus copy fees of $0.35 per page.

### AGREEMENT FOR REPRESENTATION: I HEREBY RETAIN KRISTINA WILDEVELD, ESQ. & ASSOCIATES ("Law Firm")

The Law Firm is hereby engaged to represent: _____ (Client) in the above matter(s). Client(s) and designated Fee Co-Payer(s) agree(s) to pay the Law Firm a retainer fee as described above in exchange for the specified legal services in connection with the matter(s) indicated herein. I understand that the Law Firm may associate or employ other counsel or marketing representative at the Law Firm's discretion provided there are no additional attorney's fees to Client. I promise to pay as set forth herein and pay the fees in full. I understand that no guarantee has been made regarding the outcome of my case(s) and that any outcome will not affect attorney fees owed or any applicable fees incurred. I further agree to adhere to my billing contract/payment plan and understand that if I miss a payment, a $50.00 fee will be applied to my balance each month until payments resume. ___ (INIT). I also understand that if I miss a payment, that this office reserves the right to discontinue any payment plan set and demand the outstanding balance in-full, payable immediately or withdraw as counsel. ___ (INIT). I further understand that the Law Firm may move to withdraw as counsel for Client if fees are not promptly paid. ___ (INIT). I understand a $100.00 fee applies for any Non-Sufficient Funds check posted on my account. ___ (INIT). I understand there is an additional $350.00 fee charged for each additional status check. ___ (INIT). I understand that the hourly rate is $750.00 per hour for any fee dispute. ___ (INIT). By signing below, I hereby agree to the representation described herein and agree to the terms of this agreement.

| Retainer: $2,500.00 |
|---|
| C DC CC MO CK: |
| Payment Dates: monthly |
| 1.  /  / |
| 2.  /  / |
| 3.  /  / |
| 4.  /  / |
| 5.  /  / |
| ___ (INIT) I agree to monthly reoccurring credit card payments. |
| Copy of picture ID: Y N |

Client Signature: Tracy L. Hurst-Castl  Date: 4/14/2020
Fee Co-Payer Name/Signature: _____  Date:
Attorney Signature: _____

Kristina Wildeveld  Dayvid Figler  Lisa Rasmussen  Caitlyn McAmis  Jim Hoffman  Eva Romero
550 E. Charleston Blvd., Suite A · Las Vegas, Nevada 89104
Phone: (702) 222-0607 · Fax: (702) 222-0001
contact@veldlaw.com

Bank of America: _____9642
Routing Number: _____0724 / Wire Transfer: _____9593

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

THE LAW OFFICES OF

# KRISTINA WILDEVELD & ASSOCIATES

*Criminal Defense, Complex Criminal and Civil Litigation, Lobbying*     *Appeals, Pardons, Post-Convictions, Juvenile*

Nevada     California

500 E Charleston Blvd., Suite A
Las Vegas, NV 89104
702-222-0007

January 05, 2021

**Tracey Hurst**
Hurst-Castl, Tracy

**Invoice Number: 234**
Invoice Period: 09-01-2020 - 01-05-2021

Payment Terms: Upon Receipt

**RE: Castl vs PennyMaC**

## Time Details

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 09-30-2020 | Lisa Rasmussen | Reviewed Pennymac's Proposal order. | 0.20 | 600.00 | 120.00 |
| 10-01-2020 | Lisa Rasmussen | Meeting with Tracy and Johnnie. | 1.00 | 600.00 | 600.00 |
| 10-01-2020 | Lisa Rasmussen | Review order to prepare for meeting | 0.20 | 600.00 | 120.00 |
| 10-02-2020 | Lisa Rasmussen | Revise Pennymac's proposed order detailed comments. | 3.20 | 600.00 | 1,920.00 |
| 10-02-2020 | Lisa Rasmussen | Email correspondence to and from opposing counsel (x8) regarding proposed order. | 0.20 | 600.00 | 120.00 |
| 10-03-2020 | Lisa Rasmussen | Emails to and from opposing counsel regarding my revisions. | 0.30 | 600.00 | 180.00 |
| 10-04-2020 | Lisa Rasmussen | Prepare our own proposed order; research on standing issue. | 4.30 | 600.00 | 2,580.00 |
| 10-05-2020 | Lisa Rasmussen | Emails with opposing counsel and Tracy regarding proposed order. | 0.30 | 600.00 | 180.00 |

We appreciate your business and your confidence in our firm.                Page   1   of   5

| Date | Professional | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 10-06-2020 | Lisa Rasmussen | Revisions to FFCOL per emails with Brittany Wood; email regarding same. | 0.50 | 600.00 | 300.00 |
| 10-06-2020 | Lisa Rasmussen | Additional revisions and emails with Brittany. Email to client. | 0.30 | 600.00 | 180.00 |
| 10-06-2020 | Lisa Rasmussen | Additional research on standing issue | 1.00 | 600.00 | 600.00 |
| 10-07-2020 | Lisa Rasmussen | Prepare our own proposed order and submit to the Court as a contested order. | 0.70 | 600.00 | 420.00 |
| 10-09-2020 | Lisa Rasmussen | Additional research on standing issue; there is no good case law supporting our position. | 0.90 | 600.00 | 540.00 |
| 10-27-2020 | Lisa Rasmussen | Meeting with Tracy requesting plan for payment of legal fees.  No charge for this meeting. | 0.70 | | No Charge |
| 11-13-2020 | Lisa Rasmussen | Email correspondence to and from Rex Gardner, asking if we can resolve; email to Tracy re same. | 0.10 | 600.00 | 60.00 |
| 11-16-2020 | Lisa Rasmussen | Follow up emails to Rex letting him know I conveyed his message about proposed resolution. | 0.10 | 600.00 | 60.00 |
| 11-30-2020 | Lisa Rasmussen | Email correspondence to and from Tracy regarding proposed resolution. | 0.10 | 600.00 | 60.00 |
| 12-04-2020 | Lisa Rasmussen | Review proposed findings of fact, conclusions of law and order; review notice entry of judgment. | 0.20 | 600.00 | 120.00 |
| 12-04-2020 | Lisa Rasmussen | Emails to Tracy with order, findings, notice of entry of judgment, advising of deadline for appeal. | 0.10 | 600.00 | 60.00 |
| 12-18-2020 | Lisa Rasmussen | Email from Tracy; prepare sub of attorney and email to her. | 0.30 | 600.00 | 180.00 |
| 12-30-2020 | Lisa Rasmussen | Email correspondence to and from Tracy regarding sub of attorney; file sub of attorney. No charge for this. | 0.20 | | No Charge |
| 12-30-2020 | Lisa Rasmussen | Download all emails; organize and prepare electronic file on flash drive for Tracy.  Courtesy no charge for this. | 1.00 | | No Charge |
| | | | **Total** | | 8,400.00 |

**Time Summary**

| Professional | Hours | Amount |
|--------------|-------|--------|
| Lisa Rasmussen | 15.90 | 8,400.00 |

We appreciate your business and your confidence in our firm.          Page   2   of   5

| Professional | | | Hours | Amount |
|---|---|---|---|---|
| | | Total | | 8,400.00 |

**Expenses**

| Expense | Description | Price | Qty | Amount |
|---|---|---|---|---|
| E112 - Court fees | E112 - Court fees | 3.50 | 1 | 3.50 |
| E112 - Court fees | E112 - Court fees | 3.50 | 1 | 3.50 |
| None | Pacer Quarterly Charges - 3rd Qtr. (157 pp). | 15.70 | 1 | 15.70 |
| | | **Total Expenses** | | 22.70 |
| | | **Total for this Invoice** | | 8,422.70 |

We appreciate your business and your confidence in our firm.    Page   3   of   5

# Client Statement of Account

As of 01-05-2021

| Matter | Balance Due |
|---|---|
| Castl vs PennyMaC | 59,998.58 |
| **Total Amount to Pay** | **59,998.58** |

## Castl vs PennyMaC

### Transactions

| Date | Transaction | Applied | Invoice | Amount |
|---|---|---|---|---|
| 09-29-2020 | Previous Balance | | | 51,575.88 |
| 01-05-2021 | Invoice 234 | | | 8,422.70 |
| | | | **Balance** | **59,998.58** |

### Open Invoices and Credits

| Date | Transaction | Amount | Applied | Balance |
|---|---|---|---|---|
| 04-14-2020 | Payment | (2,500.00) | | (2,500.00) |
| 04-20-2020 | Payment | (2,500.00) | | (2,500.00) |
| 09-10-2020 | Payment | (2,000.00) | | (2,000.00) |
| 09-29-2020 | Invoice 206 | 58,575.88 | | 58,575.88 |
| 01-05-2021 | Invoice 234 | 8,422.70 | | 8,422.70 |
| | | | **Balance** | **59,998.58** |

**Tracey Hurst**
Hurst-Castl, Tracy

January 05, 2021

**The Law Offices of Kristina Wildeveld & Associates**
500 E Charleston Blvd., Suite A
Las Vegas, NV 89104

**Invoice Number: 234**
Invoice Period: 09-01-2020 - 01-05-2021

## REMITTANCE COPY

RE: Castl vs PennyMaC

| | |
|---:|---:|
| **Fees** | 8,400.00 |
| **Expenses** | 22.70 |
| **Total for this Invoice** | 8,422.70 |
| **Previous Balance** | 51,575.88 |

| Matter | Balance Due |
|---|---:|
| Castl vs PennyMaC | 59,998.58 |
| **Total Amount to Pay** | **59,998.58** |

### Open Invoices and Credits

| Date | Transaction | Matter | Amount | Applied | Balance |
|---|---|---|---:|---|---:|
| 04-14-2020 | Payment | Castl vs PennyMaC | (2,500.00) | | (2,500.00) |
| 04-20-2020 | Payment | Castl vs PennyMaC | (2,500.00) | | (2,500.00) |
| 09-10-2020 | Payment | Castl vs PennyMaC | (2,000.00) | | (2,000.00) |
| 09-29-2020 | Invoice 206 | Castl vs PennyMaC | 58,575.88 | | 58,575.88 |
| 01-05-2021 | Invoice 234 | Castl vs PennyMaC | 8,422.70 | | 8,422.70 |
| | | | | **Balance** | **59,998.58** |

We appreciate your business and your confidence in our firm.      Page  5  of  5