Steven L. Yarmy, Esq.
Nevada Bar No. 8733
7464 West Sahara Avenue
Las Vegas, Nevada 89117
(702) 586-3513
(702) 586-3690 FAX
sly@stevenyarmylaw.com
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 23-10410-mkn |
| TRACY LEE HURST-CASTL, | Chapter 11<br>Sub Chapter V |
| Debtor. | **Hearing Date: TBD**<br>**Hearing Time: TBD** |

### DECLARATION OF TRACY LEE HURST-CASTL IN SUPPORT OF OBJECTION TO PROOF OF CLAIMS NO. 6 (Law Offices of Kristina Wildeveld & Associates) FILING FALSE CLAIM PURSUANT TO 18 U.S.C. § 152 (3) AND (4)

COMES NOW, the Debtor TRACY LEE HURST-CASTL, by and through her

attorney, Steven L. Yarmy, Esq., and hereby files her Declaration in OBJECTION TO

PROOF OF CLAIMS NO. 6 Law Offices of Kristina Wildeveld & Associates. The

Declaration of Debtor TRACY LEE HURST-CASTL is attached hereto as **EXHIBIT "A."**

Dated this 15th day of July 2023.

**/s/Steven L. Yarmy, Esq.**
Steven L. Yarmy, Esq.
Nevada Bar No. 8733
7464 West Sahara Avenue
Las Vegas, Nevada 89117
(702) 586-3513
(702) 586-3690 FAX
sly@stevenyarmylaw.com
Attorney for Debtor

00001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalty of perjury that true and correct copies of the foregoing OBJECTION TO PROOF OF CLAIMS NO. 6 (Law Offices of Kristina Wildeveld & Associates) FILING FALSE CLAIM PURSUANT TO 18 U.S.C. § 152 SECTIONS (3) AND (4); MOTION FOR SANCTIONS; AND ATTORNEYS were delivered via CM/ECF, and properly addressed to the following: CM/ECF system to:

MICHAEL W. CHEN on behalf of Creditor DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2006-6, ASSET-BACKED CERTIFICATES, SERIES 2006-6
bknotice@mccarthyholthus.com,
mchen@ecf.courtdrive.com;nvbkcourt@mccarthyholthus.com;mchen@mccarthyholthus.com

LISA A RASMUSSEN on behalf of Creditor THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES
Lisa@veldlaw.com, alex@veldlaw.com

BRIAN D. SHAPIRO
brian@trusteeshapiro.com,
nv22@ecfcbis.com;kristin@trusteeshapiro.com;carolyn@brianshapirolaw.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

JUSTIN CHARLES VALENCIA on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
justin.c.valencia@usdoj.gov

SHADD A. WADE on behalf of Creditor FCI LENDER SERVICES, INC. DBA FCI
swade@zbslaw.com, shunsaker@zbslaw.com,nvbankruptcy@zbslaw.com
**/s/ Steven L. Yarmy, Esq.**
Steven L. Yarmy, Esq.
Nevada Bar No. 8733
7464 West Sahara Avenue
Las Vegas, Nevada 89117
(702) 967-0442
sly@stevenyarmylaw.com
Attorney for the Debtors

00002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
24
24
25
26
27
28

# EXHIBIT "A" (DECLARATION OF TRACY LEE HURST-CASTL)

00003

### DECLARATION OF TRACY LEE HURST-CASTL. DEBTOR'S OBJECTION AGAINST UNSECURED CREDITOR THE LAW OFFICE OF THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES ADAMATLEY DISPUTES THEIR PROOF OF CLAIM #6

·· I, Tracy L. Hurst-Cast!, am over the age of 18 and make this declaration under penalty of perjury, and based on my personal knowledge to be true facts. I am the Debtor in this matter and make this **DECLARATION TO SUPPORT MY OBJECTION AND DISPUTE THE FILED PROOF OF CLAIM #6 AGAINST UNSECURED CREDITOR, BASED ON THESE FACTS THE LAW OFFICE OF KRISTINA WILDEVELD & ASSOCIATES PROOF OF CLAIM #6 SHOULD BE REJECTED, DENIED AND DEEMED INVALID DUE TO INTENTIONAL MALICIOUS MISREPRESENTATION AND FRAUDULENTLY ALTERING A SIGNED DOCUMENT AFTER EXECUTION.**

I adamantly dispute and challenge the validity of The Law Offices of Kristina Wildeveld & Associates filed Proof of Claim #6 in this case for amount of $61,598.58 that they claim I allegedly owe.

### DEBTOR'S INITIAL INTRODUCTION TO THE LAW OFFICE OF KRISTINA WILDEVELD & ASSOCIATES

On April 7, 2020 our introduction was via phone to Ms. Kristina Wildeveld by Dr. Stephanie Youngblood, a mutual friend to file a medical malpractice

complaint.  Ms. Wildeveld stated that she was able to represent me being that she was licensed in California and could address the gross negligence of the Cedar Sinai surgeons leaving a screw and sponge in my head causing serious infection and complications that ultimately progressed developing into life threatening sepsis and osteomyelitis, a rare bone infection that required removing the front portion of my skull/bone causing a large opened wound exposing my brain.

On April 9, 2020 I visited Wildevelds' office for an in-person free consultation with Attorneys Lisa Rasmussen and Kristina Wildeveld to solely discuss the medical malpractice matter. I also disclosed that I was still suffering from a cranial disability that continued to affect my physical, emotional, and cognitive state still being under the care of the Florida surgeons that saved my life; who discovered and removed the screw and sponge from my head while performing the latest emergency surgical procedure (4th surgery) and evidenced in my medical reports and the numerous letters from my surgeons describing the same.

During this consultation we discussed the details of clear medical malpractice and that Dr. Lauren Schwartz, my neurosurgeon was willing to testify on my behalf to verify that she found gross negligence and clear medical malpractice from the prior Cedar Sinai surgeons.  The main matter was to initiate

a medical malpractice lawsuit in California with their colleague "Josh" who would co-counsel from their Los Angeles office.

Attorney's Wildeveld and Rasmussen had me sign a HIPPA release authorizing them to retrieve additional medical records then in turn I provided them a hard copy of my medical history and records from my latest hospital stay at Good Samaritan Medical Center. They agreed to protect my physical, emotional, and cognitive challenged condition and foremost file a timely malpractice complaint mutually agreeing to a contingent fee basis and filing within the statute of limitations. Thereafter unknown to me they broke their agreement failing to honor their promise to protect my interest while being a most vulnerable client.

During this consultation I incidentally discussed my ongoing Castl vs. Pennymac civil case and my concerns about my then Attorney Mr. Michaelidis missing critical deadlines jeopardizing my case. Ms. Rasmussen stated that he has been in trouble before arid is not a good attorney instilling fear of loss that he would continue to damage my case. After listening to Ms. Rasmussen I felt I was being harmed and compromised by Mr. Michaelidis. I then asked if it would be possible for Ms. Rasmussen to replace him to preserve my case and to request a continuance of the trial date due to my medical crisis, b ing that I required an

additional surgery to address the open wound needing a revision and missing a portion of my skull. Ms. Rasmussen stated she would need to do additional research and would call me.

On April 13, 2020 I received a call from Ms. Wideveld and Ms. Rasmussen collectively on speaker phone wanting to address the Pennymac case.. They agreed to substitute in the case however they would require a $SOK retainer to do so. I suggested that they could lien the medical malpractice case, Ms. Wildeveld stated she does not do that. I explained that my financial resources were exhausted and that I would ask for assistance from my family and get back to her. I immediately called Dr. Stephanie Youngblood in an emotional state explaining to her that I could not possibly pay their requested fee. I only wanted them to continue the case and push the trial up until I was able to get through my medical crisis and additional surgery. Or. Youngblood told me that she would address the excessive fee with Ms. Wildeveld she explain my situation then asked her for a friend of a friend favor. Shortly thereafter I received a call from Ms. Wildeveld stating that she "overshot her assessment" and would take a flat fee of $SK to. take over the Castl vs. Pennymac case. I also informed her that I would be able to pay her in two $2500 installments, she agreed. Dr. Youngblood planned to testify· on my behalf to these facts however, my attorney Mr. Marc Applbaum who was

defending me against their lawsuit failed to preserve Ms. Youngblood's

testimony; sadly she passed away from cancer on August 31, 2022.

Attorneys Wildeveld and Rasmussen where fully informed since our

introduction that I possessed no foreseeable financial means living collectively on

family contributions, speculative thinking that a possible medical malpractice

settlement would be reached with possible financial reward in the future.

On April 14, 2020 I hand delivered $2500 to Ms. Wildeveld's office, and

agreed to deliver the balance of $2500 on April 20, 2020. I was presented a

generic fee agreement/document from her receptionist and was asked to fill out

my personal information: Upon paying her the first installment she made certain

notations on the document/agreement documenting the $2500 in the bottom

right hand corner. Their hourly rate was left blank and it also lacked identification

of either case and the $2000 monthly payments were not noted in my presence

or upon signing. I trusted that Wildeveld Law Firm would protect my best interest .

knowing I was extremely vulnerable being cognitively challenged with a cranial

disability. I assumed such based on the referral from our mutual friend Dr.

Stephanie Youngblood that they would protect me. Upon signing the document I

was not given a copy, the receptionist stated that Ms. Rasmussen would sign it

and thereafter would provide me a copy.

00008

On April 20, 2020 Johnnie delivered $2500 to Wildeveld's office and received a paper receipt **"Johnnie Castl c/o Tracy Castl $2500.00 Attorney Fee"**. The receptionist failed to document this final installment on the document/fee agreement, he was only provided a paper receipt. Additionally on the same day I emailed Ms. Wildeveld to confirm that the balance was paid in full as follows:

> **Subject "RE: Payment paid in** full **today:)**
> **"Hi Kristine, Johnnie infor ed me that he came** in and **paid you** the full **amount** I **promised.** I'm **so thankful he took care of my obligation to you.** I'm big on keeping my **word** and he knows this. Although I have been **disheartened by "family"** I'm **grateful he was able to make** sure you were **paid. Big relief for me." (Exhibit A)**

Neither Ms. Wildeveld nor Ms. Rasmussen disputed or negated this email nor did they have the courtesy to respond and did not inform me otherwise. At no time during their representation did I receive from their office collection calls nor was I informed that I agreed to pay $2000 per month payments nor was I provided monthly billing statements requesting payment and I was not sent any past due notices demanding a monthly payment, nor did they threatened to withdraw from either case for me failing to make monthly payments that were supposedly mutually agreed upon.

Furthermore Ms. Rasmussen failed to itemize this April 20, 2020 email and intentionally omitt.ed it from her billing statement.  She also omitted September 1, 2020 email as follows:

> "Hi Tracy, I did get the documents from Johnnie, I went through some, but not all. I filed these two things today: 1. Motion to Continue Trial; 2. Plaintiff's pretrial memorandum.  Also attached is the Defendant's pretrial memorandum.  Lisa".  (Exhibit B)

Ms. Rasmussen at the last minute drafted and filed a Motion to Continue Trial knowing it would be denied, but only to create more billable hours.  She failed to notify Judge Johnson of the status of my health condition 60 days prior to the scheduled trial date of September 8, 2020 as the Judge requested.

On May 5, 2020, Ms. Rasmussen sent me an email:

Good morning foiks:

New  Trial Date is September 8, Z0Z0.
Calendar Call is 8/19/20 at 8:30 a.m.
Pretrial Submissions due May 26, 2020 (to PennyMac)
Pretrial memorandum to be submitted on or before August 19, 2020 (to chambers)
If there is a medical issue that causes us to not be able to comply with the September 8th trial date, we must file something 60 days in Advance, which would be by July 8th.
Judge Johnson would like to see Tracy pursue local options for the follow up surgery, he does not know why she needs to travel to Florida.  Just passing along what he said.
So, we can breath for a moment.
Lisa (Exhibit C),

Ms. Rasmussen displayed an attitude of complete indifference to my life-threatening illness, ignored my debilitating health concerns, and failed to protect my interests, evidenced by several emails dated July 6, 2020, August 4, 2020 and August 24, 2020 (evidenced and supported by numerou_s doctor letters) they fully informed her of my serious health conditions and restrictions.

Ms. Rasmussen was grossly negligent when she intentionally ignored Judge Johnson's request to update the court about the status of my medical condition subjecting me to unnecessary interrogation forcing me into trial that would only financial benefit her law firm. Her only concern was to create more billable hours without my knowledge as itemized on her invoice without a signed fee agreement, the firm falsely billed for fraudulent fees as reflected on Invoice Nos. 196, 206 and 234; she purposely failed to notified the Judge allowing her work to continue, accumulating costly fees creating more billable hours with nointention on continuing the trial date. I was lead to believe that she was handling the Judges request and notified him accordingly per his request. She secretly continued to prepare for trial drafting unnecessary and costly motions th t were not warranted if she would have simply adhered to the Judges request the work would have halted. Additionally I notified Ms. Rasmussen by email providing her numerous doctor letters' evidencing my inability to participate in a trial, this was

unfair and prejudicial. She had complete disregard for my fragile medical and

emotional condition demonstrating her only motivation was to create a huge

billing invoice despite knowing my financial condition. For example she charged

me this fee below to draft her last minute motion knowing it would fail and be

denied, as documented on her billing invoice as follows:

> 9-01-2020    Lisa Rasmussen
> **Draft Motion to continue trial** & **prepare all exhibits, including
> deciaration; review docs from client**
> **HOURS: 5.00        RATE: $600.00        AMOUNT: $3,000.00**
> (see billing Invoice number 206)

Ms. Rasmussen was also grossly negligent when she purposely withheld

the fact from me that she **DID NOT** notify the Judge and purposely defied his

request including ignoring my July 6, 2020 and July 8, 2020 emails showing

concern that the court needed to be notified within the courts stated timeframe

her actions are inexcusable and malicious.

## My email to Ms. Rasmussen dated July 6, 2020:

> "I **was worried about the July 8th deadline for a moti n if not medically
> able to participate with trial in September keeping in compliance with the
> Judge."(Exhibit D)**

Ms. Rasmussen's responded with a question as follows:

> **"I'm not sure what to tell the court, maybe request an extension of this deadline?"**

My email on July 8, 2020 responding to her question:

> **"Sorry for this delayed response. Yes I think it's best we ask for an extension at this point. We don't really have a choice."**

·Ms.Rasmussen's clear intention was to deceitfully force me to participate in a stressful trial against doctor's advice as evidenced by several letters; this also allowed her to create more billing hours even though she knew there was not a signed fee agreement to proceed with a costly trial. Additionally despite knowing my inability to pay which allowed her to deceptively seek unjust legal fees for a future lawsuit and a plan to sue me, hoping to prevail on a financial judgment against me that would allow her to attach my personal assets. Her behavior only demonstrates taking advantage of a most vulnerable client. Attorney's Ms. Wildeveld and Ms. Rasmussen intention from the begining was not to protect my best interest but only to enrich themselves.

The only time I was ever presented with a billing invoice was after the fact on October 2, 2020 almost 3 weeks after the trial concluded on September 10, 2020.

On September 10, 2020 Johnnie delivered $2000 to their office and reimbursed them for unforeseen out of pocket expenses such as the last minute

deposition transcript that Ms. Rasmussen ordered was expensive and other miscellaneous costs; he did not receive a receipt for this reimbursement. This same day he emailed Ms. Rasmussen to confirm that she received the envelope that contained the money, she did reply confirming such. However, Ms. Rasmussen deceptively demonstrates on her proof of claim the supposedly missed monthly payments and continues to intentionally misrepresent the reimbursement as a monthly payment or the continuation of a monthly payment to fit her narrative that I failed to make monthly payments.

On October 2, 2020 I received n email from Jessica Malone, Wildeveld's Legal Assistant with an attached Invoice number 196 requesting amount due upon receipt. I was blindsided by this invoice due to the fact that neither Ms. Rasmussen nor Ms. Wildeveld ever discussed their additional fees with me. I quickly glanced at the invoice and discovered several discrepancies referencing their rate $600 and $650 per hour. I immediately called Ms. Malone and asked her to clarify their hourly rate and explained the invoice was showing conflicting rates. I also requested a copy of the flat fee agreement/document that I signed, she stated that she would inform Ms. Rasmussen of the discrepancies and my request for a copy of the signed document that they are leaning on to

substantiate the billing Invoice.  Ms. Malone stated she would check with Ms.

Rasmussen and get back to me.

Finally almost 3 weeks later on October 21, 2020@4:47p I received a voice

mail from,Ms. Malone as follows:

> "Good afternoon this is Jessica calling from the law office of Kristina
> Wildeveld I'm giving you a call back regarding our previous conversation·
> regarding your last invoice um just want to give you an update so there was
> a discrepancy all should read I think 600 um and Ms. Rasmussen was going
> to have that corrected and then forward me a corrected invoice with all the
> correct payments I think the 650 was an error they should all read 600 is
> what I think I understood and then her secretary is suppose also send me a
> copy of the fee agreement once I get that and the corrected invoice I will be
> sending you both of those I just wanted to circle back that we did look into
> it if you have any questions please feel free to give me a call back our
> number is 7022220007 7022220007 thanks so much have a good day."

Then on October 26, 2020 I received a voice message@ 9:18am from

Martha calling on behalf of Ms. Wildeveld scheduling a meeting in her office for

October 27, 2020 at 10am. I did not respond.

I received another call from Martha the same day@ 3:50pm to confirm meeting

tomorrow at 10am. (these voice messages are available upon request)

Finally three·plus weeks later from my initial request on October 2, 2020 for

a copy of the fee agreement/document I signed and her hourly rate clarification I

received an email on October 26, 2020 late afternoon from Ms. Rasmussen with

attachment noted **"Revised Sept 29 Invoice.pdf"** and **"Hurst Fee Agreement.pdf"**

as follows:

> "Hi Tracy,
>
> I have fixed the billing entries that were listed at$650. Those were in error, my current hourly rate is $600. See the revised invoice attached hereto.
>
> Also, the retainer agreement is attached hereto. It indicates that we bill hourly, which is how we do hourly cases. Our hourly rates changes at the beginning of each year so we stat that it is our "current standard rates" as indicated.
>
> **And finally, I think you asked·if you are going to be billed to talk to both of us tomorrow No we have never billed you for that when you have met with both of us and we would not do that tomorrow.**
>
> **Look forward to talking to you. Lisa" (Exhibit** F)

Her revised Invoice number 206 reflects her adjustment showing $600 as her hourly rate. I was never informed throughout their entire representation or was ever discussed I was completely unaware of their hourly rate, hence not documented on their fee agreement this space was not filled in at the time I sjgned their generic document/fee agreement.

## THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES
### PROOF OF CLAIM #6 INVOICE NUMBER: 234 "EXHIBIT A" IS MISLEADING AND FILED IN BAD FAITH

Ms. Rasmussen in bad faith filed her proof of claim #6 evidencing

her January 5, 2021 billing invoice showing a balance owed totaling

$8400.00; for the Invoice period: 9-30-2020 through December 30,

2020. Her evidenced claim is deceptive and clearly does not reflect the same with the billing Invoice number 234 that she emailed to me on January 5, 2020; specificafly pages 4 & 5 that is filed in this case it is different from pages 4 & 5 that I received by email from Ms. Rasmussen on January 5,.2021. My copy of page 4 shows only one matter Castl vs PennyMac; however her page 4 she filed in this case reflects two matters Castl vs PennyMac and Castl vs GS, page 5 shows the same. Ms. Rasmussen's evidence marked as "Exhibit A" in her proof of claim the January 5, 2021billing Invoice no. 234 does not reflect the same that she provided me, her actions are clearly deceptive and contemplated. (Exhibit G billing invoices 196, 206 & 234 that were provided to me from Ms. Malone and Ms. Rasmussen)

Also her Proof of Claim #6 page 4 states **TRACY LEE HURST CASTL PAYMENTS** 2020, 2021, 2022, 2023 "NP-No Payment Made, P-Payment Made" then showing payment rnade in April 2020 and another in September 2020, they are intentionally and purposely misleading me and the court.  There is NO existing signed FEE AGREEMENT where I

agreed to make $2000 monthly payments from April 2020 through January 2023, this is fabricated and untrue.

Furthermore, I was completely ambushed with her first billing Invoice number 196_which I received from her employee Jessica on October 2, 2020 and to me being highly questionable, fraught with inconsistencies, showing hourly rate discrepancies. Then on October 26, 2020 almost 3 weeks later I received Ms. Rasmussen's Revised Invoice number 206.

Ms. Rasmussen's email to me dated October 26, 2020 states:

"Hi Tracy, I have fixed the billing entries that were listed at $650. Those were in error, my current hourly rate is $600. See the revised invoice attached hereto.
Also, the retainer agreement is attached hereto. It indicates that we bill hourly, which is how we do hourly cases. Our hourly rates changes at the beginning of e_ach year so we state that it is. our "current standard rates as indicated.
And finally, I think you asked if you are going to be billed to talk to both of us tomorrow. No, we never billed you for that when you have met with both of us and we would not do that tomorrow.
 ooking forward to talking to you.
Lisa" (Exhibit F)

On October 27, 2020 one day after receiving Ms. Rasmussen's

email is the first time that the billing Invoice was discussed in a

telephone conversation with Attorneys Wildeveld and Rasmussen in

their mission in seeking payment. During this conversation I

questioned their charges and discussed the chain of events leading up

to them ambushing me with their erroneous billing invoice and it is to

be noted that Attorneys Wildeveld and Rasmumssen never accused me

of falling behind on monthly.pc;1yments nor was there any discussion

about me missing 5 month's worth of $2000 in monthly payments. I

was shocked with their accusations of me promising to pay them from

my car accident settlement along with other untruthful"statements. I

was stunned and became non responsive, and in shock unable to

defend myself as their tone was sternly forceful, aggressive and both

bullying in nature. Attorney's Wildeveld and Rasmussen collectively

verbally and emotionally abused me in this conversation so much that I

was extremely traumatized, witnessed by Johnnie Castl; thereafter I

refused any further verbal communication or personal contact with

them or their office employees by phone or in-person.

Despite them being clearly aware from the onset of their

representation, me having zero financial means, and knowing I was

living on family contributions throughout my ongoing medical crisis to

present, they clearly knew that I lacked the ability to pay legal fees but

then without my knowledge deceptively continued to create further

billing hours through January_ 2023_.

Sometime in early December 2020 Ms. Rasmussen stated that she

could no longer represent me due to my outstanding balance.  On

December 18, 2020 I emailed Ms. Rasmussen the following:

> **"Hi Lisa, I'm  not surprised about the order; however I
> understand your position.  I request that you sign and file a
> Substitution of-Counsel to myself as I have no other choice than
> to proceed in Proper Person.**
>
> **Additionally I request that you provide me with copies of all**
> email communication or documents that you have pertaining to
> my case with Opposing Counsel, Court or any other third  party.

Please advise **Patty** and Kristina that my resources are exhausted at this time and actively seeking a solution aside health priorities."

Ms. Rasmussen response to email dated December 18, 2020 as

follows:

"Hi Tracy, The substitution of attorney is attached for your signature.

I will prepare the file for you. I will provide it to you in electronic format on a flash drive and we will let you know when it is ready for pickup. Please sign and return this substitution of attorney for me. Thank you, Lisa."

I signed the Substitution of Attorney that lacked a signature line, I

wrote in the signature line and signed, then returned to her by fax the

same day. On December 29, 2020 I received an email from Ms.

Rasmussen as follows:

"Substitution of Attorney Hi Tracy I still need your signature on the Substitution of Attorney, attached. And a reminder, your dE,adline to file a notice of appeal is Thursday, 12/31. I ,.vould . like to get the substitution of attorney filed prior to that, or tomorrow. Lisa"

On December 30, 2020 I respo ded to Ms. Rasmussen's email as·
follows:.

**I'Signed Substitution of Attorney -12/18/2020**
**Lisa, Yes I signed and faxed·to you on 12/18/20; however you did**
**not leave me a signature line so I wrote it in and signed it under**
**my information and faxed it to you on 12/18, see copy of fax and**
**confirmation below. I noticed on this new document there is a**
**signature line for me on the second page. Please check with**
**whoever handles your incoming faxes. Let me know. Thanks"**

Ms. Rasmussen response to email as follows:

**"Hi Tracy, Sorry for the onfusion of the sub _of attorney. I must**
**have sent you one without a signature line and did not intend**
**to. I also did not see a fax, so thank you for emailing me the**
**signature. I have filed it and a file stamped copy of attached/'**

However this January 5, 2021billing Invoice number 234 reflects
charges after December 18, 2020 through January 5, 2021 even though_
I signed and faxed the Substitution of Attorney back to her on
December 18, 2020.

Also their billing Invoice's 196 & 206 reflects that they started
billing me on April 9, 2020 prior to me signing their generic
document/flat fee agreement on April 14, 2020.

Additionally on their Proof of Claim no. 6, on page 8 and their page 4 of the billing invoice titled **Client Statement of Account as of 8-31-2021** which I was never provided reflects two matters first Castl vs GS with an assigned billing invoice number 252 which was withheld from me and the second matter being Castl vs PennyMac. Castl vs GS is the medical malpractice case showing that they were tracking billable hours in the amount of $6,886.30 even though it was agreed the case would be billed on a contingency fee. I was never aware or provided this billing invoice number 252 nor was I ever provided a withdrawal letter fr9m Attorney Wildeveld or Rasmussen.

However unbeknownst to me they failed to timely preserve the medical malpractice claim severely damaging my right to collect a well deserved financial settlement due to gross negligence for clear medical malpractice against the Cedar Sinai surgeons, despite them receiving co·rrespondence from the surgeon's insurance carrier, they purposely ignored and failed to respond to the Sr. Professional Liability Claims Specialist Ms. Kate LoCurto's request for additiona.l information

(Exhibit K).even though they created a separate account for the medical malpractice matter, they also sought and retained my medical records, it was possible having the legal knowledge and expertise with not much effort to attempt and negotiate a sizable financial settlement without having to file a lawsuit. Furthermore, without my knowledge the Wildeveld Law Firm deliberately sabotaged this case severely harming me emotionally and financially. With their 20 plus years experience of practicing law their actions *ate* blatant and considered to be gross negligence with contemplative intention to destroy me.

The second matter shows Castl vs. PennyMac, collectively agreeing to a flat fee of $5000 to only continue the trial date which was not difficult due to the Governors covid emergency orders referencing non essential trials and collectively with me in a medical crisis having excusable cause to postpone the trial.

Attorney's Ms. Wildeveld and Ms. Rasmussen never discussed trial fees with me nor did they present me with a fee agreement to sign addressing such. I was bullied and forced into a trial by Ms. Rasmussen;

in bad faith and without my knowledge she failed to notify the Judge as was requested evidenced by her email to me on May 5, 2020. As a legal professional having many years of experience she should have known that her last minute Motion to Continue Trial Date would be denied, her intention is clear she only was interested in creating additional work to accumulate more billable hours to inflate the balance, knowing I was unable to pay additional legal fees.

### THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES
### PROOF OF CLAIM #6
### GENERIC FEE AGREEMENT-DATED APRIL 14, 2020
### FILED IN THIS CASE AS "EXHIBIT B"

Firstly, their version of a fee agreement is a generic form document in nature, untitled and designed for a criminal case client. This agreement/document is extremely unprofessionaland not in line with legal professional standards; it is inadequate, inappropriate and its ambiguity seems purposeful. This document is intentionally designed to mislead a client and is open for nefarious alterations after execution. It grossly fails legitimacy in its entirety failing to outline or reflect their specific scope of work and also fails to

identify case or number, clearly lacks the actual mutually agreed upon terms for representation.

This proposed fee agreement/document was presented to me upon paying the first installment of $2500 on the agreed amount of a flat fee $5000 and the last installment was paid on April 20, 2020 as mutually agreed and promised. The receptionist asked me to fill o_ut my personal information and sign where shown. After filling out my personal information and paying the first installment of $2500 the receptionist noted the $2500 in the bottom right-hand corner of the document and gave me a paper receipt showing:

"date 4/14/20 No.071282 received from Tracy Hurst-Castl $2500.00 amount two thousand five hundred 00/100 for payment of Attorney fee"

**GENERIC DOCUMENT/FEE AGREEMENT FOR THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES FILED IN THEIR PROOF OF CLAIM # 6 EVIDENCED AS "EXHIBIT B"**

**THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES**

"CLIENT INFORMATION"

"STOP: OFFICE USE ONLY
Fees:_____(left blank) fixed, non-refundable FLAT FEE (this was crossed out and this was added: "S & d. ofc. hourly rates" (this was not crossed out or written in upon me signing at the bottom of the page and on the next line it states:

00026

**"The fee is to be paid as follows: $_    {left blank)initial retainer paid µp front; remaining balance  payable at a rate of at least $** "2000"(the 2000 was written in after I signed **it}per month commencing on** the **payment date indicated below."** (below fails to state what date the payment would start).

**"AGREEMENT FOR REPRI:SENTATION:** I HEREBY RETAIN KRISTINA WILDEVELD, **ESQ.  & ASSOCIATES {"Law Firm;') The Law Firm is hereby engaged to represent:** (left blank) **(client)** in **the above matter(s)..."**

**Retainer:$ 2,500.00** (written in by receptionist in front of me)
**Payment Dates:**
**1.___/___/ ____  monthly**

Note: payment dates were blank and "monthly" was handwritten in not in my presence, it was blank and not completed upon me signing the document.

Then it states **"remaining balance payable at a rate of at least $    per**

**month"** this was blank when I signed the document, the "2000" was obviously

hand written in, lacking my initials beside it, I believe this was unlawfully added

after the fact to substantiate the balance they claim I owe. I allege this document

was nefariously altered to fit their narrative of me owing them outstanding legal

fees.   I believe these actions were contemplated and intentional.

Additionally they failed to provide me a copy of the signed document at the

onset of their representation, only receiving a copy after I requested it from Ms.

Malone long after the Cast! vs. PennyMac trial concluded and upon receiving their

revised Invoice No. 206 on October 26, 2020 as evidenced by Ms. Rasmussen

email attachment dated the same.

00027

## THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES COMMITTED MANY ATTORNEY- CLIENT PRIVILAGE VIOLATIONS CONTINUALLY EXPOSING CONFIDENTIAL INFORMATION INCLUDING DEFLAMATION OF CHARACTER-COMMITING LIBEL AND SLANDEROUS ACTS AGAINST TRACY L. HURST CASTL

In conclusion as a most vulnerable client they intentionally took extreme advantage of my medical and mental disabilities 'causing me further harm using the most unethical tactics with an uncertain motive other than money. They broke their promise and breached their contract neglectingto uphold their fiduciary responsibility to properly protect and defend me.

Additionally, attorney-client privilege protects confidential communications between lawyers and their clients from being revealed. Attorneys are required to keep these communications secret; however, they purposely violated my privilege and ignored their ethical obligation to me as their client, exposing confidential communication on numerous occasions, despite knowing their tactics are clear violations and considered legal malpractice.

During their representation and while defending me they committed several HIPPA violations when filing certain motions in the Castl vs. Pennymac civil case purposely failed to redact personal information, exposing a complete set of my hospital and medical records from a prior hospital stay that I provided Ms.

Rasmussen for use in the medical malpractice case. However, Ms. Rasmussen felt it necessary to utilize my private medical records in the civil case despite having surgeon letters to validate her augment to prevail on a motion to continue trial date, which ultimately failed because her filing was untimely and she failed purposely ignoring the Judges prior request.

On February 23, 2021 The Law Offices of Kristina Wildeveld & Associates filed a lawsuit against me, knowingly used false allegations Of FRAUD, BREACH OF CONTRACT, UNJUST ENRICHMENT, and INTENTIONAL MISREPRESENTATION to purposely and maliciously defame my character committing many acts of libel and slander. Their unlawful-and cruel actions against me have severely damaged my reputation by purposely filing these false allegations in a public forum, knowing that their accusations are untrue.

The Law Offices of Kristina Wildeveld & Associates demonstrated such gross negligence when they failed to file a timely medical malpractice complaint and failed to advise me otherwise causing me extreme anguish and emotional duress. Because of all the stated facts evidenced herein THE LAW OFFICES OF KRISTINAWILDEVELD & ASSOCIATES PROOF OF CLAIM #6 SHOULD BE REJECTED, DENIED AND DEEMED INVALID DUE TO INTENTIONAL MALICIOUS

MISREPRESENTATION AND FRAUDULENTLY ALTERING A SIGNED

DOCUMENT AFTER EXECUTION.

Lastly, on March 20, 2023, I memorialized my intent to file a legal malpractice

complaint against The LAW OFFICES OF KRISTINA WILOEVELD & ASSOCIATES as

stated on "Official Form 106A/B, Schedule A/B: Property, Part 4,". In this

bankruptcy case.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND

CORRECT.

DATED: This day of 8th July 2023.

_Tracy Lee Hurst Castl_

Tracy Lee Hurst-Castl